TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
**RAPHAEL METZGER**
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
RAPHAEL METZGER, ESQ., SBN 116020
SCOTT P. BRUST, ESQ., SBN 215951
401 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA 90802-4966
TELEPHONE: (562) 437-4499
TELECOPIER: (562) 436-1561

RICHARD TOSHIYUKI DRURY, ESQ. SBN 163559
LOZEAU DRURY LLP
1939 HARRISON ST., SUITE 150
OAKLAND, CA 94612-3507
TELEPHONE: (510) 836-4200
TELECOPIER: (510) 836-4205

Attorneys for Proposed Intervenor-Defendant
COUNCIL FOR EDUCATION AND
RESEARCH ON TOXICS ("CERT")

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

12

13

14

15

16

17

18

19

20

21

22

| | |
|---|---|
| CALIFORNIA CHAMBER OF COMMERCE, )<br><br>Plaintiff, )<br><br>vs. )<br><br>XAVIER BECERRA, IN HIS OFFICIAL )<br>CAPACITY AS ATTORNEY GENERAL OF )<br>THE STATE OF CALIFORNIA. )<br><br>Defendant. )<br>_____ ) | Civil No. 2:19-cv-02019-KJM-EFB<br><br>**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RAPHAEL METZGER**<br><br>DATE: November 22, 2019<br>TIME: 10:00 a.m.<br>ROOM: 3 (15th Floor)<br>JUDGE: Kimberly A. Mueller |

23

24

25

26

27

28

---

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

# TABLE OF CONTENTS

**PAGE**

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1.    PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT . . . . . . . . . 3

2.    STATEMENT OF RELEVANT FACTS AND PROCEEDINGS . . . . . . . . . . . . . 4

        A.    Intervenor, Council for Education and Research on Toxics (CERT) . . . . . 4

        B.    The California Office of Environmental Health Hazard
              Assessment's Determination of the Human Risk of Cancer from
              Acrylamide in Coffee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        C.    The *CERT v. Starbucks* Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

3.    THE FEDERAL ANTI-INJUNCTION ACT PROHIBITS THIS COURT
       FROM GRANTING THE INJUNCTION THAT CAL CHAMBER SEEKS
       HEREIN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

4.    CAL CHAMBER'S COMPLAINT ALLEGING VIOLATION OF THE
       FIRST AMENDMENT IS ALSO BARRED BY THE *ROOKER-FELDMAN*
       DOCTRINE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

5.    THE CASE SHOULD BE DISMISSED PURSUANT TO *YOUNGER*
       *V HARRIS*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

6.    THE CASE SHOULD BE DISMISSED PURSUANT TO *COLORADO RIVER*. 18

7.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

DECLARATION OF RAPHAEL METZGER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
**RAPHAEL METZGER**
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4996

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

i

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION
AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b);
MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Aktinson-Bird v. Utah, Division of Child & Family Services*
   92 F. App'x 645, 647 (10th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*American Beverage Association v. City and County of San Francisco*
   916 F.3d 749 (9th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7, 20

*Anderson v. State of Oregon*
   560 Fed.Appx. 671 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*ASAP Copy and Print v. Brown*
   646 Fed.Appx. 495, 498 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*
   398 U.S. 281, 287 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Benavidez v. Eu*
   34 F.3d 825, 832 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Bianchi v. Rylaarsam*
   334 F.3d 895, 898 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Burford v. Sun Oil Company*
   319 U.S. 315 (1943) ["Burford abstention"] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*CERT v. OEHHA et al.*
   LASC Case No. BC 721153 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*CERT v. Starbucks Corporation, et al.*
   Los Angeles Superior Court Case No. BC 435759 . . . . . . . . . . 1, 3, 5, 8, 11, 13-15, 18, 19

*Charchenko v. City of Stillwater*
   47 F.3d 981, 983 (8th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Chick Kam Choo v. Exxon Corp.*
   486 U.S. 140, 147 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Church of Scientology International v. Laura Decrescenzo*
   2018 WL 6016917 at *4 (C.D. Cal. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Colorado River Water Conservation District v. United States*
   424 U.S. 800 (1976) ["Colorado River abstention"] . . . . . . . . . . . . . . . . . . . . . 1, 18, 20

*Cooper v. Ramos*
   704 F.3d 772 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Doe & Associates Law Offices v. Napolitano*
   252 F.3d 1026, 1030 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

*Doran v. Salem Inn, Inc.*
  422 U.S. 922, 928 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*El Rescate legal Services, Inc. v. Executive Office of Immigration Review*
  959 F.2d 742, 748 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Evans v. Brown*
  647 Fed.Appx. 678, 678 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Fair Housing of Marin v. Combs*
  285 F.3d 899, 905 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Fedex Ground Package System, Inc., v. Ingenito*
  86 F.Supp.3d 1121 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Fontana Empire Center, LLC v. City of Fontana*
  307 F.3d 987 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Gilbertson v. Albright*
  381 F.3d 965, 970 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Gold Coast Search Partners LLC v. Career Partners, Inc.*
  2019 WL 4305540 at *4 (N.D. Cal. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gregory v. Fresno County*
  2018 WL 4262232 (E.D. Cal. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Halajian v. Index West, LLC*
  2012 WL 1969131 at *3 (E.D. Cal. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Havens Realty Corporation v. Coleman*
  455 U.S. 363, 379 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Henderson v. United States*
  (2013) 133 S.Ct. 1121 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Herrera v. City of Palmdale*
  918 F.3d 1037, 1043 (9th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Hicks v. Miranda*
  422 U.S. 332, 348 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Holder v. Holder*
  305 F.3d 854, 870 (9th Cir.2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Holt v. Lake County Board of Commissioners*
  408 F.3d 335, 336 (7th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ignacio v. Judges of United States Court of Appeals for Ninth Circuit*
  453 F.3d 1160, 1165 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jensen v. Ferguson*
  2014 WL 4674158 at *4 (W.D. Wa. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

iii

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION
AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b);
MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

*Kihagi v. City of San Francisco*
2016 WL 5682575 (N.D. Cal. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Kougasian v. TMSL, Inc.*
359 F.3d 1136, 1139 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*
624 F.3d 1083, 1088 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Lance v. Dennis*
546 U.S. 459 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Long v. Shorebank Development Corporation*
182 F.3d 548, 557 (7th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*McDowell v. State of California*
564 Fed.Appx. 296, 297 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*
457 U.S. 423, 432 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Monster Beverage Corp. v. Herrera*
2013 WL 12131740 (C.D. Cal. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Mothershed v. Justices of Supreme Court*
410 F.3d 602, 606 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Murphy v. Townsend*
69 Fed.Appx. 847, 849 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Nair v. Copeland*
2019 WL 4643709 at *2 (W.D. Wa. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Nat'l Inst. of Family & Life Advocates v. Becerra*
138 S.Ct. 2361 (2018) (NIFLA) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

*Patera v. Citibank, N.A.*
698 Fed.Appx. 468, 469 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Pellegrini v. Fresno County*
742 Fed.Appx. 209, 210 (9th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*People v. Clayburg*
(2012) 211 Cal.App.4th 86 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*People v. Saunders*
(1993) 5 Cal.4th 580 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*People v. Williams*
(1999) 77 Cal.App.4th 436 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Potrero Hills Landfill, Inc. v. County of Solano*
657 F.3d 876, 884 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION
AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b);
MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

*Public Citizen, Inc. V. Mukasey*
  2008 WL 4532540 at *5 (N.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*R.R. Street & Co., Inc. v. Transportation Insurance Co.*
  656 F.3d 966, 978–79 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Railroad Commission v. Pullman* Company
  312 U.S. 496 (1941) ["Pullman abstention"] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*
  754 F.3d 754, 759 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Reusser v. Wachovia Bank, N.A.*
  525 F.3d 855, 859 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sandpiper Village Condominium Association Inc. v. State of Minnesota*
  428 F.3d 831, 842 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Smith v. Bayer Corp.*
  564 U.S. 299 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Smith v. Pacific Properties and Development Corporation*
  358 F.3d 1097, 105 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Thomas v. Zelon,*
  2017 WL 6017343 at *7 (C.D. Cal. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Woodfeathers, Inc. v. Washington County*
  180 F.3d 1017, 1021 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Worldwide Church of God v. McNair*
  805 F.2d 888, 890-891 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Yakus v. United States*
  (1944) 321 F.S. 414 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Younger v. Harris*
  401 U.S. 37 (1971) ["Younger abstention"] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 16, 20

## STATUTES

28 U.S.C. § 1257 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 2283 (Anti-Injunction Act) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Health & Saf. Code § 25249.10(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Cal. Health & Safety Code § 25249.7(d)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
**RAPHAEL METZGER**
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

v

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION
AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b);
MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

TO THE HONORABLE COURT, TO THE PARTIES HERETO, AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 22, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the United States District Court for the Eastern District of California, in the Robert T. Matsui United States Courthouse, located at 501 "I" Street, Sacramento, CA 95814, Intervenor, Council for Education and Research on Toxics, will move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), for an order dismissing the present action.

