1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  HARRISON M. POLLAK, State Bar No. 200879
   Supervising Deputy Attorney General
3  JOHN EVERETT, State Bar No. 259481
   JOSHUA R. PURTLE, State Bar No. 298215
4  Deputy Attorneys General
    1515 Clay Street, 20th Floor
5   P.O. Box 70550
    Oakland, CA  94612-0550
6   Telephone:  (510) 879-0098
    Fax:  (510) 622-2270
7   E-mail:  Joshua.Purtle@doj.ca.gov
   *Attorneys for Xavier Becerra in His Official*
8  *Capacity as Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA CHAMBER OF COMMERCE,**<br><br>Plaintiff,<br><br>v.<br><br>**XAVIER BECERRA in His Official Capacity as Attorney General of the State of California,**<br><br>Defendant;<br><br>and<br><br>**COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS,**<br><br>Defendant-Intervenor. | 2:19-CV-02019-KJM-EFB<br><br>JOINT STATUS REPORT REGARDING THE ATTORNEY GENERAL'S AND COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS' MOTIONS TO DISMISS<br><br>Date:           January 17, 2020<br>Time:          10:00 am<br>Dept:          3 (15th Floor)<br>Judge:        The Honorable Kimberly J. Mueller<br>Trial Date:    None<br>Action Filed:  October 7, 2019 |

1

Defendant Xavier Becerra, in his official capacity as Attorney General of the State of California ("Attorney General"), Defendant-Intervenor Council for Education and Research on Toxics ("CERT"), and Plaintiff California Chamber of Commerce ("CalChamber") (collectively, "the Parties") hereby submit the following Joint Status Report pursuant to the Court's December 10, 2019 Minute Order.  The Court directed the parties to, within seven days of issuing the Minute Order, meet and confer regarding the pending Motions to Dismiss and file a Joint Status Report identifying any issues narrowed through the Parties' meet and confer efforts.

**Summary of the Parties' Meet and Confer Efforts to Date.**

The Attorney General and CalChamber met and conferred on October 22, 2019 regarding the Attorney General's then-anticipated motion to dismiss.  During that teleconference, the Attorney General and CalChamber discussed the Attorney General's alleged grounds for dismissal, including the Declaratory Judgment Act, 28 U.S.C. § 2201, and *Colorado River*[1] abstention, as well as CalChamber's alleged defenses to dismissal on these grounds.  The Attorney General and CalChamber were not able to resolve their disputes regarding the application of these doctrines to this matter, resulting in the Attorney General filing his Motion to Dismiss.  The Attorney General inadvertently omitted a description of these meet and confer efforts from the November 1, 2019 Notice of Motion.

On December 16, 2019, pursuant to the Court's December 10 Minute Order, the Attorney General, CalChamber, and CERT met and conferred regarding both the pending Motions to Dismiss.  The Attorney General and CalChamber agreed that they had previously discussed the legal basis for the Attorney General's Motion to Dismiss, and neither party identified any new issues for discussion.  Accordingly, the Attorney General and CalChamber were not able to further narrow the issues presented in the Attorney General's Motion to Dismiss.

Counsel for CERT and CalChamber also discussed CERT's motion to dismiss.  CERT confirmed its position as stated in its moving papers.  Specifically, CERT's counsel reiterated CERT's position that CalChamber's complaint, as drafted, violates the Anti-Injunction Act, 28 USC § 2283, and must either be withdrawn or amended.  However, CalChamber reiterated its

---

[1] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

position as stated in its previously-filed opposition brief, and declined to withdraw or amend its complaint.

Counsel for CERT also noted that under the Court's December 10, 2019 Minute Order, the date of oral argument on CERT's pending motion to dismiss falls on January 17, 2020, which is the same day as CERT's deadline to file its opposition to CalChamber's Motion for Preliminary Injunction. Given that CERT's motion to dismiss makes jurisdictional arguments, it is CERT's position that the motion to dismiss should be determined before CERT files its opposition to CalChamber's Motion for Preliminary Injunction. Indeed, the parties' October 18, 2019 stipulation for a scheduling order contemplated such a sequence of events.

CERT's counsel requested that CalChamber stipulate that in the event the Court denies CERT's motion to dismiss, CERT file and serve its opposition to the Motion for Preliminary Injunction within 48 hours after the Court makes its ruling. However, CalChamber declined to so stipulate. CERT suggests that it may be appropriate for the Court to re-schedule the hearing on CalChamber's Motion for Preliminary Injunction so as to allow the motions to dismiss to be heard and determined before CERT is required to respond on the merits to the injunction motion, as set forth in the parties' prior stipulation.

CalChamber objects to CERT's suggestion that it may be appropriate for the Court to modify the briefing deadlines or reschedule the hearing on CalChamber's Motion for Preliminary Injunction (ECF No. 26). It is of paramount importance to CalChamber that its Motion for Preliminary Injunction be heard on the scheduled date of February 7, 2020. In fact, CalChamber, with agreement from the Attorney General, originally intended to set the Motion for hearing on December 20, 2019 (ECF No. 6), but agreed by stipulation to push back the hearing date in the interest of compromise to accommodate CERT following its motion to intervene (which CalChamber did not oppose, in the interest of not delaying the hearing on CalChamber's Motion for Preliminary Injunction). Any further delay would prejudice CalChamber's ability to seek interim relief that its members urgently need to halt the continuing violations of their First Amendment rights, as explained in CalChamber's Motion for Preliminary Injunction.

CalChamber respectfully submits that CERT and the Attorney General's failure to comply

1  with the Court's Standing Order regarding certification of meet and confer efforts is no basis on

2  which CalChamber should be required to further delay the hearing on its Motion for Preliminary

3  Injunction or to reduce its time to reply to the oppositions of CERT and/or the Attorney General

4  that are due on January 17, 2020.

Dated: December 17, 2019                Respectfully submitted,

By: /s/ Trenton H. Norris (as authorized on 12/17/19)
Trenton H. Norris (CA Bar No. 164781)
Sarah Esmaili (CA Bar No. 206053)
S. Zachary Fayne (CA Bar No. 307288)
David M. Barnes (CA Bar No. 318547)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: (415) 471-3100
trent.norris@arnoldporter.com

*Attorneys for Plaintiff California Chamber of Commerce*

Dated: December 17, 2019                Respectfully submitted,

XAVIER BECERRA
Attorney General of California
HARRISON M. POLLAK
Supervising Deputy Attorney General
JOHN W. EVERETT

By: /s/ Joshua R. Purtle
JOSHUA R. PURTLE
Deputy Attorneys General
OFFICE OF THE ATTORNEY GENERAL
600 West Broadway, Suite 1800
San Diego, CA 92101
Tel: (619) 738-9305
John.Everett@doj.ca.gov

*Attorneys for Xavier Becerra, Attorney General of the State of California*

| | | |
|---|---|---|
| 1 | Dated: December 17, 2019 | Respectfully submitted, |

By: /s/ Raphael Metzger (as authorized on 12/17/19)
Raphael Metzger, Esq.
METZGER LAW GROUP
A Professional Law Corporation
401 E. Ocean Blvd., Suite 800
Long Beach, CA 90802
Tel:  (562) 437-4499
rmetzger@toxictorts.com

*Attorneys for Intervenor Council for Education and Research on Toxics*