|   |   |
|---|---|
| | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CHAMBER OF COMMERCE, | No. 2:19-CV-02019-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| XAVIER BECERRA, | |
| Defendant, | |
| and COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS, | |
| Defendant-Intervenor. | |

Plaintiff California Chamber of Commerce brings this suit challenging California's Safe Drinking Water and Toxic Enforcement Act (Proposition 65) insofar as it requires certain California businesses to post warnings about the presence of acrylamide, a chemical the state has identified as a cancer risk. *See* Compl. ¶¶ 1–3, ECF No. 1; Becerra Mem. P. & A. ("Becerra MTD"), ECF Nos. 21, at 6. Plaintiff argues the enforcement of the statute with respect to acrylamide violates the First Amendment of the U.S. Constitution and requests declaratory and injunctive relief. Compl. at 20, 22–23. The parties stipulated to allow Council for Education and

Research on Toxics (CERT) to intervene as a party defendant, ECF No. 28, and the court approved the stipulation, ECF No. 29.

Before the court are two motions to dismiss by defendant-intervenor CERT and defendant Becerra (collectively "Defendants"). CERT Mot. ("CERT MTD"), ECF No. 8; Becerra MTD. Becerra also filed a request for judicial notice in conjunction with his motion to dismiss. Req. for Judicial Not., ECF No. 22. Plaintiff has opposed both motions to dismiss. Opp'n to CERT MTD, ECF No. 31; Opp'n to Becerra MTD, ECF No. 30. Defendants replied.[1] CERT Reply, ECF No. 38; Becerra Reply, ECF No. 39. Given their overlapping subject matter and common objective, the court addresses both motions here, differentiating where necessary.

I. DISCUSSION

The gravamen of defendants' motions to dismiss is that the court should dismiss this case in favor of ongoing state proceedings enforcing Proposition 65 with respect to acrylamide against certain members of the California Chamber of Commerce. *See* CERT MTD at 11–13 (citing *CERT v. Starbucks, et al.,* Los Angeles Superior Court Case No. BC435759); Becerra MTD at 6–7 (referring to "multiple pending enforcement proceedings in California state courts"). Specifically, defendant Becerra argues: (1) the court should abstain under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942); and (2) the court should dismiss or stay the action under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). *See generally* Becerra MTD. CERT argues: (1) the court should dismiss the case because it is barred from granting the requested injunction under the Anti-Injunction Act, 28 U.S.C. § 2283; (2) the court should abstain based on the *Rooker-Feldman* doctrine; (3) the court should abstain based on the *Younger* abstention doctrine; and (4) the court should dismiss the complaint under *Colorado River*. *See generally* CERT MTD.

---

[1] After filing an oversized brief on reply, CERT filed an ex parte application to file a brief exceeding 10 pages. ECF No. 41. While it is counsel's responsibility to carefully read and abide by the court's standing orders, the complexity of the issues presented here warrants the extra pages and the court GRANTS the application retroactively.

The court addresses *Brillhart* abstention and the Anti-Injunction Act below and finds dismissal of plaintiff's claims is warranted on these grounds without the need to reach defendants' other arguments at this time.

A. Declaratory Judgments Act & *Brillhart* Abstention[2]

Defendant Becerra argues the court should dismiss this case, because the Declaratory Judgments Act, 28 U.S.C. § 2201, affords the court discretion to abstain from deciding a declaratory judgment action for the "purpose of enhancing 'judicial economy and cooperative federalism.'" Becerra MTD at 14 (citing *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011)). Because the Declaratory Judgments Act uses permissive language when granting courts jurisdiction to hear declaratory judgment actions, "[a] district court may, in its discretion, decline to hear a declaratory judgment action when a related case is pending in state court," *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1158–59 (9th Cir. 2012) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)). *See* 28 U.S.C. § 2201(a) (stating that federal courts "*may* declare the rights and other legal relations of any interested party" in a declaratory judgment action (emphasis added)); *see also Brillhart*, 316 U.S. at 495 (holding federal courts "under no compulsion" to exercise jurisdiction over suits under Declaratory Judgments Act).

1. Whether Plaintiff Pleads an "Independent Claim"

"[T]his discretionary jurisdictional rule does not apply to '[c]laims that exist independent of the request for a declaration.'" *Scotts Co. LLC*, 688 F.3d at 1158–59 (quoting *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998)). Where a case involves a claim for declaratory relief under the Declaratory Judgment Act in addition to a claim for monetary or injunctive relief, "[t]he appropriate inquiry . . . is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." *Snodgrass*, 147 F.3d at 1167. These "independent" claims are instead evaluated under the

---

[2] *Brillhart* abstention is also commonly referred to as *Wilton*/*Brillhart* abstention, referring to the complementary case, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995). *See, e.g.*, R.*R. St. & Co. Inc.*, 656 F.3d at 975.

