Trenton H. Norris (CA Bar No. 164781)
Sarah Esmaili (CA Bar No. 206053)
S. Zachary Fayne (CA Bar No. 307288)
David Barnes (CA Bar No. 318547)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone:    415.471.3100
Facsimile:     415.471.3400
trent.norris@arnoldporter.com

Attorneys for California Chamber of Commerce

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CHAMBER OF COMMERCE,<br><br>                    Plaintiff,<br><br>         v.<br><br>XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>                    Defendant. | Civil Action No. 2:19-cv-02019-KJM-EFB<br><br>**PLAINTIFF CALIFORNIA CHAMBER OF COMMERCE'S RESPONSE TO INTERVENOR-DEFENDANT COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS' REQUEST FOR ENTRY OF JUDGMENT**<br><br>Dated:            May 15, 2020<br>Time:             10:00 a.m.<br>Location:       Courtroom 3 (15th Floor)<br>Judge:            Hon. Kimberly J. Mueller<br>Action Filed:  October 7, 2019 |

## INTRODUCTION

Intervenor-Defendant Council for Education and Research on Toxics ("CERT") asks the Court "to enter judgment in favor of CERT and against CalChamber, to clarify that CERT has obtained a dismissal in this matter, and that CERT has prevailed on the claims asserted by CalChamber." ECF No. 73 at 3. As addressed below, Plaintiff California Chamber of Commerce ("CalChamber") does not object to dismissal of CERT because—as it appears—CERT no longer wishes to participate in this litigation. But CERT dramatically overstates the extent to which it is a "prevailing party" and inappropriately asks the Court to adopt this mischaracterization in a formal order. Therefore, pursuant to Fed. R. Civ. P. 41(a)(2), CalChamber respectfully requests that the Court instead enter the Proposed Order and Judgment of Dismissal attached as Exhibit A, which accurately characterizes the procedural posture and circumstances of CERT's dismissal in this case.

## PROCEDURAL BACKGROUND

CalChamber described the history of CERT's participation in this lawsuit in detail in its opposition to CERT's motion for attorneys' fees. *See* ECF No. 68 at 2-7. Therefore, CalChamber only briefly summarizes the relevant procedural background here.

On October 16, 2019, CERT moved to intervene in this case as a party defendant. ECF No. 10. In support of its motion, CERT explained that it was entitled to intervene to protect its interests in the *CERT v. Starbucks, et al.* case pending in Los Angeles Superior Court concerning acrylamide in coffee. *Id.* at 3, 11-13. Two days later, on October 18, 2019, CalChamber filed a statement of non-opposition to CERT's motion to intervene, explaining that it was doing so "[i]n the interest of expediting these proceedings and the Court's consideration of the merits of [CalChamber's] claims." ECF No. 13 at 1. CalChamber also cautioned that its non-opposition "should not be misinterpreted as tacit agreement with CERT's positions on the law or its many misrepresentations of the facts." *Id.* The parties subsequently stipulated to CERT's intervention. ECF No. 28.

On the same day it filed its motion to intervene, CERT also filed a motion to dismiss. ECF No. 8. In its motion, CERT argued that the Court should dismiss CalChamber's Complaint for lack of subject matter jurisdiction pursuant to the Anti-Injunction Act or the *Rooker-Feldman* doctrine or, in the alternative, should abstain under the *Younger* or *Colorado River* doctrines. The Attorney

General filed a separate motion to dismiss CalChamber's Complaint under *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), or, in the alternative, *Colorado River*.

As addressed in CalChamber's opposition to CERT's motion for fees, CalChamber—upon receiving CERT's motion to dismiss—clarified that it does not seek to enjoin or otherwise interfere with pending state court cases, including the *Starbucks* case. Indeed, on November 5, 2019, CalChamber offered to stipulate that it did not seek to enjoin the *Starbucks* case, and CalChamber sent CERT a proposed stipulation to this effect on November 7, 2019. *See* ECF No. 68-4.

On November 8, 2019, CalChamber filed a motion for a preliminary injunction to enjoin *future* enforcement of Proposition 65 with respect to acrylamide in foods. ECF No. 26. On January 16, 2020, CERT filed an opposition to CalChamber's motion for a preliminary injunction, arguing that such an injunction would infringe its First Amendment rights. ECF No. 43.

On March 3, 2020, the Court granted in part the Attorney General's and CERT's motions to dismiss and afforded CalChamber leave to amend. ECF No. 56. First, as to the Attorney General's motion, and addressing an argument not raised by CERT, the Court dismissed CalChamber's First Amendment claim pursuant to *Brillhart* and required CalChamber to assert an "independent" claim for injunctive relief. *Id.* at 4-6. Second, as to CERT's motion, the Court dismissed CalChamber's First Amendment claim without prejudice, requiring CalChamber to clarify that its request for an injunction was only prospective. *Id.* at 7-8. The Court also denied CalChamber's preliminary injunction motion without prejudice because it was based on the dismissed claims. *Id.* at 10.

CalChamber filed an Amended Complaint on March 16, 2020 (ECF No. 57) to address the issues identified in the Court's March 3 Order. CalChamber did not name CERT as a defendant in its Amended Complaint, just as it had not named CERT as a defendant in its original Complaint.

On March 30, 2019, CERT filed a motion for attorneys' fees. ECF No. 59. In its motion, CERT deemed itself to have been dismissed because CalChamber did not include CalChamber in the caption of its Amended Complaint. *Id.* at 9-10. CERT now asks the Court to enter judgment formally dismissing CERT from the case.

**ARGUMENT**

CalChamber does not object to CERT's dismissal because it appears CERT no longer wishes

1  to participate in this litigation.  As addressed above and in CalChamber's opposition to CERT's
2  motion for attorneys' fees (ECF No. 68 at 2-3), CERT made clear that it was intervening because of
3  this case's potential to impact the *Starbucks* litigation.  CalChamber's Amended Complaint, which
4  formalizes CalChamber's position that it does not seek relief in connection with pending state court
5  cases, obviously addresses this concern.  Indeed, as CalChamber explained in its opposition to
6  CERT's motion for fees (*id.* at 4-6, 11-13), it was unnecessary for CERT to participate in this case in
7  the first place.  Had CERT's counsel met and conferred with CalChamber's counsel prior to
8  intervening and moving to dismiss, as required by this Court's Standing Orders (ECF No. 3-1),
9  CERT would have learned that CalChamber did not intend to enjoin the *Starbucks* case, as
10 CalChamber offered to stipulate within a reasonable period after learning of CERT's concern.  In any
11 event, CalChamber has attached a Proposed Order and Judgment of Dismissal that makes clear—
12 consistent with this Court's ruling under the Anti-Injunction Act—that CalChamber's First
13 Amendment claim is dismissed as to pending state court cases, including the *Starbucks* case, and
14 CERT is dismissed on this basis.

15      CERT, however, requests that the Court broadly declare that "CERT prevailed on its defense
16 of CalChamber's claims in the original complaint, and that CERT is a prevailing defendant in this
17 case."  ECF No. 74 at 5.  There is no support in the record for such a ruling.  The Court has yet to
18 adjudicate the merits of CalChamber's First Amendment claim, and thus there is no basis to find that
19 CERT prevailed in full on its defense of the claims asserted in CalChamber's original Complaint.
20 Moreover, it is unnecessary for the Court to address whether CERT is a "prevailing party" in order to
21 resolve CERT's request for entry of judgment.  The Court instead should address the extent to which
22 CERT is a "prevailing party" in the context of CERT's motion for attorneys' fees, as necessary, and
23 need not resolve that issue in entering judgment to dismiss CERT from the case.[1]

24      Further, CERT's request that the Court declare that CERT is a "prevailing party" because it
25 "prevailed" on its opposition to CalChamber's motion for a preliminary injunction and motion to

---

[1] Importantly, even if the Court finds that CERT is a "prevailing party," CERT still must satisfy the other requirements of California Code of Civil Procedure § 1021.5 or 42 U.S.C. § 1988 in order to establish its entitlement to a fee award.  *See generally* ECF No. 68.  In other words, being a prevailing party is a necessary but not sufficient condition for an award of attorneys' fees.

intervene (ECF No. 74 at 4-5) is entirely misplaced. The Court denied CalChamber's motion for a preliminary injunction *without prejudice* because the motion was based on the dismissed claims (ECF No. 56 at 10), and therefore the Court did not address the merits of CalChamber's motion or CERT's arguments in opposition. The Court's ruling does not preclude CalChamber from filing a renewed motion for a preliminary injunction, and therefore it did not materially alter the legal relationship between the parties such that CERT could be considered a "prevailing party." *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 604 (2001) (a party is a "prevailing party" only where there has been a "material alteration of the legal relationship between the parties"). The same is true for CERT's motion to intervene. That procedural motion—which in any event was uncontested—did not materially alter the legal relationship between the parties.

CERT nevertheless seems to suggest that CalChamber voluntarily dismissed all of its claims against CERT by not naming CERT as a defendant in its Amended Complaint. But CalChamber never asserted claims directly against CERT, nor does CalChamber have the power to unilaterally dismiss CERT at this stage of the litigation. *See* Fed. R. Civ. P. 41(a)(1). Indeed, CalChamber is not aware of any authority for the proposition that failure to name a *defendant-intervenor* in an amended complaint operates as a dismissal, and the cases CERT cites in this regard (ECF No. 74 at 3) are inapposite. In those cases, the plaintiffs initially sought relief against several *named* defendants, and then amended their complaints to omit a subset of those previously-named defendants, in most cases as a matter of right under Fed. R. Civ. P. 15(a). *See Zimmerman v. Emmons*, 225 F.2d 97, 98 n.2 (9th Cir. 1955); *Attorneys' Liability Protection Soc. v. Klein*, 929 F. Supp 1399, 1400 (D. Kan. 1996); *Courser v. Allard*, No. 1:16-cv-1108, 2018 WL 2447970, at *4 (W.D. Mich. May 31, 2018). Here, in contrast, CalChamber *never* named CERT as a defendant. Thus, when CalChamber amended its Complaint, it continued to name the Attorney General as the sole defendant.

In sum, CalChamber does not object to CERT's dismissal and indeed agrees that such a dismissal is appropriate because CERT believes it has achieved its objective in this case—namely, to ensure that this Court does not enjoin or otherwise interfere with the *Starbucks* case. But CERT oversteps in seeking an order that could be interpreted as a judgment on the merits of CalChamber's First Amendment claim, which is simply not supported by the record. Therefore, CalChamber

proposes an alternative order that more accurately characterizes the procedural posture of CERT's dismissal.

## CONCLUSION

For these reasons, CalChamber respectfully requests that the Court enter the Proposed Order and Judgment of Dismissal attached as Exhibit A pursuant to Fed. R. Civ. P. 41(a)(2).


Dated:  May 15, 2020               Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/ *Trenton H. Norris*
    Trenton H. Norris
    Sarah Esmaili
    S. Zachary Fayne
    David Barnes

*Attorneys for California Chamber of Commerce*