Trenton H. Norris (CA Bar No. 164781)
Sarah Esmaili (CA Bar No. 206053)
S. Zachary Fayne (CA Bar No. 307288)
David Barnes (CA Bar No. 318547)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone:    415.471.3100
Facsimile:    415.471.3400
trent.norris@arnoldporter.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CHAMBER OF COMMERCE,<br><br>                    Plaintiff,<br><br>      v.<br><br>XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>                    Defendant. | Civil Action No. 2:19-cv-02019-KJM-EFB<br><br>**PLAINTIFF CALIFORNIA CHAMBER OF COMMERCE'S OPPOSITION TO DEFENDANT COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS' EX PARTE APPLICATION FOR AN ORDER STAYING PRELIMINARY INJUNCTION** |

Plaintiff California Chamber of Commerce ("CalChamber") opposes Defendant-Intervenor Council for Education and Research on Toxics' ("CERT's") Ex Parte Application for an Order Staying the Court's Preliminary Injunction (ECF No. 116). As addressed below, CERT's basis for seeking a stay is nothing more than a recitation of the prior restraint argument that this Court already rejected. Indeed, CERT provides no new evidence or authority, and its accusation that the Court failed to consider evidence submitted by CERT is both unfounded and misplaced. The Court should reject CERT's invitation to effectively reconsider and reverse its preliminary injunction decision.

## I.  LEGAL STANDARD

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Niken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). Rather, a stay is "an exercise of judicial discretion" and "the propriety of its issue is dependent upon the circumstances of a particular case." *Id.* The party seeking a stay bears the burden of showing the exercise of this discretion is appropriate. *Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017) (quoting *Niken*, 556 U.S. at 433-34).

Courts consider four factors in deciding whether to stay an injunction: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Washington v. Trump*, 847 F.3d at 1164. The first two factors are the most critical. *Id.* (citing *Niken*, 556 U.S. at 434).

CERT's Ex Parte Application makes no mention of these factors.[1] Instead, CERT contends that a stay is warranted for two reasons, both of which are meritless.

## II.  THE COURT SHOULD REJECT CERT'S INVITATION TO RECONSIDER ITS DECISION ON THE PRIOR RESTRAINT ISSUE.

The gravamen of CERT's Ex Parte Application is that a stay is warranted because "CERT and its counsel firmly believe that the preliminary injunction issued by the Court . . . constitutes an unlawful prior restraint" on CERT's petition rights. ECF 116 at 2. CERT does not present any new evidence or

---

[1] CERT's Ex Parte Application and supporting declaration also fail to include information required by the Court's Standing Order. *See* ECF 3-1 at ¶ 6 (providing that ex parte applications "must indicate whether or not an opposition will be filed" and that supporting declarations must explain "why such request cannot be noticed on the court's motion calendar as provided by Local Rule 230").

-1-

authority in support of this position.  Instead, CERT simply repeats the prior restraint argument that this Court already rejected in granting CalChamber's motion for a preliminary injunction, including a verbatim recitation of almost a full page of state law authority from its prior opposition brief. *Compare* ECF 116 at 2:21-3:14, *and* ECF 100 10:8-28.

In other words, CERT effectively asks the Court to reconsider its preliminary injunction ruling—both because a stay would have the practical effect of negating the relief provided by the preliminary injunction, and because the legal standards for issuing stays and injunctions exist in close parallel. *See VanLeeuwen v. Farm Credit Admin.*, 577 F. Supp. 264, 272 (D. Ore. 1983) (treating motion to stay preliminary injunction as a motion for reconsideration).  But CERT provides no basis for reconsideration, and courts have held repeatedly that a motion for reconsideration is not an avenue for a party to repeat an argument the court has already rejected. *Cnty of Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1209 (N.D. Cal. 2017) ("A motion for reconsideration should not be used to ask the Court to rethink what it has already thought.") (internal citation and quotation marks omitted); *Hicks v. Hamkar*, No. 13-cv-01687-KJM-DB, 2017 WL 3105643 (E.D. Cal. July 21, 2017) ("Nor is reconsideration to be used to ask the court to rethink what it has already thought through.").

A motion for stay is likewise an inappropriate vehicle for a party to rehash an argument.  The Court has already considered CERT's prior restraint authorities—all of which involve the censorship of speech, not petitioning activities—and found that they do not support CERT's sweeping proposition that courts have no authority to enjoin unconstitutional statutes containing a citizen suit provision. *See* ECF 114 at 18-19 ("CERT cites no decision denying a preliminary injunction against likely unconstitutional private litigation because the injunction would amount to a prior restraint.  The Court's own searches have uncovered no such case.").  CERT's second bite at the apple with this argument likewise fails to establish its likelihood of success on the merits, as required for a stay.

**III.   CERT'S CONTENTION THAT THE COURT FAILED TO CONSIDER EVIDENCE IS MISPLACED.**

CERT also contends (at 4) that a stay is appropriate because the Court issued the preliminary injunction "without considering the testimony submitted by CERT of the many esteemed scientists who testified at the trial of the First Amendment defense [sic] the *CERT v. Starbucks* case in 2014."

The Court's Order refutes this accusation, noting that "[t]he State and CERT both oppose the motion. Each argues separately that the Chamber has not met its obligations to show that a preliminary injunction should be granted under the test in [*Winter*] . . . *See* Cal. Opp'n at 9-20, ECF No. 101; **CERT Opp'n at 17, ECF No. 100**." (emphasis added). The Court's decisions, of course, are not required to cite every piece of evidence in the record. *See Enyart v. Natl. Conf. of Bar Examiners, Inc.*, 630 F.3d 1153, 1159 (9th Cir. 2011) ("We may affirm the district court on any ground supported by the record.").

Regardless, the *CERT v. Starbucks* trial testimony carries little, if any weight, in this case. Not only did the *Starbucks* case concern only coffee, but the State later determined that coffee *does not* pose a significant risk of cancer. *See* Cal. Code Regs., tit. 27, § 25704. As such, the testimony from *Starbucks* cannot possibly establish the truth of compelled cancer warnings for acrylamide in all food and beverage products. If anything, this testimony provides further support for the Court's finding that there is a dispute as to whether dietary acrylamide causes cancer, and thus compelled cancer warnings for acrylamide are not "purely factual and uncontroversial." *See* ECF 114 at 23 ("In short, the safe harbor warning is controversial because it elevates one side of a legitimately unresolved scientific debate about whether eating foods and drinks containing acrylamide increases the risk of cancer.").

## IV. CERT DOES NOT MEET ITS BURDEN TO SHOW A STAY IS WARRANTED.

CERT has not satisfied its burden to show that a stay is warranted under the relevant factors (*see* p. 1, *supra*), nor could it. First, CERT provides no new evidence or arguments to refute the Court's finding that CalChamber "is likely to succeed on the merits of its First Amendment claims" and that the prior restraint doctrine does not bar the relief CalChamber seeks here. *See* ECF 114 at 20, 28. Second, the temporary suspension of CERT's ability to bring private enforcement actions does not cause irreparable harm to CERT; CERT could resume its enforcement activity if the Ninth Circuit were to rule that the preliminary injunction was wrongly issued. Third, issuance of a stay would substantially injure CalChamber, which has asserted a meritorious (and therefore far more than colorable) First Amendment claim. *Am. Bev. Ass'n v. City & Cnty of San Francisco*, 916 F.3d 749, 758 (9th Cir. 2019) (en banc); ECF 114 at 29-30. Fourth, the public interest lies in maintaining the preliminary injunction and upholding First Amendment principles. *Id*.

## V. CONCLUSION

For these reasons, the Court should deny CERT's Ex Parte Application.

Dated: April 13, 2021

By: */s/ Trenton H. Norris*
Trenton H. Norris (CA Bar No. 164781)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Tel:  (415) 471-3100
trent.norris@arnoldporter.com