UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| California Chamber of Commerce, | No. 2:19-cv-02019-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Xavier Becerra in his official capacity as Attorney General of the State of California, | |
| Defendant. | |

The Center for Education and Research on Toxics (CERT), an intervenor defendant in this action, applies ex parte to stay this court's order granting a preliminary injunction. *See* Ex Parte App., ECF No. 116; Prev. Order, ECF No. 116. The California Chamber of Commerce opposes CERT's ex parte application. Opp'n, ECF No. 117. The deadline for oppositions to ex parte applications under this court's standing order has expired without any statement by the Attorney General.[1] *Cf.* Metzger Decl. ¶ 3, ECF No. 116 ("Prior to filing this application, I contacted counsel of record for all parties to this action, to ascertain whether they would stipulate to the stay

---

[1] While Xavier Becerra is still identified in the caption of this case as the defendant Attorney General, his successor will be substituted in once confirmed to the post. Fed. R. Civ. P. 25.

1

requested herein. . . . Counsel for Defendant, Xavier Becerra, advised that the Attorney General was in the process of evaluating the matter.").

A stay is an exercise of judicial discretion in light of the "circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). The factors that inform a decision to stay pending appeal are essentially the same factors applicable to a motion for a preliminary injunction. "A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." *Humane Soc. of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

As explained in this court's previous order, CERT is not likely to succeed in its claims that a preliminary injunction is an unconstitutional prior restraint or that it is entitled to summary judgment under the *Noerr–Pennington* doctrine. *See* Prev. Order at 13–20. Nor has CERT shown that it will suffer irreparable harm. It may resume private enforcement actions under Proposition 65 if judgment is ultimately entered in its favor or if the preliminary injunction is dissolved, and it has many other avenues for alerting consumers and the public to the dangers of acrylamide. Finally, as explained in this court's previous order, the balance of equities and public interest favor the narrow preliminary injunction this court has imposed. *See id.* at 28–31.

The ex parte application for a stay pending appeal is **denied**.

This order resolves ECF No. 116.

IT IS SO ORDERED.

DATED: April 15, 2021.

CHIEF UNITED STATES DISTRICT JUDGE