UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| California Chamber of Commerce,<br><br>    Plaintiff,<br><br>    v.<br><br>Rob Bonta in his official capacity as Attorney General of the State of California,<br><br>    Defendant.<br><br>    and<br><br>Council for Education and Research on Toxics,<br><br>    Defendant-Intervenor | No. 2:19-cv-02019-KJM-JDP<br><br>ORDER |

       The Chemical Toxin Working Group, doing business as Healthy Living Foundation or "HLF," applies ex parte for leave to intervene as a defendant and to file an appeal as a nonparty. ECF No. 128. It requests relief on an expedited basis. **The ex parte application is denied**.

       In this case, the California Chamber of Commerce contends a California law commonly known as "Proposition 65" violates the First Amendment by requiring warnings about the dangers of acrylamide in food and drinks. In a previous order, the court granted the Chamber's motion for a preliminary injunction barring new private enforcement actions, which are permitted by

1

California law.  *See* Prev. Order, ECF No. 114.  The California Attorney General, the only defendant named in the Chamber's complaint, did not appeal that order.  But the Council for Education and Research on Toxics or "CERT," which intervened as a defendant early in this litigation, did file an interlocutory appeal.  *See* Not. of Appeal, ECF No. 119.  CERT is a public benefit corporation that commonly litigates private enforcement actions about acrylamide in food and drinks.

After the court granted the Chamber's motion for a preliminary injunction, and after CERT appealed, HLF filed documents challenging the preliminary injunction and requesting leave to file an appeal.  Like CERT, HLF has litigated private enforcement actions about acrylamide.  Unlike CERT, however, HLF is not a party to this litigation.  Nor did its filing, which expressly describes itself as a motion,[1] comply with the motion-related provisions of this District's local rules and this court's standing orders.  For example, the motion did not notice a hearing date, and it did not include a certification that counsel had attempted to meet and confer with the other parties.  *See* E.D. Cal. L.R. 230; Standing Order at 3, ECF No. 3.  The motion's title on the CM/ECF system also is incorrect.  Rather than a "motion," counsel filed the document as a "Notice of Appeal."  ECF No. 122.  The Clerk's Office processed the motion as a notice of appeal.  ECF No. 123.  As a result of these shortcomings, the court denied HLF's motion without prejudice to renewal, and the incorrectly titled notice of appeal was stricken.  *See* ECF No. 125.

HLF did not renew its motion for about two more weeks.  *See* Ex Parte App., ECF No. 128.  When it did, in addition to requesting leave to file an appeal, HLF made clear it was also moving for leave to intervene as a defendant.  *See id.*  But instead of filing and noticing a motion, HLF applied for relief ex parte, asking the court to set an expedited briefing schedule and hearing.  The Attorney General and the Chamber both oppose the ex parte application.  *See* Cal. Opp'n, ECF No. 130; Chamber Opp'n, ECF No. 131.  HLF requested leave to file a reply.  *See* Reply, ECF No. 132.  That request is **granted**.  The proposed reply is **deemed filed**.

---

[1] The title of its first filing was "Notice of Motion and Motion . . . for Leave to File Appeal," and the attached memorandum confirmed the filing was a request for permission from this court to appeal.  *See* ECF No. 122; *see also* ECF No 122-1 (attaching a proposed notice of appeal).

The threshold question is whether the court should entertain HLF's request for a decision on an expedited schedule. This court's standing order for civil cases requires a party requesting such relief ex parte to include an affidavit with a "satisfactory explanation" of, among other things, why its request "cannot be noticed on the court's law and motion calendar as provided by Local Rule 230." Chief Judge Kimberly J. Mueller Standing Orders for Civil Cases.[2] This requirement implements the presumption that the time-tested schedules and safeguards imposed by the Federal Rules of Civil Procedure are the fair and reliable way to resolve motions in civil litigation. *See, e.g.*, *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). This presumption, in turn, prevents ex parte applications from becoming a tool "for parties who have failed to present requests when they should have." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). Ex parte applications "should not be used as a way to 'cut in line' ahead of those litigants awaiting determination of their properly noticed and timely filed motions." *Id.*

Here, HLF explained its urgency by citing the deadlines imposed by Federal Rule of Appellate Procedure 4 and by pointing out that opening briefs in the appeal it wishes to join were due before this court's next available civil law and motion hearing date. *See* Ex Parte App. at 1, 18–19. It also claims it did not know about this case until after the court imposed a preliminary injunction. *See id.* at 2–3. There are three problems with this explanation.

The first problem is HLF's failure to participate in this litigation in the year and a half it has been pending. *See* Compl., ECF No. 1 (filed October 7, 2019). Soon after the Chamber filed its original complaint, it served a notice of this action on Andre A. Khansari, who has often represented HLF in private enforcement actions about acrylamide under Proposition 65, and who has requested that "all communications" about HLF's Proposition 65 notices be sent to him. *See* Norris Decl. ¶¶ 3–4, ECF No. 131-1. Mr. Khansari forwarded the notice to HLF's Chief Officer, who admits he received it at that time in what he describes as his "old mail box." *See* Steinman Decl. at 2, ECF No. 128-4. It is unclear from his declaration whether he had forgotten the notice

---

[2] http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5020/standing-orders/, last visited May 24, 2021.

or had not reviewed it. *See id.* A year later, the Chamber served an additional notice on Katherine Van Meurs, another attorney representing HLF in private litigation about Proposition 65. *See id.* ¶ 7. Like Mr. Khansari, Ms. Van Meurs has requested that her office receive communications about HLF's Proposition 65 litigation. *See id.* ¶ 8. According to HLF's Chief Officer, Ms. Van Meurs did not forward the notice she received from the Chamber of Commerce. Steinman Decl. at 2. The reason is unclear. HLF's Chief Officer believes he should also have received a notice of this litigation because he is HLF's agent for service of process and because Mr. Khansari and Ms. Van Meurs were not HLF's counsel of record. *See* Steinman Decl. at 2. But HLF is not a party to this action, so it had no counsel of record, and as summarized above, Mr. Khansari and Ms. Van Meurs have in fact requested that communications about Proposition 65 notices be sent to them. In addition to these notices, the Chamber also cites articles about this case in publications such as the National Law Review, Law360 and Reuters. *See* Norris Decl. ¶¶ 24–40. HLF does not explain its ignorance of these articles.

Sometimes deadlines pass and delays accrue as a result of "excusable neglect," and if so, urgent relief may yet be available. *See Mission Power*, 883 F. Supp. at 492 (ex parte applications are ordinarily denied unless "the moving party is without fault in creating the crisis that requires ex parte relief" or "the crisis occurred as a result of excusable neglect"). A party who claims its neglect was excusable must normally show that is the case under the four factors the Supreme Court described in *Pioneer Investor Services, Co. v. Brunswick Associates, Ltd.*: the length of the delay and its potential impact on the proceedings, the reason for the delay, the danger of prejudice, and whether the movant acted in good faith. *See* 507 U.S. 380, 395 (1993). HLF has not shown its neglect was "excusable" under this standard. Its delay was long and appears to have been the result of inattention or apathy among its officers and retained counsel. Its delays also imposed an unfairly tight timeline on the Attorney General and the Chamber of Commerce, not to mention HLF itself. Accelerated briefing and hearing deadlines force unnecessary errors and divert a court's attention from other urgent matters. *See Mission Power*, 883 F. Supp. at 491–92. The court cannot discern good faith in HLF's actions. HLF could have renewed its original

/////

motion quickly after it was denied without prejudice, and it could have worked with the Attorney General and the Chamber of Commerce to find a practicable briefing and hearing schedule.

HLF's second problem is its alternative to ex parte relief. The court has granted a preliminary injunction here, not a permanent injunction. Nothing prevents HLF from moving to intervene on the ordinary schedule, and if the court granted its motion, it could participate in the remainder of this litigation. A pretrial schedule will soon be set, and the case will move forward through discovery, dispositive motion practice and a trial if necessary. *See* Minute Order, ECF No. 127 (setting status (pretrial scheduling) conference for July 8, 2021). HLF could also move to intervene on an ordinary timeline without losing the opportunity to seek reconsideration or the dissolution of the preliminary injunction. HLF also has options for participating in CERT's appeal. It could advocate as an amicus curiae. And if, as HLF argues, the Ninth Circuit can permit an appeal by a nonparty without this court's blessing, *see* Reply at 9–10, then HLF may seek that relief from the Circuit directly.

HLF's third problem is the briefing deadline it cites to explain its need for urgency. It waited more than two weeks before renewing its request for leave to file an appeal, but by then, opening briefs were already due in the appeal it asks to join. *See id.* at 1. CERT had in fact already filed its opening brief. *See* Opening Br., *Cal. Chamber of Commerce v. Becerra*, No. 21-15745 (9th Cir. filed May 19, 2021), Dkt. No. 11. So even if the court were to consider HLF's motion on an accelerated track and then grant the relief it seeks, it is unclear whether HLF could participate as an appellant.

In sum, if HLF had participated in this case during the last year and half, as CERT has done, then it would not have needed to scramble for relief at the last minute. It could have moved to dismiss and for summary judgment. It could have opposed the motion for a preliminary injunction. It could have filed a timely notice of appeal. Moreover, it has adequate alternatives to expedited relief. This court's heavy caseload in particular prevents it from entertaining urgent ex parte requests for relief that, like this one, are not truly necessary.

The court therefore orders as follows: (1) The request for leave to file a reply at ECF No. 132 is **granted**. The proposed reply is **deemed filed**. (2) The ex parte application at ECF

No. 128 is **denied without prejudice** to a motion to intervene noticed and filed in compliance with this District's local rules and this court's standing orders.

This order resolves ECF No. 128 and 132.

IT IS SO ORDERED.

DATED: May 25, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE