ROB BONTA
Attorney General of California
DENNIS RAGEN, State Bar No. 106468
Acting Supervising Deputy Attorney General
LAURA ZUCKERMAN, State Bar No. 161896
JOSHUA R. PURTLE, State Bar No. 298215
Deputy Attorneys General
  1515 Clay Street, Suite 2000
  Oakland, CA 94611
  Telephone: (510) 879-0098
  Fax: (510) 622-2270
  E-mail: Joshua.Purtle@doj.ca.gov
*Attorneys for Rob Bonta in his Official
Capacity as Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA CHAMBER OF COMMERCE,**<br><br>                               Plaintiff,<br><br>v.<br><br>**ROB BONTA, in his Official Capacity as Attorney General of the State of California,**<br><br>                               Defendant.<br><br>and<br><br>**COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS,**<br><br>                               Defendant-Intervenor. | 2:19-CV-02019-KJM-JDP<br><br>**ATTORNEY GENERAL ROB BONTA'S OPPOSITION TO HEALTHY LIVING FOUNDATION'S MOTION TO INTERVENE**<br><br>Judge:       Hon. Kimberly J. Mueller<br>Date:        August 6, 2021<br>Time:       10 a.m.<br>Room:     3 (15th Floor)<br>Action Filed: October 7, 2019 |

## INTRODUCTION

Chemical Toxin Working Group Inc. (CTWG) dba Healthy Living Foundation Inc. (HLF), which did not attempt to intervene as a defendant for *nineteen months* after the complaint was filed, now seeks leave to intervene in this matter. The motion to intervene should be denied because it is untimely and because HLF's interests are adequately represented by the existing parties.

## BACKGROUND

The California Chamber of Commerce ("CalChamber") filed the above-entitled action on October 7, 2019, naming the Attorney General as the sole defendant. ECF No. 1. CalChamber served a copy of the action on HLF through its counsel, Andre A. Khansari, on October 17, 2019. ECF No. 11. Defendant-Intervenor Council for Education and Research on Toxics (CERT) filed its motion to intervene days after the action was filed, on October 16, 2019. ECF No. 10.

After this Court entered an order granting CalChamber's motion for preliminary injunction on March 30, 2021, ECF No. 114, CTWG attempted to appeal the Court's order as a nonparty, filing a motion for leave to appeal on April 29, 2021. ECF No. 122. (CERT filed a separate appeal from the preliminary injunction order on April 21. ECF No. 119.) Because CTWG failed to comply with the Court's Local Rules, the Court struck the motion without prejudice to renewal on May 5, 2021. ECF No. 125.

More than two weeks later, on May 20, 2021, CTWG, then filing as HLF, applied *ex parte* for expedited briefing and hearing on a motion to intervene and a renewed motion for leave to file an appeal. ECF No. 128. CalChamber and the Attorney General both opposed HLF's application. ECF Nos. 130, 131. The Court denied HLF's *ex parte* application on the ground that HLF had failed to demonstrate the need for expedited relief. *See* ECF No. 133 at 4-5 (noting, among other things, that HLF's delay "was long and appears to have been the result of inattention or apathy among its officers and retained counsel" and that CERT had already filed its opening brief in the appeal).

HLF now seeks to enter this proceeding a third time, more than twenty months after the case began.

1

**ARGUMENT**

**I.  HLF IS NOT ENTITLED TO INTERVENE AS OF RIGHT.**

To intervene as of right under Federal Civil Rule 24(a), a proposed intervenor must show all of the following: (1) it has a significant protectable interest in the action, (2) disposition of the action "may as a practical matter impair or impede the movant's ability to protect its interest," (3) the application is timely, and (4) the existing parties may not adequately represent the proposed intervenor's interests. Fed. R. Civ. P. 24(a); *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

HLF cannot meet this standard because its motion is untimely and any interest it has in this matter is adequately represented by the Attorney General and CERT.

**A.  HLF's Motion to Intervene is Untimely.**

HLF's motion to intervene is untimely, as HLF filed it twenty months after the complaint was filed, without any valid excuse for the delay. *See Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002). "[T]he timeliness inquiry centers on how diligently the putative intervenor has acted once he has received actual or constructive notice of the impending threat." *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 8 (1st Cir. 2009). "[A]ny substantial lapse of time weighs heavily against intervention." *League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir. 1997) (quotation omitted).

Here, CTWG, dba HLF, received notice of this action in October 2019, more than twenty months ago. *See* ECF No. 11 at 4 (certificate of service of complaint on counsel for CTWG). In that time, the parties have litigated two motions to dismiss and a motion for preliminary injunction, and the Court has already substantially engaged with the merits. The parties are currently negotiating a plan for proceeding with the case, including the scope of discovery (if any) and a schedule for expert witness disclosures, which they will submit to the Court prior to the August 6 case management conference. Intervention at this stage would unduly disrupt the litigation and prejudice the existing parties. *Smith v. Marsh*, 194 F.3d 1045, 1051 (9th Cir. 1999) (intervention motion was untimely where movant waited fifteen months to intervene "and many

1 substantive and procedural issues had already been settled"); *League of United Latin Am. Citizens*, 131 F.3d at 1302-03.

HLF attempts to excuse its delay by arguing that it did not receive notice of this matter until the Court issued its preliminary injunction order, *see* ECF No. 136 at 18-20, but the Court has already considered and rejected that argument in denying HLF's request for expedited relief. *See* ECF No. 133 at 3-4 (noting that HLF's "delay was long and appears to have been the result of inattention or apathy among its officers and retained counsel."). HLF's unexcused and unreasonable delay precludes its request for intervention. *See Cal. Dep't of Toxic Substances Control*, 309 F.3d at 1119 ("If we find that the motion to intervene was not timely, we need not address any of the remaining elements.").[1]

**B. HLF's Interests are Adequately Represented by the Existing Parties.**

HLF further cannot show that the Attorney General's representation of its interests in this matter is, or even "may be," inadequate. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996). Actions under Proposition 65 may be filed by private enforcers like HLF only "in the public interest," not in the interest of the individual private enforcers. *See* Cal. Health and Safety Code § 25249.7(d). HLF therefore does not have an interest in this litigation in the traditional sense of its standing as an organization; rather, the interest it pursues is the public interest, and is identical to the Attorney General's interest.

The Attorney General and HLF thus share "the same ultimate objective"—protecting the public interest by enforcing Proposition 65 with respect to acrylamide in food products. *Arakaki*, 324 F.3d at 1086. The Court presumes that the Attorney General adequately represents that shared interest. *Id.* ("In the absence of a very compelling showing to the contrary, it will be presumed that a state adequately represents its citizens when the applicant shares the same interest."). HLF cannot overcome that presumption here: as the lead public enforcer of the

---

[1] HLF argues that the relevant date for determining whether its motion is untimely is when HLF learned that the Attorney General would not appeal, ECF No. 136 at 20-21, but, as explained further below, HLF's disagreement with the Attorney General's litigation strategy does not demonstrate that the Attorney General is not adequately representing HLF's interest in this matter. The Attorney General's decision not to appeal therefore did not reset the clock for intervention.

3

statute, and the chief law officer of the State, the Attorney General necessarily represents the public interest. *See* Cal. Const., art. V, § 13; *Camp v. Bd. of Supervisors*, 123 Cal. App. 3d 334, 353 (1981).

HLF nevertheless claims that the Attorney General's decision not to appeal the preliminary injunction proves that the Attorney General does not adequately represent HLF's interests, going so far as to disparage the Attorney General's litigation decision as "nonfeasance or collusion." ECF No. 136 at 24. HLF's disagreement with the Attorney General's litigation strategy does not, however, provide a basis for intervention as of right. *Arakaki*, 324 F.3d at 1086 ("Where parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention."). HLF's baseless allegation that the Attorney General is involved in "collusion" with CalChamber, ECF No. 136 at 24, is likewise not sufficient to justify intervention. *Pub. Serv. Co. of N.H. v. Patch,* 136 F3d 197, 207 (1st Cir. 1998) ("A party that seeks to intervene as of right must produce some tangible basis to support a claim of purported inadequacy.").

Even if a private enforcer like HLF had a distinct interest in this matter—which it does not—CERT adequately represents that interest. *Arakaki*, 324 F.3d at 1086. ("If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation"). Indeed, HLF's complaint that the Attorney General did not appeal the preliminary injunction is a moot point, because CERT is pursuing an appeal.[2] HLF attempts to characterize its interests as distinct from CERT's by alleging a unique "expertise" concerning the issues in this matter, ECF No. 136 at 26, but HLF's supposed superior knowledge of the science on acrylamide is irrelevant to whether the existing parties adequately represent its interests.

For these reasons, the Court should deny HLF's request to intervene as of right.

---

[2] In fact, the Ninth Circuit granted CERT's motion to stay this Court's preliminary injunction as to all private enforcers pending CERT's appeal. *See* Order, *Cal. Chamber of Commerce v. Bonta*, Case No. 21-15745 (May 27, 2021). Thus, HLF, like CERT and other private enforcers, can file enforcement actions regarding acrylamide pending resolution of CERT's appeal in the Ninth Circuit.

4

1   **II.**   **PERMISSIVE INTERVENTION IS NOT WARRANTED.**

Permissive intervention under Rule 24(b)(1)(B) is not appropriate here, either. First, as discussed, HLF failed to file a "timely motion," as required by the Rule. Fed. R. Civ. P. 24(b)(1). Further, that HLF may have a "defense that shares with the main action a common question of law or fact" is not enough standing alone to warrant permissive intervention. *Id.* 24(b)(1)(B). To hold otherwise could "open the floodgates to additional proposed intervenors," including the numerous other private enforcers who are similarly situated to HLF. *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853, n.12 (9th Cir. 2016) (noting that district court denied permissive intervention to avoid "open[ing] the floodgates" and causing prejudice to existing parties).

## CONCLUSION

HLF's motion to intervene is untimely, and in three filings it has failed to provide any valid excuse for its now twenty-month delay in moving to join these proceedings. HLF further cannot demonstrate that the Attorney General and CERT do not adequately represent HLF's interests in this matter. For these reasons, the motion to intervene should be denied.

Dated: July 1, 2021                                        Respectfully Submitted,

                                                                         ROB BONTA
                                                                         Attorney General of California
                                                                         DENNIS RAGEN
                                                                         Acting Supervising Deputy Attorney General

                                                                         /s/ *Joshua R. Purtle*
                                                                         JOSHUA R. PURTLE
                                                                         Deputy Attorney General
                                                                         *Attorneys for Rob Bonta in his Official Capacity as Attorney General of the State of California*