This motion will be made on the following grounds:

1.      This action seeks to enjoin ongoing proceedings in the case of *Council for Education and Research on Toxics v. Starbucks, et al.,* Los Angeles Superior Court Case No. BC 435759, in violation of the federal Anti-Injunction Act, 28 U.S.C. § 2283.

2.      This action violates the *Rooker-Feldman* doctrine, which derives from 28 U.S.C. § 1257, because it constitutes a *de facto* appeal of the decision rendered by the Los Angeles Superior Court in *Council for Education and Research on Toxics v. Starbucks, et al.,* Los Angeles Superior Court Case No. BC 435759, filed September 9, 2015, adjudging the First Amendment Defense in favor of the Council for Education and Research on Toxics (the Plaintiff in that action) and against the Defendants in that action (approximately 85 coffee roasters and retailers, many of whom are members of the California Chamber of Commerce, the purported representational plaintiff in this action).

In the alternative, Intervenor, Council for Education and Research on Toxics, will move the Court to abstain from proceeding with this action pursuant to those abstention doctrines recognized by the United States Supreme Court in the cases of *Younger v. Harris,* 401 U.S. 37 (1971) ["Younger abstention"]; *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ["Colorado River abstention"]; *Railroad Commission v. Pullman* Company, 312 U.S. 496 (1941) ["Pullman abstention"]; and *Burford v. Sun Oil Company,* 319 U.S. 315 (1943) ["Burford abstention"].

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

In the alternative, Intervenor, Council for Education and Research on Toxics, will move the Court to abstain from proceeding with this action pursuant to the federal common law of comity.

These motions will be based upon this Notice, upon the Memorandum of Points and Authorities attached hereto, the Declaration of Raphael Metzger and supporting exhibits concurrently filed herewith, upon the pleadings and papers on file herein, upon all matters of which the Court may properly take judicial notice, and upon such evidence and argument as may be presented at the hearing of these motions.

DATED:  October 16, 2019

METZGER LAW GROUP
A Professional Law Corporation


RAPHAEL METZGER, ESQ.
Attorneys for Intervenor
COUNCIL FOR EDUCATION AND
RESEARCH ON TOXICS ("CERT")

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION
AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b);
MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEAD\MOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT

Intervenor moves the court to dismiss this action based on the following facts:

1.     For the past decade CERT successfully litigated two consolidated Proposition 65 cases in Los Angeles Superior Court against about 85 coffee roasters and retailers, many of which are members of the California Chamber of Commerce.   (*CERT v. Starbucks Corporation, et al.,* Los Angeles Superior Court Case No. BC 435759).  In the Fall of 2014 the Honorable Elihu M. Berle tried the Defendants' First Amendment Defense and, on September 9, 2015 issued a Statement of Decision, adjudging Defendants' First Amendment Defense in favor of CERT and against all the Defendants.

2.     The Defendants in the *CERT v. Starbucks* case sought review of the adverse decision against them on their First Amendment defense by way of petition for writ of mandate in the California Court of Appeal, which duly considered their petition, but denied it for lack of merit.

3.     In the summer of 2018, the Defendants in the *CERT v. Starbucks* case made a motion to renew/reopen the trial of the First Amendment Defense based on the Supreme Court's decision in *Nat'l Inst. of Family & Life Advocates v. Becerra*, 138 S.Ct. 2361 (2018) (NIFLA).  Judge Berle carefully considered Defendants' motion, but denied Defendants' motion to renew/reopen.

4.     The Defendants in the *CERT v. Starbucks* case then filed another petition for writ of mandate, seeking review of Judge Berle's decision denying their motion to renew/reopen the trial of their First Amendment Defense.  The Court of Appeal issued a temporary stay of proceedings, but after CERT filed a brief informing the court of the new *en banc* decision of the Ninth Circuit in *American Beverage Association v. City and County of San Francisco*, 916 F.3d 749 (9th Cir. 2019), the Court of Appeal vacated its temporary stay and allowed Judge Berle to resume proceedings and trial of the case.

5.     Cal Chamber's complaint seeking to enjoin enforcement proceedings constitutes a collateral attack on Judge Berle's decision. The Anti-Injunction Act prohibits federal courts from enjoining proceedings in the state court cases and the *Rooker-Feldman* doctrine prohibits federal courts from reviewing decisions of subordinate state courts, so Cal Chamber's case should be dismissed.

6.     In the alternative, if the Court has subject matter jurisdiction, this Court should nevertheless dismiss this case pursuant to the *Younger* and *Colorado* abstention doctrines.

3

F:\WP\Cases\188\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 2.   STATEMENT OF RELEVANT FACTS AND PROCEEDINGS

### A.   Intervenor, Council for Education and Research on Toxics (CERT)

The Council for Education and Research on Toxics (CERT) is a public benefit organization whose primary charitable purposes are education and research regarding toxic substances. Founded by two University of California professors in 2001, CERT is a unique non-governmental organization: its officers and directors serve without compensation and, maintaining a low overhead, virtually every dollar that CERT receives by way of contributions, successful Proposition 65 litigation, and *cy pres* awards, is disbursed in the form of research and education grants, mostly to research scientists and students within the University of California system. CERT has filed amicus curiae briefs in California appellate courts, the California Supreme Court, federal appellate courts, and the U.S. Supreme Court.

In 2002 Swedish researchers discovered that the potent carcinogen and neurotoxin acrylamide is present at high levels in many cooked foods, prompting the European Food Safety Authority (EFSA) to declare acrylamide in food a "major public health concern." Since approximately 40% of Americans develop cancer and scientists attribute a like percentage of human cancers to carcinogens in the human diet, CERT decided to devote its efforts and resources to remedying the major public health problem of acrylamide in the human diet. Thus, in late 2002 CERT filed the first case to enforce Proposition 65 regarding acrylamide in french fries sold in fast food restaurants. CERT's counsel co-litigated that case and another case regarding acrylamide in potato chips with the California Attorney General. Those cases were both successful and resulted in the entry of consent judgments in Los Angeles Superior Court, conferring substantial benefits to California consumers. In the former case, french fry manufacturers agreed to provide cancer hazard warnings informing consumers of the acrylamide cancer hazard and in the latter case, potato chip manufacturers reduced acrylamide levels in potato chips in lieu of providing cancer hazard warnings – the best result for public health, since removing carcinogens from food reduces the cancer burden, whereas cancer hazard warnings merely inform consumers that certain foods present significant cancer hazards, so they can make informed choices about purchasing foods and thereby reduce their individual risks of cancer.

4

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION
AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b);
MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4986

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1
2
3

**B.     The California Office of Environmental Health Hazard Assessment's Determination of the Human Risk of Cancer from Acrylamide in Coffee**

In March 2005, the California Office of Environmental Health Hazard Assessment (OEHHA) published a report titled "Characterization of Acrylamide Intake from Certain Foods," available online at OEHHA's website at https://oehha.ca.gov/media/downloads/crnr/acrylamideintakereport.pdf. This report determined that all coffee drinkers have a significantly increased risk of cancer from acrylamide in coffee, i.e., the No Significant Risk Level (NSRL) for exposure to acrylamide from consumption of coffee was exceeded not only for heavy coffee drinkers, but also for average and even light consumers. This report, by the agency responsible for implementation of Proposition 65, clearly informed coffee roasters and retailers that they were exposing Californians to acrylamide in excess of the NSRL. Nevertheless, the entire coffee industry failed and refused to provide legally required cancer warnings. Accordingly, CERT determined it would be necessary to sue the coffee industry to force it to comply with Proposition 65 to protect the health of California coffee consumers (about 2/3 the population).

**C.     The *CERT v. Starbucks* Litigation**

In 2010 CERT initiated litigation against the coffee industry regarding acrylamide in coffee (*CERT v. Starbucks, et al.,* Los Angeles Superior Court Case No. BC 435759), with the goal of persuading coffee roasters to reduce acrylamide levels in coffee – the largest source of acrylamide in the adult diet. The litigation involves two consolidated cases against approximately 85 coffee roasters and retailers, most of which are members of the National Coffee Association, the California Grocers Association, and the California Chamber of Commerce. The consolidated cases were assigned to the Honorable Elihu M. Berle in the Complex Litigation Department of the Los Angeles Superior Court.

In its complaint CERT asserted a single cause of action for violation of the Safe Drinking Water and Toxic Enforcement Act of 1986, commonly known as Proposition 65. The complaint sought no damages, but rather sought an injunction enjoining Defendants from continuing to violate Proposition 65, as well as civil penalties for violating California law (3/4 of civil penalties are paid to OEHHA).

5

F:\WP\Cases\188\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1    The Defendants answered the complaint, asserting two statutory defenses and two constitutional

2    defenses - "False Compelled Speech" in violation of the First Amendment, and federal preemption.

3    In the Fall of 2014, Judge Berle tried the Defendants' No Significant Risk Level and their

4    constitutional defenses and, on September 9, 2015, issued his Phase 1 Statement of Decision, adjudging

5    Defendants' First Amendment Defense in favor of CERT and against all Defendants. (Exhibit "B")

6    The Defendants sought review of the adverse decision against them on their First Amendment

7    defense by way of petition for writ of mandate in the California Court of Appeal, which carefully

8    considered their writ petition, but ultimately denied the petition for lack of merit. (Exhibit "C")

9    In the Spring of 2016 CERT filed motions for summary adjudication of its prima facie case,

10    which Judge Berle granted against the Roasters (Exhibit "D") as well as the Retailers. (Exhibit "E")

11    In 2017 Defendants 7-Eleven, BP West Coast Products, and Yum Yum Brands, all represented

12    by Trenton Norris of Arnold & Porter (counsel for the California Chamber of Commerce in the present

13    case) – entered into settlements with CERT that were approved by the Attorney General and that were

14    entered as Consent Judgments by Judge Berle. (Exhibits "N" to "P") These judgments are now final.

15    In the Fall of 2017 Judge Berle tried Defendants' last affirmative defense, their "Alternative

16    Risk Level" defense and, on May 9, 2018, issued a Phase 2 Statement of Decision, adjudging

17    Defendants' last affirmative defense in favor of CERT and against all Defendants. (Exhibit "Q")

18    In the summer of 2018, the Defendants filed a motion to renew and reopen the trial of their First

19    Amendment Defense based on the Supreme Court's decision in *Nat'l Inst. of Family & Life Advocates*

20    *v. Becerra*, 138 S.Ct. 2361 (2018) (NIFLA). (Exhibit "R")  Judge Berle carefully considered

21    Defendants' motion, but denied it on the merits in a thoughtful, well-reasoned decision. (Exhibit "S")

22    The Defendants then filed a second petition for writ of mandate, seeking review of Judge

23    Berle's decision denying their motion to renew/reopen the trial of their First Amendment Defense.  In

24    response to that petition, the Court of Appeal issued a temporary stay of proceedings on the eve of the

25    remedies trial (Exhibit "T"), but after CERT filed a brief informing the court of the new *en banc*

26    decision of the Ninth Circuit in *American Beverage Association v. City and County of San*

27    *Francisco*, 916 F.3d 749 (9th Cir. 2019), the Court of Appeal vacated its temporary stay, allowing Judge

28    Berle to resume proceedings and to finish trial of the case. (Exhibit "U")

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION
AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b);
MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

The day after Judge Berle announced his tentative Phase 2 decision, a lobbyist for the California Grocers Association (acting on behalf of the coffee industry), lobbied Governor Brown to come to the industry's rescue.  In June 2018, shortly after a meeting of high-ranking officials from CalEPA, OEHHA, and the Governor's Office in the Governor's conference room, OEHHA proposed a regulation to nullify Judge Berle's decision. On June 3, 2019, OEHHA adopted 27 CCR 25704, which purports to declare that carcinogens in coffee do not present a significant risk of cancer - disregarding the agency's own findings in its 2005 report.  CERT discovered the unlawful provenance of the regulation through Public Records Act requests and by filing an action against OEHHA, the Governor, the Attorney General, and CalEPA for violation of the California Public Records Act.  (*CERT v. OEHHA et al.,* LASC Case No. BC 721153).   Mr. Norris filed a motion to intervene in that case on behalf of the National Coffee Association, yet another trade association that he represents.

In addition to lobbying Governor Brown to intercede on its behalf, the coffee industry lobbied Congress and the Senate to adopt the so-called "Accurate Labels Act" (S. 3019/H.R. 6022), which would have had the effect of preempting all Proposition 65 litigation.  These bills were unsuccessful.

In the summer of 2019, Defendants filed motions for leave to amend their answers to assert the regulation as a new affirmative defense. Judge Berle granted these motions and ordered the parties to file a joint case management report.  In that report, CERT identified 14 grounds why OEHHA's new regulation is invalid and unenforceable. CERT will soon be filing motions for summary adjudication to establish the invalidity of the new regulation and Defendants' new defense based on the regulation.

Concerned that OEHHA's new regulation is invalid and unenforceable and that the federal legislation for which it lobbied to preempt Judge Berle's decision was unsuccessful, the coffee industry (represented by Trenton Norris of Arnold Porter using his other organizational client, the California Chamber of Commerce), filed the present action seeking a preliminary injunction enjoining all enforcement regarding acrylamide in food, to surreptitiously enjoin Judge Berle from completing trial of the *CERT v. Starbucks* case. While mentioning the *CERT v. Starbucks* case in ¶¶ 45 and 47 of Cal Chamber's complaint, in gross violation of Rule 11, Mr. Norris failed to inform this court that his firm tried and lost the First Amendment defense in that case, unsuccessfully sought to reopen that defense, and filed two writ petitions to overturn Judge Berle's decision, both of which were unsuccessful.

7

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

### 3.   THE FEDERAL ANTI-INJUNCTION ACT PROHIBITS THIS COURT FROM GRANTING THE INJUNCTION THAT CAL CHAMBER SEEKS HEREIN

"The AIA [Anti-Injunction Act] limits the All Writs Act, and provides that '[a] court of the United States may not grant an injunction to stay proceedings in a State Court *except* [1] as expressly authorized by [an] Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments.'" *Church of Scientology International v. Laura Decrescenzo*, 2018 WL 6016917 at *4 (C.D. Cal. 2018), quoting 28 U.S.C. § 2283 (emphasis added).

"The limitations expressed in the Anti-Injunction Act '[rest] on the fundamental constitutional independence of the States and their courts.'" *Church of Scientology, supra,* quoting *Sandpiper Village Condominium Association Inc. v. State of Minnesota*, 428 F.3d 831, 842 (9th Cir. 2005), quoting *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287 (1970). "The Act broadly commands that those tribunals 'shall remain free from interference by federal courts.'" *Smith v. Bayer Corp.*, 564 U.S. 299, 306, quoting *Atlantic Coast Line, supra,* 398 U.S. at 282.

"That edict is subject to only 'three specifically defined exceptions.'" *Id.,* at 286. "And those exceptions, though designed for important purposes, 'are narrow and are 'not [to] be enlarged by loose statutory construction.'" *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988), quoting *Atlantic Coast Line, supra,* 398 U.S. at 287. "Any doubts as to the propriety of a federal injunction against stat court proceedings should be resolved in favor of permitting the state courts to proceed." *Id.*, at 297.

None of the three statutory exceptions applies in this case. The first exception does not apply, because Congress has not expressly authorized federal injunctions against Proposition 65 cases. The second exception dos not apply because the present case is not an *in rem* action or an *in personam* action that is similar to an *in rem* action in which an injunction could be necessary for the court to preserve its jurisdiction. *Gold Coast Search Partners LLC v. Career Partners, Inc.,* 2019 WL 4305540 at *4 (N.D. Cal. 2019). Lastly, the third exception doesn't apply  because no judgment has issued from this court that could require protection by injunctive relief. "The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Chick Kam Choo, supra*, 486 U.S. at 147. Since none of the statutory exceptions are satisfied, this court is prohibited from issuing the requested preliminary injunction.

8

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

### 4. CAL CHAMBER'S COMPLAINT ALLEGING VIOLATION OF THE FIRST AMENDMENT IS ALSO BARRED BY THE *ROOKER-FELDMAN* DOCTRINE

Federal courts are courts of limited jurisdiction. No provision of the U.S. Constitution, the federal Judiciary Act, or Title 28 of the United States Code authorizes federal district courts to retry adverse decisions rendered against state court litigants or to review state court judgments.

Pursuant to the *Rooker-Feldman* doctrine, "a federal district court has 'no authority to review the final determinations of a state court . . . even when the challenge to the state court decision involves federal constitutional issues." *Jensen v. Ferguson,* 2014 WL 4674158 at *4 (W.D. Wa. 2014), citing *Worldwide Church of God v. McNair*, 805 F.2d 888, 890-891 (9th Cir. 1986); *see also Ignacio v. Judges of United States Court of Appeals for Ninth Circuit,* 453 F.3d 1160, 1165 (9th Cir. 2006) (noting that the *Rooker-Feldman* doctrine also bars constitutional claims that are "inextricably intertwined" with a *de facto* forbidden appeal).

"[T]he *Rooker-Feldman* doctrine applies to final state court orders and judgments, as well as a state court's interlocutory orders and non-final judgments." *Thomas v. Zelon,* 2017 WL 6017343 at *7 (C.D. Cal. 2017), citing *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (holding the *Rooker-Feldman* doctrine bars review of interlocutory state court decisions) and *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986) (stating that the *Rooker-Feldman* doctrine "should apply to state judgments even though state court appeals are not final.")

In *Cooper v. Ramos*, 704 F.3d 772 (9th Cir. 2012), the Ninth Circuit explained the *Rooker-Feldman* doctrine as follows:

> The *Rooker-Feldman* doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts. Congress, in 28 U.S.C. § 1257, vests the United States Supreme Court, not the lower federal courts, with appellate jurisdiction over state court judgments. *Lance v. Dennis*, 546 U.S. 459, 563, 126 S.Ct. 1198, 163 L.d.2d 1059 (2006) (per curiam). Accordingly, "[r]eview of such judgments may be had only in [the Supreme] Court." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the "de facto equivalent" of such an appeal. *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003).

*Cooper v. Ramos, supra,* 704 F.3d at 777.

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

9

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

"Where the parties do not directly contest the merits of a decision by the state court, the *Rooker-Feldman* doctrine may also apply as it 'prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Reusser v. Wachovia Bank, N.A.,* 525 F.3d 855, 859 (9th Cir. 2008), quoting *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139 (9th Cir. 2004).

"A federal action constitutes such a *de facto* appeal where 'claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling . . . ." *Reusser, supra,* 525 F.3d at 859, quoting *Bianchi v. Rylaarsam,* 334 F.3d 895, 898 (9th Cir. 2003). "Under these circumstances, 'the district court is in essence being called upon to review the state court decision.'" *Reusser, supra,* 525 F.3d at 859 (quoting *Feldman,* 460 U.S. at 482 n. 16).

In *Fontana Empire Center, LLC v. City of Fontana* , 307 F.3d 987 (9th Cir. 2002), the Ninth Circuit held that claims asserted in federal court are inextricably intertwined with a state court action where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Id.,* at 992, quoting *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir. 1995); *Pellegrini v. Fresno County,* 742 Fed.Appx. 209, 210 (9th Cir. 2018); *Patera v. Citibank, N.A.,* 698 Fed.Appx. 468, 469 (9th Cir. 2017); *Evans v. Brown* 647 Fed.Appx. 678, 678 (9th Cir. 2016); *ASAP Copy and Print v. Brown,* 646 Fed.Appx. 495, 498 (9th Cir. 2016); *McDowell v. State of California,* 564 Fed.Appx. 296, 297 (9th Cir. 2014); *Anderson v. State of Oregon* , 560 Fed.Appx. 671 (9th Cir. 2014); *Cooper v. Ramos,* 704 F.3d 772, 779 (9th Cir. 2012); *Halajian v. Index West, LLC,* 2012 WL 1969131 at *3 (E.D. Cal. 2012); *Murphy v. Townsend,* 69 Fed.Appx. 847, 849 (9th Cir. 2003).

In the Prayer for Relief in its Complaint, Cal Chamber seeks "[p]reliminary and permanent injunctions prohibiting . . . private enforcers of Proposition 65 under Cal. Health & Safety Code § 25249.7(d), from enforcing or threatening to enforce the Proposition 65 warning requirements for cancer with respect to acrylamide in food products intended for human consumption." This court should dismiss Cal Chamber's complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, because "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Fontana Empire Center, supra,* 307 F.3d at 992.

10

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
**RAPHAEL METZGER**
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1    Cal Chamber may argue that its complaint should not be dismissed, claiming that it asserts a

2  violation of its civil rights.  However, the complaint does not allege a cause of action under 42 U.S.C.

3  § 1983, and "a litigant may not attempt to circumvent the effect of *Rooker-Feldman* and seek a reversal

4  of a state court judgment simply by casting the complaint in the form of a civil rights action." *Nair v.*

5  *Copeland,* 2019 WL 4643709 at *2 (W.D. Wa. 2019), quoting *Holt v. Lake County Board of*

6  *Commissioners*, 408 F.3d 335, 336 (7th Cir. 2005) (internal quotation marks and citation omitted)*Long*

7  *v. Shorebank Development Corporation*, 182 F.3d 548, 557 (7th Cir. 1999); *Atkinson-Bird v. Utah,*

8  *Division of Child & Family Services*, 92 F. App'x 645, 647 (10th Cir. 2004) ["It is well-settled . . . that

9  an unsuccessful state litigant cannot challenge an adverse state judgment and circumvent the rule of

10  *Rooker-Feldman* simply 'by bringing a constitutional claim under [the civil rights statutes]."

11    Cal Chamber may also argue that pursuant to the Supreme Court's decision in *Lance v. Dennis,*

12  546 U.S. 459 (2006), its complaint cannot be dismissed pursuant to the      *Rooker-Feldman* doctrine

13  because Cal Chamber is a different entity than the coffee roasters and retailers that are the defendants

14  in the *CERT v. Starbucks* case.  While it is true that the California Chamber of Commerce and the

15  coffee roasters and retailers are legally distinct entities, it is equally true that it is only Cal Chamber's

16  **members** as opposed to Cal Chamber itself that is alleged to be injured by Proposition 65 warnings.

17  Since Cal Chamber filed this action in its representational/associational capacity on behalf of its

18  members, rather than in its own organizational capacity, the identical party limitation that the Supreme

19  Court imposed on the *Rooker-Feldman* doctrine in *Lance, supra,* does not apply here, because it is Cal

20  Chamber's **members** who are coffee roasters and retailers on whose behalf it filed this action and those

21  entities are indeed the same entities that are some of the defendants in the *CERT v. Starbucks* case.

22    Of course, to bring its case in federal court, Cal Chamber must satisfy standing requirements.

23  An entity can bring suit on its own behalf, in which case it must satisfy requirements for

24  "organizational standing," or it can bring suit on behalf of its members, in which case it must satisfy

25  requirements for "associational" or "representational standing."  See, generally, *Public Citizen, Inc.*

26  *V. Mukasey*, 2008 WL 4532540 at *5 (N.D. Cal. 2008).

27    In the present case, Cal Chamber filed its complaint alleging "impact" (i.e. injury) to its

28  members, but alleging no injury to itself.  See paragraph 12 of Cal Chamber's Complaint, wherein it

11

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION
AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b);
MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

alleges that "so many of its members are directly impacted by Proposition 65," but which alleges no injury, harm, or "impact" to Cal Chamber itself.

"An organization suing on its own behalf can establish an injury when it suffered 'both a diversion of its resources and a frustration of its mission.'" *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010), quoting *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). "It cannot manufacture the injury by incurring litigation costs or simply choosing to spend money fixing a problem that otherwise would not affect the organization at all." *Id.* at 1088, citing *Havens Realty Corporation v. Coleman,* 455 U.S. 363, 379 (1982) [organization could not avoid suffering one injury or the other, and therefore had standing to sue]; *Smith v. Pacific Properties and Development Corporation*, 358 F.3d 1097, 105 (9th Cir. 2004) [organization "had . . . to divert its scarce resources from other efforts"]; *El Rescate legal Services, Inc. v. Executive Office of Immigration Review*, 959 F.2d 742, 748 (9th Cir. 1992) [challenged policy "require[d] the organizations to expend resources . . . they otherwise would spend in other ways."].

In its complaint, Cal Chamber has not alleged that it has suffered "both a diversion of its resources and a frustration of its mission," as is required to establish organizational standing. It is therefore clear that Cal Chamber lacks standing to pursue the present action on its own behalf, and that it instead claims standing based exclusively on injury to its members. See, *Lake Forest, supra,* 624 F.3d at 1088 [holding that where an entity fails to allege facts establishing organizational standing in its complaint, it cannot "cure" such a defect by subsequently providing affidavits or declarations to establish organizational standing]. Since its complaint alleges injury to its members but not to itself, Cal Chamber only has standing to bring this action on behalf of its members and not on its own behalf.

Since Cal Chamber has standing to bring this case on behalf of its members but lacks standing to bring this case on its own behalf, there is a commonality of parties between this case and the *CERT v. Starbucks* case, because among its members on whose behalf Cal Chamber filed this case are coffee roasters and retailers that are Defendants in the *CERT v. Starbucks* case. (Exs. "Y"-"AA") Accordingly, Cal Chamber cannot avoid dismissal of this case by contending that the parties to the two cases are not identical. Those members of Cal Chamber that are Defendants in the *CERT v. Starbucks* case are indeed parties to both cases, because those Defendants are the real parties in interest in this case.

12

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION
AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b);
MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

Lastly, Cal Chamber may argue, citing *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 606 (9th Cir. 2005), that the *Rooker-Feldman* doctrine does not prohibit its entire case, because Cal Chamber alternatively alleges a facial challenge to Proposition 65 in paragraph 83 of its Complaint.[1] However, if Cal Chamber makes this argument, it would also lack merit for several reasons.

First, in their Answers to CERT's complaint in the *CERT v. Starbucks* case, the Defendants never alleged facial invalidity of the warning requirement of Proposition 65 and they only claimed during the Phase 1 trial that CERT's Proposition 65 claim was unconstitutional as applied. Further, in 2016, all but one Defendant dismissed every affirmative defense to liability other than those that they tried and lost (which defenses they preserved for purposes of appellate review only). Since the Defendants in the *CERT v. Starbucks* case never alleged a facial challenge in their answers, since they only mounted an as applied challenge based on the First Amendment during the 2014 trial, and since they dismissed all of their affirmative defenses other than those that they tried and lost, the Defendants in the *CERT v. Starbucks* case clearly waived any facial challenge to the validity of Proposition 65. Further, they cannot circumvent Judge Berle's decision by newly asserting a facial First Amendment challenge to Proposition 65 in this case after unsuccessfully trying their First Amendment defense.

Second, at the Phase 1 *CERT v. Starbucks* trial, the Defendants in that case stipulated that the burden of proving their First Amendment defense was on them, rather than CERT. While Cal Chamber now claims that, pursuant to *NIFLA*, the burden of showing that consumption of in coffee exceeded the No Significant Risk Level for acrylamide is on the State, the Defendants in *CERT v. Starbucks* case clearly waived this argument, because they stipulated that the burden of proof was on them at the trial.

[1]

Paragraph 83 of Cal Chamber's Complaint alleges: "In the alternative, the Proposition 65 warning requirement also is unconstitutional on its face. In *NIFLA*, the U.S. Supreme Court made clear that the State has the burden to show that a warning is "justified" before it may compel a business to provide one consistent with the First Amendment *See* 138 S. Ct. at 2377. A Proposition 65 warning requirement is "justified" only for an exposure to a listed chemical at a level that exceeds the NSRL. Proposition 65, however, reverses this burden, stating that "the burden of showing that an exposure [poses no significant risk] shall be on the defendant." Cal. Health & Saf. Code § 25249.10(c). The Preposition 65 warning requirement is thus unconstitutional on its face because it places the burden on the *business* to disprove that a warning is justified, when *NIFLA* and other U.S. Supreme Court precedent hold that it is the *government's* burden to prove that a warning is justified."

13

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

On August 1, 2014, CERT filed a Trial Brief asserting that "Defendants have no appreciable evidence to sustain their burden of proof on any of their defenses" and that "Defendants have no evidence that a Proposition 65 warning is or could be false compelled speech." (Ex. "F") The same day CERT filed its Trial Brief Regarding Defendants' False Compelled Speech Defense, asserting that "Defendants will fail to satisfy their burden of proof on their First Amendment Defense at trial." (Ex. "G") After the trial, on December 23, 2014, CERT filed its Proposed Statement of Decision asserting that "Defendants failed to meet their burden of proof regarding their First Amendment Defense." (Ex. "H") On January 28, 2015, CERT filed its Closing Trial Brief, asserting that "Defendants failed to meet their burden of proof on their constitutional defenses." (Ex. "I") Also on January 28, 2015, the Defendants filed their Post-Trial Brief on Phase 1 Defenses, asserting that "Defendants have satisfied ***their*** burden of proof on their constitutional defenses." (Ex. "J") (Emphasis added). The same day Defendants also filed their Responses to Plaintiff's Proposed Statement of Decision, similarly asserting that "Defendants met ***their*** burden of proof regarding the First Amendment defense." (Ex. "K") (Emphasis added). Accordingly, on June 25, 2015 Judge Berle issued his Proposed Statement of Decision on Trial (Phase One), concluding that "Defendants have the burden of proof to establish their defenses by a preponderance of the evidence" (¶ 65) and "Defendants have failed to meet their burden of proof on their affirmative defenses of 'no significant risk level'; First Amendment; and federal preemption." (¶ 66). (Ex. "L") On July 16, 2015, Defendants filed their Objections to Proposed Statement of Decision on Trial (Phase 1), asserting numerous objections to the court's Statement of Decision, but not asserting that the burden of proof on their First Amendment defense was on CERT rather than the Defendants. (Ex. "M") Indeed, while the Defendants asserted specific objections to 23 paragraphs of the Court's Proposed Statement of Decision, the Defendants did not object to Paragraphs 65 or 66. Thus, before, during, and after the Phase 1 trial, Defendants acknowledged that the burden of proof on their First Amendment defense was on them, and did not object to the portion of the Court's proposed Statement of Decision finding that the burden of proof on this defense was on them.

A defendant may forfeit a claim that its rights were violated by the failure to timely assert the right before a court having jurisdiction to determine it. See *Henderson v. United States* (2013) 133 S.Ct. 1121, 1126. "The purpose of the general doctrine of waiver is to encourage a defendant to bring

14

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION
AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b);
MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
**RAPHAEL METZGER**
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

errors to the attention of the trial court, so that they may be corrected or avoided." *People v. Saunders* (1993) 5 Cal.4th 580, 590. "Although constitutional rights may be fundamental, they can be waived or forfeited by the failure to assert them in a timely manner." *People v. Williams* (1999) 77 Cal.App.4th 436, 456, citing *Yakus v. United States* (1944) 321 F.S. 414, 444. Even a First Amendment claim can be waived by failure to timely assert it. *People v. Clayburg* (2012) 211 Cal.App.4th 86, 93 [defendant's claims that a restraining order violated her First Amendment right to freedom of speech was forfeited by failure to timely assert the defense in the trial court].

Since the Defendants in the *CERT v. Starbucks* case never disputed CERT's contention that the burden of proof on all of Defendants' affirmative defenses (including their First Amendment defense) was on Defendants, since the Defendants affirmatively represented to the Court that they had the burden of proving their First Amendment Defense, and since Defendants did not object to paragraph 65 of the Court's proposed Statement of Decision that the burden of proof on the First Amendment defense was on Defendants, the Defendants in the *CERT v. Starbucks* case clearly waived their argument that the burden of proof on their First Amendment defense was on CERT.

Lastly, it is of no consequence whether CERT or the Defendants had the burden of proof on the Defendants' First Amendment defense, because the quantitative risk assessment experts retained by CERT and the Defendants both testified at trial that the No Significant Risk Level for acrylamide was exceeded among coffee drinkers. During the Phase 1 trial, CERT's quantitative risk assessment expert, Dr. Steven Bayard, testified that although the average coffee consumer drinks about three cups of coffee per day, consumption of just one-half cup of coffee exposes California consumers to acrylamide in excess of the No Significant Risk Level for acrylamide. During the Phase 2 trial, in rendering an opinion to support Defendants' Alternative Risk Level defense, Defendants' quantitative risk assessment expert, Dr. Lorenz Rhomberg, opined that the risk of cancer from exposure to acrylamide from drinking coffee was less than that calculated by Dr. Bayard, but that exposure to acrylamide from consumption of coffee nevertheless exceeded the No Significant Risk Level for acrylamide. Since the quantitative risk assessment experts of CERT and the Defendants in the *CERT v. Starbucks* case agreed that drinking coffee exposes consumers to acrylamide in excess of the No Significant Risk Level, whether CERT or the Defendants had the burden of proof on this issue is of no consequence.

15

**5.      THE CASE SHOULD BE DISMISSED PURSUANT TO *YOUNGER V HARRIS*.**

"*Younger* abstention is grounded in a 'longstanding public policy against federal court interference with state court proceedings.'" *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019), quoting *Younger v. Harris*, 401 U.S. 37, 43. "The Supreme Court has 'identified two sources for this policy: the constraints of equity jurisdiction and the concern for comity in our federal system.'" *Herrera, supra, quoting Gilbertson v. Albright*, 381 F.3d 965, 970 (9th Cir. 2004). "Most importantly, *Younger* abstention permits federal courts to 'preserve respect for state functions such that the national government protects federal rights and interests in a way that will not 'unduly interfere with the legitimate activities of the States.'" *Herrera, supra,* quoting *Younger*, 401 U.S. at 44.

"A federal court may abstain under *Younger* in three categories of cases: '(1) parallel, pending state criminal proceedings, (2) state civil proceedings that are akin to criminal prosecutions, and (3) state civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts." *Herrera, supra,* quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (internal quotation marks and citations omitted).

"To warrant *Younger* abstention, a state civil action must fall into one of the *NOPSI* categories, and must also satisfy a three-part inquiry: the state proceeding must be (1) '"ongoing,' (2) 'implicate important state interests,' and (3) provide 'an adequate opportunity . . . to raise constitutional challenges.'" *Herrera, supra,* quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432. "If the state proceeding falls into one of the *NOPSI* categories and meets the three *Middlesex* factors, a federal court may abstain under *Younger* so long as 'the federal action would have the practical effect of enjoining the state proceedings.'" *Herrera,* quoting *ReadyLink*, 754 F.3d at 759.

Actions brought to enforce California health and safety laws have regularly been held to implicate important state interests. See, *Herrera, supra* [housing code violations]*; Woodfeathers, Inc. v. Washington County,* 180 F.3d 1017, 1021 (9th Cir. 1999) [action enforcing ordinances declaring waste to be a nuisance implicated important state interests]; *Potrero Hills Landfill, Inc. v. County of Solano,* 657 F.3d 876, 884 (9th Cir. 2011) [listing "a wide range of civil contexts," in which abstention was "necessary to protect the state's unique interest in exercising its basic executive functions"].

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION
AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b);
MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
**RAPHAEL METZGER**
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

Actions seeking injunctive or declaratory relief and civil penalties have also been held to implicate important state interests. *Herrera, supra* [action to enjoin housing code violations]*; Fedex Ground Package System, Inc., v. Ingenito,* 86 F.Supp.3d 1121 [action for declaratory relief regarding California's Hazardous Waste Law]; *Monster Beverage Corp. v. Herrera,* 2013 WL 12131740 (C.D. Cal. 2013) [injunctive action to enforce California health and safety laws regarding caffeine content of beverages]; *Kihagi v. City of San Francisco,* 2016 WL 5682575 (N.D. Cal. 2016) [action for civil penalties for unfair business practices]; *Gregory v. Fresno County,* 2018 WL 4262232 (E.D. Cal. 2018) [action seeking civil penalties for dissipation of assets of charitable organization].

"*Younger* abstention generally applies only where the federal plaintiffs are also defendants in the ongoing state proceeding." *Herrera, supra,* 918 F.3d at 1046; *Benavidez v. Eu,* 34 F.3d 825, 832 (9th Cir. 1994). However, "there plainly may be some circumstances in which legally distinct parties are so closely related that they should all be subject to the *Younger* considerations which govern any one of them." *Herrera, supra,* 918 F.3d at 1046, quoting *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 928 (1975). See,*Hicks v. Miranda,* 422 U.S. 332, 348 (1975) [where the parties' interests are "intertwined" with those of state court defendants, *Younger* abstention is proper as to all federal plaintiffs].

The present case satisfies all the requirements for *Younger* abstention. The *CERT v. Starbucks* case is a private attorney general action in which CERT seeks to enforce Proposition 65, a California health and safety law, regarding the beverage that is most widely consumed by adults in California. Since several consent judgments have been entered in the case, it satisfies the requirement of a state civil proceeding that implicates the state's interest in enforcing its orders and judgments. The *CERT v. Starbucks* action is "ongoing," as it has been vigorously litigated by CERT and its counsel for the past decade. The case "implicates important state interests," i.e., the enforcement of California health and safety laws. Lastly, the case provided "an adequate opportunity . . . to raise constitutional challenges.'" *Herrera, supra,* quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432. Indeed, the Defendants in the *CERT v. Starbucks* case tried their federal preemption and First Amendment defenses in a bench trial that lasted about three months during the Fall of 2014, after which Judge Berle issued a Statement of Decision, explaining his adjudging the Defendants' First Amendment and preemption defenses against them. For all these reasons,*Younger* abstention applies.

17

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
**RAPHAEL METZGER**
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WPI\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

**6.  THE CASE SHOULD BE DISMISSED PURSUANT TO *COLORADO RIVER*.**

Courts in the Ninth Circuit "have recognized eight factors for assessing the appropriateness of a *Colorado River* stay or dismissal: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." *R.R. Street & Co., Inc. v. Transportation Insurance Co.,* 656 F.3d 966, 978–79 (9th Cir. 2011), citing *Holder v. Holder,* 305 F.3d 854, 870 (9th Cir.2002).

The first factor is inapplicable to this case, because this case does not involve any property.

The forum in which this case was filed is inconvenient to those engaged in the private enforcement of Proposition 65 regarding acrylamide in food. The Attorney General recently identified six such private enforcers. None of the private enforcers or their attorneys are located in Sacramento. CERT and its counsel are located in Long Beach; since 2002 all of CERT's cases regarding acrylamide in food have been filed in Los Angeles Superior Court. Most of the recent acrylamide in food cases have been filed in San Diego Superior Court by private enforcers who are located in San Diego, represented by two attorneys, Noam Glick and Craig Nicholas, who are also located in San Diego. Cases have also been filed by the Center for Environmental Health, located in Oakland, represented by Eric Somers and Mark Todzo of the Lexington Law Group, located in San Francisco. Another law firm that has litigated Proposition 65 cases on behalf of a few environmental organizations regarding acrylamide is Lozeau Drury, which is located in Oakland and has filed its cases in San Francisco. Since most of the private enforcers and the law firms representing them in Proposition 65 cases regarding acrylamide in food are located in Southern California, the Eastern District of California is an inconvenient forum for these litigants. Even the Chamber of Commerce's counsel, Arnold & Porter, is located outside of Sacramento, but filed this case in the Eastern District for forum-shopping reasons.

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *R.R. Street & Co., supra,* 305 F.3d at 979.

18

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
**RAPHAEL METZGER**
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

This case gives rise to piecemeal litigation, because courts in Southern California have already ruled on the First Amendment defense in Proposition 65 litigation regarding acrylamide in food.  Indeed, in *CERT v. Starbucks*, the Los Angeles Superior Court tried that defense in 2014 and, after a lengthy trial, issued a Statement of Decision in 2015 adjudging that defense against the defendants.  In the present case, the California Chamber of Commerce seeks a contrary ruling, the epitome of piecemeal litigation.

The forum that first obtained jurisdiction over Proposition 65 cases regarding acrylamide in food is the Los Angeles Superior Court, in which CERT filed the first case regarding acrylamide in french fries against McDonald's and Burger King in 2002.  It is also the only forum to try the First Amendment defense in a Proposition 65 case regarding acrylamide in food.

California law, to wit, Proposition 65, provides the rule of decision in the cases, while the Defendants' First Amendment and federal preemption defenses, of course, arise under federal law.  However, California's state courts are well-equipped to try federal constitutional defenses.  Indeed, in trying the First Amendment defense in the *CERT v. Starbucks* case in 2014, Judge Berle applied the *Zauderer* standard, which an *en banc* panel of the Ninth Circuit five years later determined was the correct standard.  *American Beverage Ass'n v. San Francisco*, 916 F.3d 749 (9th Cir. 2019).

Clearly, state court proceedings can adequately protect the rights of federal litigants, because Judge Berle applied the correct legal standard in trying the First Amendment defense in the *CERT v. Starbucks* case and the California Court of Appeal carefully considered both the original petition for writ of mandate filed by the Defendants in that case in 2015 and their second petition for writ of mandate based on the Supreme Court's recent decision in *NIFLA,* which prompted the Court of Appeal to stay proceedings in the *CERT v. Starbucks* case for about eight months.

Mr. Norris engaged in forum shopping by filing this case in the Eastern District because it is considered the most defendant-friendly federal court in California, it is the court in which Judge Shubb issued a preliminary injunction enjoining Proposition 65 enforcement regarding Glyphosate under Proposition 65, and it is an inconvenient forum for private enforcers of Proposition 65.

Lastly, state court proceedings in Proposition 65 cases in which Defendants assert the First Amendment defense will resolve the First Amendment defense – the only issue that is raised herein.

Thus, all but one of the seven relevant *Colorado River* factors weigh in favor of abstention.

19

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION
AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b);
MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**7.    CONCLUSION**

For all the foregoing reasons, the court should grant CERT's motion to dismiss this case for lack of subject matter jurisdiction pursuant to the Anti-Injunction Act and the *Rooker-Feldman* doctrine. In the alternative, the Court should dismiss this case pursuant to the *Younger* and *Colorado River* abstention doctrines.

DATED:  October 16, 2019

METZGER LAW GROUP
A Professional Law Corporation

_____
RAPHAEL METZGER, ESQ.
Attorneys for Intervenor
COUNCIL FOR EDUCATION AND
RESEARCH ON TOXICS ("CERT")

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION
AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b);
MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

## DECLARATION OF RAPHAEL METZGER

I, Raphael Metzger, declare as follows:

1.      I am an attorney at law, duly licensed and authorized to practice law in the State of California.  I am also a member of the bar of all federal district courts in the State of California, the Ninth Circuit Court of Appeals and the United States Supreme Court.

2.      Unless the context indicates otherwise, I have personal knowledge of the matters set forth hereinafter and, if called as a witness, I would competently testify thereto.

3.      My firm represents the Intervenor-Defendant in this case, the Council for Education and Research on Toxics (CERT).

## Intervenor, Council for Education and Research on Toxics (CERT)

4.      The Council for Education and Research on Toxics (CERT) is a public benefit organization whose primary charitable purposes are education and research regarding toxic substances. Founded by two University of California professors in 2001, CERT is a unique non-governmental organization: its officers and directors serve without compensation and, maintaining a low overhead, virtually every dollar that CERT receives by way of contributions, successful Proposition 65 litigation, and *cy pres* awards, is disbursed in the form of research and education grants, mostly to research scientists and students within the University of California system.  CERT has filed amicus curiae briefs in California appellate courts, the California Supreme Court, federal appellate courts, and the U.S. Supreme Court.

5.      In 2002 Swedish researchers discovered that the potent carcinogen and neurotoxin acrylamide is present at high levels in many cooked foods, prompting the European Food Safety Authority (EFSA) to declare acrylamide in food a "major public health concern."  Since approximately 40% of Americans develop cancer and scientists attribute a like percentage of human cancers to carcinogens in the human diet, CERT decided to devote its efforts and resources to

21

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

remedying the major public health problem of acrylamide in the human diet.  Thus, in late 2002 CERT filed the first case to enforce Proposition 65 regarding acrylamide in french fries sold in fast food restaurants.  CERT's counsel co-litigated that case and another case regarding acrylamide in potato chips with the California Attorney General.  Those cases were both successful and resulted in the entry of consent judgments in Los Angeles Superior Court, conferring substantial benefits to California consumers.  In the former case, french fry manufacturers agreed to provide cancer hazard warnings informing consumers of the acrylamide cancer hazard and in the latter case, potato chip manufacturers reduced acrylamide levels in potato chips in lieu of providing cancer hazard warnings – the best result for public health, since removing carcinogens from food reduces the cancer burden, whereas cancer hazard warnings merely inform consumers that certain foods present significant cancer hazards, so they can make informed choices about purchasing foods and thereby reduce their individual risks of cancer.

**The California Office of Environmental Health Hazard Assessment's**
**Determination of the Human Risk of Cancer from Acrylamide in Coffee**

6.     In March 2005, the California Office of Environmental Health Hazard Assessment (OEHHA) published a report titled "Characterization of Acrylamide Intake from Certain Foods," available online at https://oehha.ca.gov/media/downloads/crnr/acrylamideintakereport.pdf. This report determined that all coffee drinkers have a significantly increased risk of cancer from acrylamide in coffee, i.e., the No Significant Risk Level (NSRL) for exposure to acrylamide from consumption of coffee was exceeded not only for heavy coffee drinkers, but also for average and even light consumers.  This report, by the agency responsible for implementation of Proposition 65, clearly informed coffee roasters and retailers that they were exposing Californians to acrylamide in excess of the NSRL.  Nevertheless, the entire coffee industry failed and refused to provide legally required cancer warnings.  Accordingly, CERT determined it would be necessary to sue the coffee industry to force it to comply with Proposition 65 to protect the health of California coffee consumers (about 2/3 the population).  Attached hereto as Exhibit "A" is a true and correct copy of OEHHA's 2005 Report titled "Characterization of Acrylamide Intake from Certain Foods."

22

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION**
**AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b);**
**MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOTI\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

### The *CERT v. Starbucks* Litigation

7.     In 2010 CERT initiated litigation against the coffee industry regarding acrylamide in coffee (*CERT v. Starbucks, et al.,* Los Angeles Superior Court Case No. BC 435759), with the goal of persuading coffee roasters to reduce acrylamide levels in coffee – the largest source of acrylamide in the adult diet. The litigation involves two consolidated cases against approximately 85 coffee roasters and retailers, most of which are members of the National Coffee Association, the California Grocers Association, and the California Chamber of Commerce. The consolidated cases were assigned to the Honorable Elihu M. Berle in the Complex Litigation Department of the Los Angeles Superior Court.

8.     In its complaint CERT asserted a single cause of action for violation of the Safe Drinking Water and Toxic Enforcement Act of 1986, commonly known as Proposition 65. The complaint sought no damages, but rather sought an injunction enjoining Defendants from continuing to violate Proposition 65, as well as civil penalties for violating California law (3/4 of civil penalties are paid to OEHHA).

9.     The Defendants answered the complaint, asserting, among other defenses, two statutory defenses and two constitutional defenses - "False Compelled Speech" in violation of the First Amendment and federal preemption.

10.     In the Fall of 2014, Judge Berle tried the Defendants' No Significant Risk Level and their constitutional defenses and, on September 9, 2015, issued his Phase 1 Statement of Decision, adjudging Defendants' First Amendment Defense in favor of CERT and against all Defendants. Attached hereto as <u>Exhibit "B"</u> is a true and correct copy of the Phase 1 Statement of Decision.

11.     The Defendants sought review of the adverse decision against them on their First Amendment defense by way of petition for writ of mandate in the California Court of Appeal, which carefully considered their writ petition, but ultimately denied the petition for lack of merit. Attached hereto as <u>Exhibit "C"</u> is the Court of Appeals' order denying the Defendants' writ petition.

12.     In the Spring of 2016 CERT filed motions for summary adjudication of its prima facie case, which Judge Berle granted against the Roaster Defendants (a copy of which is attached

23

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

hereto as Exhibit "D") as well as the Retailer Defendants (a copy of which is attached as Exhibit "E").

13.     In their Answers to CERT's complaint in the *CERT v. Starbucks* case, the Defendants never alleged facial invalidity of the warning requirement of Proposition 65 and they only claimed during the Phase 1 trial that CERT's Proposition 65 claim was unconstitutional as applied. The answers are numerous and voluminous, and therefore are not attached hereto as exhibits, but copies will be provided to the Court if requested.

14.     In 2016, all Defendants except one dismissed all of their affirmative defenses to liability other than those that they tried and lost (which defenses they preserved for purposes of appellate review only). The only Defendant that did not dismiss all affirmative defenses was Dunkin' Brands, Inc., which is represented by Trenton Norris, attorney of record for Cal Chamber in the present action. Dunkin' Brands, Inc. was not a party to the action at the time the other Defendants dismissed their affirmative defenses. The Defendants' requests for dismissal are numerous and voluminous, and therefore are not attached hereto as exhibits, but copies will be provided to the Court if requested.

15.     On August 1, 2014, CERT filed a "Trial Brief Regarding Phase I of the Trial," asserting that "Defendants have no appreciable evidence to sustain their burden of proof on any of their defenses" and that "Defendants have no evidence that a Proposition 65 warning is or could be false compelled speech." A true and correct copy of CERT's Trial Brief is attached hereto as Exhibit "A". The Court's attention is directed to Page 3, lines 3 through 8.

16.     On August 1, 2014, CERT also filed a "Trial Brief Regarding Defendants' False Compelled Speech Defense," asserting that "Defendants will fail to satisfy their burden of proof on their First Amendment Defense at trial." A true and correct copy of Plaintiff's Trial Brief is attached hereto as Exhibit "G". The Court's attention is directed to Page 6, lines 5-6.

17.     After trial, on December 23, 2014, CERT filed its 93-page Proposed Statement of Decision asserting that "Defendants failed to meet their burden of proof regarding their First Amendment Defense." A true and correct copy of the relevant portion of Plaintiff's Proposed Statement of Decision is attached hereto as Exhibit "H". The Court's attention is directed to Page 80, Subheading G.

18.     On January 28, 2015, CERT filed its Closing Trial Brief, asserting that

24

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
**RAPHAEL METZGER**
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1  "Defendants failed to meet their burden of proof on their constitutional defenses."   A true and correct

2  copy of Plaintiff's Closing Trial Brief is attached hereto as <u>Exhibit "I"</u>.  The Court's attention is

3  directed to Page 28, Heading VI.

4        19.    Also on January 28, 2015, Defendants filed their Post-Trial Brief on Phase 1

5  Defenses, asserting that "Defendants have satisfied their burden of proof on their constitutional

6  defenses." A true and correct copy of Defendants' Post-Trial Brief on Phase 1 Defenses is attached

7  hereto as <u>Exhibit "J"</u>.  The Court's attention is directed to Page 33, Heading IV.

8        20.    Also on January 28, 2015, Defendants filed their 268-page Responses to

9  Plaintiff's Proposed Statement of Decision, similarly asserting that "Defendants met their burden of

10  proof regarding the First Amendment defense." A true and correct copy of the relevant portion of

11  Defendants' Responses to Plaintiff's Proposed Statement of Decision is attached hereto as <u>Exhibit "K"</u>.

12  The Court's attention is directed to Page 220, Subheading G.

13        21.    On June 25, 2015 the Court issued its Proposed Statement of Decision on Trial

14  (Phase One), concluding that "Defendants have the burden of proof to establish their defenses by a

15  preponderance of the evidence" (¶ 65) and "Defendants have failed to meet their burden of proof on

16  their affirmative defenses of 'no significant risk level'; First Amendment; and federal preemption."

17  (¶ 66). A true and correct copy the Court's Proposed Statement of Decision on Trial (Phase One) is

18  attached hereto as <u>Exhibit "L"</u>.

19        22.    On July 16, 2015, Defendants filed their Objections to Proposed Statement of

20  Decision on Trial (Phase 1), asserting numerous objections to the court's proposed Statement of

21  Decision, but not asserting that the burden of proof on their First Amendment defense was on Plaintiff

22  rather than Defendants.  Indeed, while Defendants asserted specific objections to 23 paragraphs of the

23  Court's Proposed Statement of Decision, Defendants did not assert objections to either Paragraphs 65

24  or 66 of the Proposed decision.  A true and correct copy of Defendants' Objections to Proposed

25  Statement of Decision on Trial (Phase One) is attached hereto as <u>Exhibit "M"</u>.

26        23.    During the Phase 1 trial, CERT's quantitative risk assessment expert, Dr. Steven

27  Bayard, testified that although the average coffee consumer drinks about three cups of coffee per day,

28  consumption of just one-half cup of coffee exposes California consumers to acrylamide in excess of

25

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

the No Significant Risk Level for acrylamide. During the Phase 2 trial, in rendering an opinion to support Defendants' Alternative Risk Level defense, Defendants' quantitative risk assessment expert, Dr. Lorenz Rhomberg, opined that the risk of cancer from exposure to acrylamide from drinking coffee was less than that calculated by Dr. Bayard, but that exposure to acrylamide from consumption of coffee nevertheless exceeded the No Significant Risk Level for acrylamide.

24. In 2017 Defendants 7-Eleven, BP West Coast Products, and Yum Yum Brands, all represented by Trenton Norris of Arnold & Porter (counsel for the California Chamber of Commerce in the present case) – entered into settlements with CERT that were approved by the Attorney General and that were entered as Consent Judgments by Judge Berle. (Exhibits "N" to "P") These judgments are now final.

25. In the Fall of 2017 Judge Berle tried Defendants' last affirmative defense, their "Alternative Risk Level" defense and, on May 9, 2018, issued a Phase 2 Statement of Decision, adjudging Defendants' last affirmative defense in favor of CERT and against all Defendants. Attached hereto as Exhibit "Q" is a true and correct copy of the Phase 2 Statement of Decision.

26. In the summer of 2018, the Defendants filed a motion to renew and reopen the trial of their First Amendment Defense based on the Supreme Court's decision in *Nat'l Inst. of Family & Life Advocates v. Becerra*, 138 S.Ct. 2361 (2018) (NIFLA). Attached hereto as Exhibit "R" is a true and correct copy of Defendants' Motion to Renew/Reopen, with its supporting Memorandum of Points and Authorities. Judge Berle carefully considered Defendants' motion, but denied Defendants' motion on the merits in a thoughtful, well-reasoned decision. Attached hereto as Exhibit "S" is a true and correct copy of the Reporter's Transcript of Proceedings in which Judge Berle explained his decision. The portion of the transcript containing Judge Berle's ruling may be found at pages 47 to 51.

27. The Defendants then filed a second petition for writ of mandate, seeking review of Judge Berle's decision denying their motion to renew/reopen the trial of their First Amendment Defense. In response to that petition, the Court of Appeal issued a temporary stay of proceedings on the eve of the remedies trial, a true and correct copy of which is attached hereto as Exhibit "T"), but after CERT filed a brief informing the court of the new *en banc* decision of the Ninth Circuit in *American Beverage Association v. City and County of San Francisco*, 916 F.3d 749 (9th Cir. 2019), the

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

Court of Appeal vacated its temporary stay, allowing Judge Berle to resume proceedings and to finish trial of the case.   Attached as Exhibit "U" is a true and correct copy of the order vacating the stay.

### The 2019 Regulation of Acrylamide in Coffee

28.   The day after Judge Berle announced his tentative Phase 2 decision, a lobbyist for the California Grocers Association (acting on behalf of the coffee industry), lobbied Governor Brown to come to the industry's rescue. Attached hereto as Exhibit "V" is a true and correct copy of a record evidencing that effort, which my firm obtained pursuant to a Public Records Act request. In June 2018, OEHHA proposed to adopt a regulation to nullify Judge Berle's decision, shortly after a meeting in the Conference Room of the Governor's Office that involved high-ranking officials from CalEPA, OEHHA, and the Governor's Office. Attached hereto as Exhibit "W" are true and correct copies of records evidencing the meeting in the Conference Room of the Governor.

29.   Disregarding its own 2005 report, on June 3, 2019, OEHHA adopted 27 CCR 25704 which purports to declare that carcinogens in coffee do not present a significant risk of cancer - contrary to the agency's own finding in its 2005 report. Attached hereto as Exhibit "X" is a true and correct copy of the Notice of Adoption of the regulation that OEHHA posted on its website.

30.   CERT discovered the unlawful provenance of the regulation by means of Public Records Act requests and by filing an action against OEHHA, the Governor, the Attorney General, and the California Environmental Protection Agency for violation of the California Public Records Act. (*CERT v. OEHHA et al.,* LASC Case No. BC 721153).   Mr. Norris filed a motion to intervene in that case on behalf of the National Coffee Association, yet another trade association that he represents.

31.   In addition to lobbying Governor Brown to intercede on its behalf, the coffee industry lobbied  Congress and the Senate to adopt the so-called "Accurate Labels Act" (S. 3019/H.R. 6022), which would have had the effect of preempting all Proposition 65 litigation. These bills were unsuccessful.

32.   In the summer of 2019, the Defendants filed motions for leave to amend their answers to assert the regulation as a new affirmative defense. Judge Berle granted these motions and

27

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

ordered the parties to file a joint case management report.  In that report, CERT identified 14 grounds why OEHHA's new regulation is invalid and unenforceable.  CERT will soon be filing motions for summary adjudication to establish the invalidity of the new regulation and Defendants' new defense based on the regulation.

33.    Concerned that OEHHA's new regulation is invalid and unenforceable and that the federal legislation for which it lobbied to preempt Judge Berle's decision was unsuccessful, the coffee industry (represented by Trenton Norris of Arnold Porter using his other organizational client, the California Chamber of Commerce), filed the present action seeking a preliminary injunction enjoining all enforcement regarding acrylamide in food, to surreptitiously enjoin Judge Berle from completing trial of the *CERT v. Starbucks* case.  While mentioning the *CERT v. Starbucks* case in ¶¶ 45 and 47 of Cal Chamber's complaint, in gross violation of Rule 11, Mr. Norris failed to inform this court that his firm tried and lost the First Amendment defense in that case, unsuccessfully sought to reopen that defense, and filed two writ petitions to overturn Judge Berle's decision, both of which were unsuccessful.

**Commonality Between CalChamber Members and Coffee Litigation Defendants**

34.    Attached hereto as Exhibit "Y" is a true and correct copy of a January 30, 2015 press release from the California Chamber of Commerce, titled "19 Women on *Fortune* Most Powerful List Lead CalChamber Member Companies." This press release identifies Wal-Mart Stores and Sam's Club as members of the California Chamber of Commerce. Wal-Mart Stores and Sam's Club are both defendants in *CERT v. Starbucks, et al.,* Los Angeles Superior Court Case No. BC 435759.

35.    Attached hereto as Exhibit "Z" is a true and correct copy of a December 1, 2017 press release from the California Chamber of Commerce, titled "32 CalChamber Members Featured on *Fortune's* 100 Best Companies List." This press release identifies Whole Foods Market as a member of the California Chamber of Commerce. Whole Foods Market is a defendant in *CERT v. Starbucks, et al.,* Los Angeles Superior Court Case No. BC 435759.

36.    Attached hereto as Exhibit "AA" is a true and correct copy of an August 30,

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
**RAPHAEL METZGER**
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

2019 press release from the California Chamber of Commerce, titled "57 CalChamber Companies Rank among Best Employers in California." This press release identifies Whole Foods Market, Starbucks, and Target as members of the California Chamber of Commerce. Whole Foods Market, Starbucks, and Target are all defendants in *CERT v. Starbucks, et al.,* Los Angeles Superior Court Case No. BC 435759.

**Forum Issues**

37.    The Council for Education and Research on Toxics is located in Long Beach, California. My firm, which represents the Council for Education and Research on Toxics, is also located in Long Beach, California.

38.    Since 2002, all of CERT's cases regarding acrylamide in food have been filed in Los Angeles Superior Court.

39.    The Office of the Attorney General maintains a website devoted to tracking Proposition 65 enforcement claims by private enforcers.    The website is located at https://oag.ca.gov/prop65/60-day-notice-search. The website allows searches of enforcement claims by chemical, including acrylamide.

40.    According to the Proposition 65 enforcement website, most of the recent acrylamide in food cases have been filed in San Diego Superior Court by private enforcers who are located in San Diego, represented by two attorneys, Noam Glick and Craig Nicholas.  Attached hereto as Exhibit "BB" is a record of the California State Bar indicating that Mr. Glick's office is located in San Diego.    Attached hereto as Exhibit "CC" is a record of the California State Bar indicating that Mr. Nicholas's office is located in San Diego.

41.    Proposition 65 cases involving acrylamide in food have also been filed by the Center for Environmental Health, located in Oakland, represented by Eric Somers and Mark Todzo of the Lexington Law Group, located in San Francisco. Attached hereto as Exhibit "DD" is a record of the California State Bar indicating that Mr. Somers's office is located in San Francisco.    Attached hereto as Exhibit "EE" is a record of the California State Bar indicating that Mr. Todzo's office is

29

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss-rev.wpd

located in San Francisco.

42.    Another law firm that has litigated Proposition 65 cases on behalf of a few environmental organizations regarding acrylamide is Lozeau Drury, which is located in Oakland and has filed its cases in San Francisco.  Attached hereto as <u>Exhibit "FF"</u> is a record of the California State Bar indicating that Mr. Somers's office is located in Oakland.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed October 16, 2019, at Long Beach, California.

Raphael Metzger

30

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 401 East Ocean Blvd., #800, Long Beach, CA 90802.

On October 16, 2019, I delivered by hand the foregoing document, described as: **NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RAPHAEL METZGER**
to:

Trenton H. Norris, Esq.
Sarah Esmaili, Esq.
S. Zachary Fayne, Esq.
David M. Barnes, Esq.
Arnold & Porter Kaye Scholer LLP
777 S. Figueroa St., 44th Flr.
Los Angeles, CA 90017-5844
(Plaintiff)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 16, 2019, at Long Beach, California.

Draque M. Bozung, Declarant

31

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 401 East Ocean Blvd., #800, Long Beach, CA 90802.

On October 16, 2019, I served the foregoing document, described as: **NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RAPHAEL METZGER** on:

John Everett, Deputy Attorneys General
Office of the Attorney General
1515 Clay St., 20th Flr.
Oakland, CA 94612
(Defendant)

X   **(BY MAIL)** I caused copies of such document, enclosed in sealed envelopes, to be deposited in the mail at Long Beach, California with postage thereon fully prepaid to the persons and addresses indicated on the attached list. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing set forth in this affidavit.

I declare that I am employed in the offices of a member of this court, at whose direction service was made.

Executed on October 16, 2019, at Long Beach, California.

Nina S. Vidal, Declarant

**NOTICE OF MOTION AND MOTION BY INTERVENOR COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS TO DISMISS PURSUANT TO FRCP 12(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**