3

more stringent *Colorado River* abstention doctrine, which the court does not reach at this point. *Scotts Co. LLC*, 688 F.3d at 1158–59 (citation omitted). As a general rule, a court should not decline to entertain a claim for declaratory relief when it is joined with independent claims, unless there is some other basis for abstention. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc) (citation omitted).

Here, plaintiff requests declaratory relief as well as "preliminary and permanent injunctions prohibiting Defendant . . . from enforcing or threatening to enforce the Proposition 65 warning requirement for cancer with respect to acrylamide in food products intended for human consumption." Compl. at 22–23. Becerra argues, correctly, that this claim for injunctive relief is not a separate cause of action, but a remedy, and therefore could not survive independently if the declaratory relief claim were dropped from the case. Becerra Reply at 13 (citing *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action." (citation omitted)).

Plaintiff's complaint brings one "claim for relief" entitled "Violation of the First Amendment to the U.S. Constitution," Compl. at 20, and cites the Declaratory Judgments Act in its prayer for relief, *id.* at 22 (citing 28 U.S.C. § 2201). Nowhere in the complaint does plaintiff invoke the federal statute providing a private cause of action for constitutional violations, 42 U.S.C. § 1983, but it does cite 42 U.S.C. § 1988, which authorizes attorneys' fees in an action under, *inter alia*, § 1983. *Id.* at 23. At hearing, however, counsel for plaintiff clarified plaintiff did not intend to bring a claim under § 1983 but could amend its claim to rely on the statute if given the chance to amend.[3] As currently pled, however, plaintiff's complaint does not bring any claims independent of its declaratory relief claim, and the court may decline to hear the declaratory relief claim in its discretion. *See* 28 U.S.C. § 2201.

2. Whether the Court Should Decline to Entertain Plaintiff's Claims

Though the Supreme Court has "not yet delineated "the outer boundaries of the so-called [*Brillhart*] doctrine," the Ninth Circuit has generally "allowed district courts broad

---

[3] Notably, without a § 1983 claim, the complaint does not provide a basis for awarding fees under § 1988.

4

discretion as long as it furthers the Declaratory Judgment Act's purpose of enhancing 'judicial economy and cooperative federalism,'" *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d at 975 (quoting *Dizol*, 133 F.3d at 1224). Courts generally consider three factors when determining the propriety of entertaining a declaratory judgment action under *Brillhart*: (1) avoiding "needless determination of state law issues"; (2) discouraging "forum shopping"; and (3) avoiding "duplicative litigation." *Id.* (quoting *Dizol*, 133 F.3d at 1225). Here, because the primary legal question is one of federal law, the latter two factors are most relevant and support dismissal.

First, given the timing of plaintiff's filing, it appears plaintiff seeks to proceed in this federal action as a result of the unfavorable decision of the state court in *CERT v. Starbucks*. *See* Becerra MTD at 15. *Brillhart*'s policy rationale of discouraging forum-shopping applies in precisely this situation, "when a party files a suit in federal court in reaction to a pending state court suit on the same issues, seeking a declaration that would influence the outcome of the state litigation." *Hanover Ins. Co. v. Fremont Bank*, 68 F. Supp. 3d 1085, 1111 (N.D. Cal. 2014) (citing *Continental Cas. Co. v. Robsac Industries*, 947 F.2d 1367, 1371–73 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133 F.3d at 1220. This is the kind of "reactive declaratory action" federal courts "should generally decline to entertain," *Dizol*, 133 F.3d at 1225.

Second, plaintiff's declaratory relief claim would likely be duplicative of claims in the roughly 38 ongoing state court proceedings involving acrylamide and Proposition 65 referenced by defendant Becerra. Becerra MTD at 18 (citing Req. for Judicial Not., Ex. 1). As Becerra points out, many of the companies represented by Plaintiff are involved in these state suits, and many have asserted a First Amendment defense, the flip slide of the affirmative First Amendment claim presented here. *Id.* It is in the interest of judicial economy to avoid unnecessarily deciding questions that are being raised before the state courts. *Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997) ("[T]he dispositive question is not whether the pending state proceeding is 'parallel,' but rather, whether there was a procedural vehicle available to the [defendant] in state court to resolve the issues raised in the action filed in federal court."), *overruled on other grounds by Dizol*, 133 F.3d at 1227.

The court's interest in discouraging forum shopping and avoiding duplicative litigation weighs in favor of declining to entertain plaintiff's declaratory relief claim. The court here so declines.

B. The Anti-Injunction Act

Additionally, as CERT argues, the Anti-Injunction Act, 28 U.S.C. § 2283, prevents the court from granting plaintiff's requested relief, because both the requested injunctive relief and the declaratory relief would have the effect of enjoining a state action. CERT MTD at 14. Therefore, the court must dismiss the claims for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

The federal Anti-Injunction Act forbids a federal district court from "grant[ing] an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments," 28 U.S.C. § 2283. The Anti-Injunction Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1100–01 (9th Cir. 2008) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286–87 (1970)). The Act applies equally to prevent a declaratory judgment if it would have the same effect as an injunction. *California v. Randtron*, 69 F. Supp. 2d 1264, 1270 n.5 (E.D. Cal. 1999) ("[T]he Anti–Injunction Act applies to declaratory relief if it would have the same effect as an injunction" (citing *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir.1988)), *aff'd sub nom. People of California v. Randtron*, 268 F.3d 891 (9th Cir. 2001), *opinion amended and superseded on denial of reh'g sub nom. California v. Randtron*, 284 F.3d 969 (9th Cir. 2002). However, the Act "does not preclude injunctions against a lawyer's filing of *prospective* state court actions." *In re GTI Capital Holdings, LLC*, 420 B.R. 1, 11 (Bankr. D. Ariz. 2009) (quoting *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002) (emphasis in original)).

1. Plaintiff's Request for Injunctive Relief

There is no dispute that none of the three express exceptions to the Act's prohibition against a federal court's deciding a case applies here. *See* CERT MTD at 14; Opp'n

to CERT MTD at 12 (omitting any argument regarding exceptions to Act).  Rather, plaintiff's argument against dismissal is twofold: first, plaintiff argues the Anti-Injunction Act is not a jurisdictional statute, and does not set up a threshold bar against this court's exercising jurisdiction at this stage.  Opp'n to CERT MTD at 12.  While the Act is in fact not a jurisdictional statute, *see Prometheus Dev. Co. v. Everest Properties*, 289 F. App'x 211, 212 n.1 (9th Cir. 2008) (citing, *inter alia*, *Smith v. Apple*, 264 U.S. 274, 278–79 (1924)), if the Anti-Injunction Act bars the court from granting plaintiff's requested remedies, it nevertheless warrants a dismissal of the claims under Rule 12(b)(6).  *See, e.g.*, *David V. ex rel. Ohio Legal Rights Serv. v. Bd. of Trustees of Miami Twp.*, No. 1:05 CV 714, 2005 WL 3307346, at *5, 8 (S.D. Ohio Dec. 6, 2005) (finding requested injunction would violate Anti-Injunction Act and dismissing injunction claim "for failure to state a claim").  Second, plaintiff argues the Act does not apply to their injunction request, because plaintiff only seeks injunctive relief from future enforcement actions.  Opp'n to CERT MTD at 12; *see Newby*, 302 F.3d at 301 (injunction against prospective state actions not barred by Anti-Injunction Act) (citing *Dombrowski v. Pfister*, 380 U.S. 479, 485 n.2 (1965)).

      As currently pled, however, plaintiff's request for an injunction is not merely prospective.  *See* Compl. at 22–23 (requesting injunction to prohibit defendant and all those in privity defendant from "enforcing or threatening to enforce the Proposition 65 warning requirement . . . with respect to acrylamide in food products intended for human consumption.").  At hearing, plaintiff argued it need not amend its complaint to narrow the scope of the requested injunction, because counsel had stated on the record that plaintiff will not request retroactive injunctive relief, which plaintiff concedes would be barred under the Anti-Injunction Act.  The court finds this statement insufficient to obviate the need for amendment.  *See Hafiz v. Aurora Loan Servs.*, No. C 09-1963 SI, 2009 WL 2029800, at *4 (N.D. Cal. July 14, 2009) (granting motion to dismiss with leave to amend where plaintiff's arguments in opposition rendered the scope of her request for injunctive relief unclear).  For this additional reason, the court dismisses the First Amendment claim and corresponding request for injunctive relief, while granting plaintiff leave to amend.

/////

2. Plaintiff's Request for Declaratory Relief

"The Anti-Injunction Act also applies to declaratory judgments if those judgments have the same effect as an injunction." *Randtron*, 284 F.3d at 975; *see also Samuels,* 401 U.S. at 72 ("[O]rdinarily a declaratory judgment will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid."). As CERT suggests in its reply, plaintiff's requested declaratory relief, if granted, would effectively enjoin the *CERT v. Starbucks* case, which has been litigated in state court since 2010, CERT MTD, Ex. B[4], ECF No. 8-2, at 3, because it would decide the issue of the defendants' affirmative defense for defendants, thereby undoing the state court's decision issued in 2015, *id.* at 17, and preventing CERT's enforcement action from moving forward. CERT Reply at 8 ("Since CalChamber cannot enjoin CERT from enforcing Proposition 65 in the *CERT v. Starbucks* case, it also cannot obtain a judgment in this case declaring CERT's enforcement of Proposition 65 in the *Starbucks* case to violate the First Amendment."); *see also Monster Beverage Corp. v. Herrera*, No. EDCV1300786VAPOPX, 2013 WL 12131740, at *12 (C.D. Cal. Dec. 16, 2013), *aff'd*, 650 F. App'x 344 (9th Cir. 2016) (finding declaratory relief barred by Anti-Injunction Act where granting relief would "effectively bar all of the [defendant's] claims in the pending state court action, and resolve it just as an injunction would"). Accordingly, plaintiff's claim for declaratory relief is also dismissed without prejudice under the Anti-Injunction Act.

In light of the above, the court need not consider the remaining arguments for abstention, including abstention under *Colorado River Water*. Defendants may renew any arguments the court does not reach here in any future motions to dismiss.

II. REQUEST FOR JUDICIAL NOTICE

In conjunction with his motion to dismiss, defendant Becerra also filed a request for judicial notice, which included, *inter alia*, (1) the dockets in the state court private

---

[4] To the extent necessary, the court judicially notices the existence of the Superior Court's decision in *CERT v. Starbucks, et al.*, Los Angeles Superior Court Case No. BC 435759, attached as Exhibit B to CERT's motion to dismiss. *See* CERT MTD, Ex. B; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

8

enforcement proceedings listed in Exhibit 1 to the request; (2) the consent judgments filed in state court proceedings brought by private Proposition 65 enforcers listed in Exhibit 2 to the request; (3) the dockets in the state court proceedings listed in Exhibit 3 to the request, in which the Attorney General has secured consent judgments; and (4) consent judgments filed in state court enforcement proceedings brought by the Attorney General, which are attached to the request as Exhibits 4 through 6. ECF No. 22. The request is not opposed. The court GRANTS the request for judicial notice as to the existence of these dockets and documents, because they are matters of official public record "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See Reyn's Pasta Bella, LLC*, 442 F.3d at 746 n.6 ("We may take judicial notice of court filings and other matters of public record.").

The remainder of the request is for judicial notice of several administrative reports on acrylamide by the U.S. Environmental Protection Agency, the California Office of Environmental Health Hazard Assessment, the Food and Drug Administration, the International Agency for Research on Cancer, and other similar agencies. *See* Req. for Judicial Not. at 3–4. Because these documents relate to the merits of plaintiff's underlying claim and not to the issues addressed in the motions to dismiss, the court DENIES the request in this respect without prejudice. *See CYBERsitter, LLC v. People's Republic of China*, 805 F. Supp. 2d 958, 964 (C.D. Cal. 2011) (declining to take judicial notice of fact irrelevant to instant motion).

Becerra also filed a second request in conjunction with his Reply, in which he requested judicial notice of (1) a notice of motion and motion to stay filed on November 19, 2019, in *Patten v. Safeway*, Case No. 37-2019-00011824-CU-NP-CTL (Exhibit 1); and (2) a Proposition 65 notice letter against McDonald's dated May 1, 2002, which was downloaded from the Attorney General's website (Exhibit 2). ECF No. 40 at 2. This request is also unopposed. The court GRANTS the request as to the existence of both documents, but not as to the truth of the contents therein. *See Reyn's Pasta Bella, LLC*, 442 F.3d at 746 n.6; *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate for 'records and reports of administrative bodies.'" (citation omitted)).

/////

III. <u>CONCLUSION</u>

Defendants' motions to dismiss are GRANTED in part. Defendant Becerra's first request for judicial notice, ECF No. 27, is GRANTED in part and DENIED in part. Defendant Becerra's second request for judicial notice, ECF No. 40, is GRANTED. Plaintiff may file an amended complaint within 14 days of this order.

Plaintiff's preliminary injunction motion, ECF No. 26, is DENIED without prejudice, as it is based on the dismissed claims. *See Chiu v. BAC Home Loans Servicing, LP*, No. 2:11-CV-01400-ECR, 2012 WL 1902918, at *5 (D. Nev. May 25, 2012) (denying motion for preliminary injunction on the basis plaintiff's related claims were subject to dismissal under Rule 12(b)(6)); *Bonneau v. United States*, No. 10-653-PK, 2010 WL 3419542, at *1 (D. Or. Aug. 30, 2010) (dismissing motion for temporary restraining order on the basis it related to dismissed claims).

This order resolves ECF Nos. 8, 20, 22, 26, 27, 32, 40 and 41.

IT IS SO ORDERED.

DATED: March 2, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE