F:\WP\Cases\1887\RESEARCH\Judicial Disqualification\Motion to Disqualify Judge Mueller-rev2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
RAPHAEL METZGER, ESQ., SBN 116020
SCOTT P. BRUST, ESQ., SBN 215951
555 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA 90802
TELEPHONE: (562) 437-4499
TELECOPIER: (562) 436-1561
WEBSITE: www.toxictorts.com

Attorneys for Intervenor-Defendant,
COUNCIL FOR EDUCATION AND
RESEARCH ON TOXICS ("CERT")

UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA CHAMBER OF COMMERCE,

Plaintiff,

vs.

XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA.

Defendant.

Civil No. 2:19-cv-02019-KJM-JDP

*Assigned to the Hon. Kimberly J. Mueller, Ctrm. 3*

**NOTICE OF MOTION AND MOTION OF INTERVENOR-DEFENDANT, COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS ("CERT"), TO DISQUALIFY THE HON. KIMBERLY J. MUELLER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RAPHAEL METZGER**

DATE: September 17, 2021
TIME: 10:00 a.m.
CTRM: 3

F:\WP\Cases\1887\RESEARCH\Judicial Disqualification\Motion to Disqualify Judge Mueller-rev2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG DISEASE, CANCER, AND TOXIC INJURIES

# TABLE OF CONTENTS

PAGE

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . 2

1. PRELIMINARY STATEMENT. . . . . 2
2. SUMMARY OF RELEVANT FACTS . . . . . 3
3. PROVISIONS OF THE U.S. CODE REGARDING DISQUALIFICATION. . . . . 8
4. SUMMARY OF THE LAW OF JUDICIAL DISQUALIFICATION . . . . . 10
5. WHY JUDGE MUELLER IS DISQUALIFIED IN THIS CASE. . . . . 12
6. THIS MOTION IS TIMELY FILED . . . . . 14
7. CONCLUSION. . . . . 17

DECLARATION OF RAPHAEL METZGER. . . . . 18

i

NOTICE OF MOTION AND MOTION OF INTERVENOR-DEFENDANT, COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS ("CERT"), TO DISQUALIFY THE HON. KIMBERLY J. MUELLER; MEMO OF P&A'[S; DECL OF R. METZGER

F:\WP\Cases\1887\RESEARCH\Judicial Disqualification\Motion to Disqualify Judge Mueller-rev2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG DISEASE, CANCER, AND TOXIC INJURIES

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Alexander v. Primerica Holdings, Inc.*
10 F.3d 155, 163, 166 (3d Cir. 1993) . . . . . 14

*AT&T Mobility LLC v. Yeager*
(E.D. Cal., July 21, 2015) 2015 WL 4460715 . . . . . 5

*Caperton v. A.T. Massey Coal Co.*
556 U.S. 868 (2009) . . . . . 10, 11

*Crater v. Galaza*
491 F.3d 1119, 1131 (9th Cir. 2007) . . . . . 11

*In re Murchison*
349 U.S. 133, 136, 75 S. Ct. 623, 99 L. Ed. 942 (1955). . . . . 11

*In re Yagman*
796 F.2d 1165, 1179 (9th Cir. 1986) . . . . . 11

*Liteky v. United States*
510 U.S. 540, 548, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994) . . . . . 11

*Mayberry v. Pennsylvania*
400 U.S. 455, 465 (1971) . . . . . 11

*Molina v. Rison*
866 F.2d 1124, 1131 (9th Cir. 1989) . . . . . 14

*Offutt v. United States*
348 U.S. 11, 14, 75 S. Ct. 11, 99 L. Ed. 11 (1954). . . . . 11

*Preston v. United States*
923 F.2d 731, 732 (9th Cir. 1991) . . . . . 14-16

*Tumey v. Ohio*
273 U.S. 510, 523 (1927) . . . . . 11

*United States v. Furst*
886 F.2d 558, 582-82 n. 30 (3d Cir. 1989) . . . . . 15

*United States v. Holland*
519 F.3d 909, 913 (9th Cir. 2008) . . . . . 11

*United States v. Simmons*
(E.D. Cal. July 22, 1997) 1997 U.S.Dist.LEXIS 22658, at *1.) . . . . . 8

*Ward v. Village of Monroeville*
409 U.S. 57 (1972) . . . . . 10

ii

NOTICE OF MOTION AND MOTION OF INTERVENOR-DEFENDANT, COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS ("CERT"), TO DISQUALIFY THE HON. KIMBERLY J. MUELLER; MEMO OF P&A'[S; DECL OF R. METZGER

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

*Wood v. McEwen*
644 F.2d 797, 802 (9th Cir. 1981) . . . . . . . . . . 14

*Yagman v. Republic Ins.*
987 F.2d 622, 626 (9th Cir. 1993) . . . . . . . . . . 2, 11

**STATUTES**

28 U.S.C. § 144 . . . . . . . . . . 8, 14, 17

28 U.S.C. § 453 . . . . . . . . . . 10

28 U.S.C. § 455 . . . . . . . . . . 8, 14

28 U.S.C. § 455(a) . . . . . . . . . . 2, 10, 11, 14

28 U.S.C. § 455(b)(5) . . . . . . . . . . 12, 13

**PUBLICATIONS**

Charles G. Geyh, *Judicial Disqualification: An Analysis of Federal Law*, 3rd ed.
(Federal Judicial Center, 2020) . . . . . . . . . . 10, 14

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

TO THE PARTIES HERETO AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 17, 2021, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom "3" of the United States District Court for the Eastern District of California, located at 501 I Street, Sacramento, CA 95814, Intervenor-Defendant, Council for Education and Research on Toxics (CERT), will move the Court, pursuant to 28 U.S.C. §§ 144 and 455, for an order disqualifying the Honorable Kimberly J. Mueller, as judge and trier of fact of this case.

This motion will be made on the following grounds:

1. Judge Mueller has a personal bias or prejudice in favor of the plaintiff in this case, the California Chamber of Commerce [28 U.S.C. § 144]

2. Judge Mueller's husband has been (and may currently be) "an officer, director, or trustee of a party," to wit, Plaintiff California Chamber of Commerce [28 U.S.C. § 455(b)(5)(i)];

3. Judge Mueller's husband "is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding" [28 U.S.C. § 455(b)(5)(iii)]; and

4. Judge Mueller's "impartiality might reasonably be questioned" in this proceeding [28 U.S.C. § 455(a)(5)].

This motion will be based upon this Notice, upon the Memorandum of Points and Authorities and Declaration of Raphael Metzger attached hereto, upon the pleadings and papers on file herein, upon all matters of which the Court may properly take judicial notice, and upon such evidence and argument as may be presented at the hearing hereon.

DATED: August 16, 2021

METZGER LAW GROUP
A Professional Law Corporation

/s/ Raphael Metzger

RAPHAEL METZGER, ESQ.
Attorneys for Intervenor-Defendant
COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS ("CERT")

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. PRELIMINARY STATEMENT

Intervenor-Defendant Council for Education and Research on Toxics (CERT) brings this motion to disqualify Judge Kimberly J. Mueller in order to preserve justice and the appearance of justice, in the face of myriad facts indicating conflicts of interest. Specifically, Judge Mueller is married to Robert Johnston Slobe. Both Judge Mueller and Mr. Slobe share an address with the North Sacramento Chamber of Commerce (NSCC), of which Mr. Slobe has been president and a board member over a period dating back to at least 1995. NSCC touts itself as both a member of CalChamber and as an entity that works closely with CalChamber on advocacy issues. CalChamber promotes its work with local chambers, acting as "advocates supporting business-friendly policies."

The address that Judge Mueller and Mr. Slobe share with the NSCC is also the address of the North Sacramento Land Company (NSLC), of which Mr. Slobe has long been president. NSLC operates an almond ranch in Colusa County, and roasted almonds are a significant source of acrylamide. CalChamber has cited almonds as a product that is subject to numerous Proposition 65 lawsuits, and NSLC thus has a stake in CalChamber's efforts to bar such lawsuits. In fact, 212 notices of violations have been served regarding acrylamide in almond products.

Lastly, Mr. Slobe and NSLC are members of the Sacramento Host Committee, which is also chaired by Mr. Slobe. The Host Committee not only hosts annual addresses by the Chair of Cal Chamber and various Cal Chamber board members, but appears to be run by CalChamber, as CalChamber provides it with staff support, and the Committee has a calchamber.com email address.

Thus, there are many connections between Judge Mueller and Plaintiff Cal Chamber, and financial interests of Judge Mueller's husband which create conflicts of interest, none of which have been disclosed by Judge Mueller. These facts are more than sufficient to lead a reasonable person to conclude that the judge's impartiality might reasonably be questioned, so disqualification is required. 28 U.S.C. § 455(a); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

## 2. SUMMARY OF RELEVANT FACTS

**Judge Mueller's Husband, Robert Slobe.** Judge Mueller is married to Robert Johnston Slobe, great-grandson of D.W. Johnston, "the man who launched development north of the American River a century ago." (Exhibit "A" - article titled "Bob Slobe, prominent North Sacramento businessman and firebrand," *Yahoo! News,* November 11, 2012).

**Slobe's Longstanding Affiliation with California Chambers of Commerce.** Robert Slobe has long been affiliated with California Chambers of Commerce. Prior to 2004, and apparently as early as 1995, Robert Slobe was President of the North Sacramento Chamber of Commerce. (Exhibit "B" - article titled "North Sac project attacked," *Sacramento Business Journal,* January 18, 2004; Exhibit "C" - article titled "The phantom of the arts," *Sacramento News & Review,* January 13, 2005). In 2004, Robert Slobe was a Member of the Board of the North Sacramento Chamber of Commerce. (Exhibit "D" - American River Parkway Preservation Society Board of Directors webpage). From 2005 to 2007 Robert Slobe was a Board Member of the Sacramento Metro Chamber of Commerce (Exhibit "E" - Robert Slobe's Linked-In page).

**Slobe's Current Affiliation with California Chambers of Commerce.** The North Sacramento Chamber of Commerce website currently has a webpage titled "Connecting Business" which has 7 photographs of members, one of which is a photograph of Robert Slobe and Judge Mueller (Exhibit "F" - North Sacramento Chamber of Commerce website photo). At the present time and since at least April 2019, the North Sacramento Chamber of Commerce's principal office address has been 400 Slobe Avenue, Sacramento, CA 95815 - the business address of Robert Slobe and his business, North Sacramento Land Company. (Exhibit "G" - Statement of Information of North Sacramento Chamber of Commerce, filed with the California Secretary of State April 4, 2019). Prior to 2019 and at least as early as September 2017, the address of North Sacramento Chamber of Commerce's Secretary and Agent for Service of Process was also 400 Slobe Avenue – Slobe's property and business address. (Exhibit "H" - Statement of Information, North Sacramento Chamber of Commerce, filed with the California Secretary of State September 27, 2017).

F:\WP\Cases\1887\RESEARCH\Judicial Disqualification\Motion to Disqualify Judge Mueller-rev2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**Relationship Between North Sacramento/Metro Chambers and CalChamber**. The relationship between the North Sacramento Chamber of Commerce and the plaintiff in this case, the California Chamber of Commerce (CalChamber), is described on webpages of both of these organizations. The North Sacramento Chamber of Commerce's website has a webpage titled "Advocacy" which contains a heading "Stronger Together." Appearing under the "Stronger Together" heading are the logo of the California Chamber of Commerce, the name "CalChamber," and the following text: "The [North Sacramento] Chamber works with the Sacramento Metro Chamber, the Cal Chamber and US Chamber on policy and advocacy . . . . The North Sacramento Chamber of Commerce is a member of the US Chamber of Commerce, Cal Chamber and the Sacramento Metro Chamber of Commerce. Working together with our local chambers of commerce we are a solid force as advocates for business-friendly policies and helping businesses comply with complex laws and regulations. Working with our National, State and Regional Chambers, as well as with other chambers and business organization across our region, allows our Chamber to be a part of a broad-based network of thousands of businesses and organizations with clout and influence to advocate your best interests, and keep you informed in this ever changing regulatory environment." (Exhibit "I" - Advocacy webpage of the North Sacramento Chamber of Commerce). The California Chamber of Commerce website identifies the Sacramento Metro Chamber of Commerce as a member of the California Chamber of Commerce. (Exhibit "J" - excerpt from Local Chambers Lookup webpage of the California Chamber of Commerce). The California Chamber of Commerce (CalChamber) also has a webpage regarding its relationship with local chambers of commerce. This webpage is titled "THE CALCHAMBER and LOCAL CHAMBERS: A Profitable Partnership." It says: "Working together, the California Chamber of Commerce and local chambers of Commerce are a solid force as advocates supporting business-friendly policies and helping California businesses comply with complex laws and regulations." The following text appears at the bottom of this webpage: "CalChamber and Local Chambers of Commerce: A win-win partnership for the local chamber and its members." (Exhibit "K" - webpage titled "The CalChamber and Local Chambers: A Profitable Partnership" of the California Chamber of Commerce).

4

NOTICE OF MOTION AND MOTION OF INTERVENOR-DEFENDANT, COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS ("CERT"), TO DISQUALIFY THE HON. KIMBERLY J. MUELLER; MEMO OF P&A'[S; DECL OF R. METZGER

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**North Sacramento Land Company (NSLC), Slobe's Family Business.** Robert Slobe is President of the North Sacramento Land Company (NSLC). (Exhibit "L" - North Sacramento Land Company Statement of Information filed with the Secretary of State, March 17, 2021). He has been President of the NSLC for at least 16 years. (Exhibit "M" - North Sacramento Land Company Statement of Information filed with the Secretary of State, December 12, 2005). The NSLC was incorporated (by Slobe's family) in 1910. (Exhibit "N" - North Sacramento Land Company Secretary of State Entity Detail). The Directors of NSLC have been members of the Slobe family: Robert Slobe's mother - Carolyn Slobe, Robert Slobe, and Jack Greer, all of whom provided the same address to the Secretary of State: 400 Slobe Avenue, Sacramento, CA 95815. (Exhibit "M" - North Sacramento Land Company Statement of Information filed with the Secretary of State, December 12, 2005). Judge Mueller is aware that her husband is currently the President of NSLC and that his mother previously served in that position; she overhears her husband discussing his business. *AT&T Mobility LLC v. Yeager* (E.D. Cal., July 21, 2015) 2015 WL 4460715.

**NSLC's Longstanding Affiliation with the Chamber of Commerce.** The North Sacramento Land Company (NSLC) has also long been affiliated with the Chamber of Commerce. The North Sacramento Chamber of Commerce website bears NSLC's logo and identifies NSLC as one of its "Leadership Circle Sponsor Members." Indeed, NSLC is one of the few "Platinum Members" of the NSLC - the highest level of corporate sponsorship. (Exhibit "O" - Screenshot of banner on the North Sacramento Chamber of Commerce website) That the North Sacramento Chamber of Commerce website designates Slobe's business as a "Leadership Circle Sponsor Member" indicates that Slobe and his company are not merely members of the California Chamber of Commerce, but have involvement in a leadership role in Cal Chamber's activities and policies.

**Affiliation of Robert Slobe and the NSLC with the Sacramento Host Committee.** Robert Slobe is also a member of the Sacramento Host Committee. (Exhibit "P" - List of Current Members of the Sacramento Host Committee). The membership list of the Sacramento Host Committee identifies Robert J. Slobe of the North Sacramento Land Company as a current member of the Sacramento Host Committee as well as being a member of the Sacramento Host Committee

F:\WP\Cases\1887\RESEARCH\Judicial Disqualification\Motion to Disqualify Judge Mueller-rev2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

since 2009. The membership list also states that Robert J. Slobe was Chairman of the Sacramento Host Committee in 2016. (Exhibit "P" - List of Current Members of Sacramento Host Committee).

**Affiliation of CalChamber with the Sacramento Host Committee.** The Host Committee comprises 28 business leaders from the greater Sacramento area." (Exhibit "Q" - Sacramento Host Committee webpage). The Host Committee sponsors the Sacramento Host Breakfast, which "features [an] address[ ] from . . the Chair of the California Chamber of Commerce Board of Directors." (Exhibit "Q" - Sacramento Host Committee webpage). "[M]embers of the CalChamber Board of Directors" "receive special recognition" from the Sacramento Host Committee at the Sacramento Host Breakfast. (Exhibit "Q" - Sacramento Host Committee webpage). The Sacramento Host Committee was formed in 1933. "Reports indicate that members of the California Chamber of Commerce Board of Directors were honored guests" and "have been honored at every breakfast since." (Exhibit "R" - Sacramento Host Committee webpage titled "About Us"). "In conjunction with the longstanding participation of its Chair and Board of Directors at the host Breakfast, the California Chamber of Commerce has provided staff support for the event, and now also shares in planning with the Sacramento Host Committee." (Exhibit "Q" - Sacramento Host Committee webpage). The Sacramento Host Committee appears to be run by CalChamber, because the email contact on the Sacramento Host Committee website for the Sacramento Host Committee is *events@calchamber.com.* (Exhibit "S" - Sacramento Host Committee, Contact webpage). Likewise, on its website, CalChamber states that "[t]he Sacramento Host Committee, made up of Sacramento business leaders, shares the planning and expenses for the [Sacramento Host] breakfast and a reception for out-of-town breakfast guests the evening before the breakfast with the California Chamber of Commerce. For many years, the breakfast has been held in conjunction with the CalChamber update on top legislative issues." (Exhibit "T" - CalChamber webpage titled "Ongoing CalChamber Events"). Indeed, a recent article says the "annual Sacramento Host Breakfast . . . has always been hosted by the volunteer Sacramento Host Committee and organized by the California Chamber of Commerce." (Exhibit "U" - article titled "Sacramento Host Breakfast canceled for first time in 95 years," by Mark Anderson, Staff Writer, Sacramento Business Journal, April 6, 2020).

6

NOTICE OF MOTION AND MOTION OF INTERVENOR-DEFENDANT, COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS ("CERT"), TO DISQUALIFY THE HON. KIMBERLY J. MUELLER; MEMO OF P&A'[S; DECL OF R. METZGER

F:\WP\Cases\1887\RESEARCH\Judicial Disqualification\Motion to Disqualify Judge Mueller-rev2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**Adverse Impact on Slobe's Business of Judgment Against CalChamber.** "The North Sacramento Land Company was founded in 1910" and is "[p]rmarily a land sales operation" which started "with 4400 acres." "The company still exists today as an owner of warehouse and office lessor and owns a 7500 acre cattle and almond ranch in Colusa County. It is currently run by Robert Johnston Slobe, great grandson of D.W. Johnston." (Exhibit "V" - Yelp webpage for North Sacramento Land Company). Thus, it appears that much of NSLC's financial success is dependent on the continued success of almonds as an agricultural crop. Roasted almonds and almond butter contain high levels of acrylamide. According to the FDA, roasted almonds contain 100-160 ppb acrylamide, whereas unroasted almonds contain < 10 ppb acrylamide. (Exhibit "W" - FDA Survey Data on Acrylamide in Food: Total Diet Study Results: Acrylamide Values in Individual Food Product Samples, Data from 2015, Excel spreadsheet for Nuts and Fruits). These levels result in exposures well in excess of the No Significant Risk Level for acrylamide of 0.2 μg/day. (Exhibit "X" - Office of Environmental Health Hazard Assessment, Proposition 65 No Significant Risk Levels (NSRLs) for Carcinogens and Maximum Allowable Dose Levels (MADLs) for Chemicals Causing Reproductive Toxicity). The cancer hazard of acrylamide exposure from consumption of roasted almonds has been recognized by California Almonds, the Almond Board of California, which sponsored a study that reported a mean value of 178 ppb acrylamide in roasted almonds. (Exhibit "Y" - California Almonds: Almond Board of California, "Acrylamide in Roasted Almonds," Technical Summary, July 2014). The acrylamide cancer hazard from consumption of roasted almonds is also well-known to CalChamber. In its press release touting this Court's issuance of its preliminary injunction enjoining the filing of all Proposition 65 cases regarding acrylamide in food, Cal Chamber explained that acrylamide is formed "as a result of cooking or heating certain foods, such as . . . roasted nuts ...." (Exhibit "Z" - press release by Adam Regele, titled "CalChamber Wins landmark Prop 65 Ruling," April 6, 2021). To date, 212 Proposition 65 notices of violations regarding almonds have been issued by private enforcers. (Exhibit "AA" - Spreadsheet summarizing Proposition 65 Notices of Violations regarding almonds. Thus, the Court's preliminary injunction financially benefits Slobe's large almond ranch, and a judgment for Defendant will hurt his business.

7

NOTICE OF MOTION AND MOTION OF INTERVENOR-DEFENDANT, COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS ("CERT"), TO DISQUALIFY THE HON. KIMBERLY J. MUELLER; MEMO OF P&A'[S; DECL OF R. METZGER

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**3. PROVISIONS OF THE U.S. CODE REGARDING DISQUALIFICATION**

28 U.S.C. § 144, regarding bias or prejudice of a judge, states as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.[1]

28 U.S.C. § 455, regarding disqualification of judicial officers, states as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
> (I) Is a party to the proceeding, or an officer, director, or trustee of a party;
>
> (ii) Is acting as a lawyer in the proceeding;

[1] The statutory provision requiring the affidavit be filed not less than 10 days before the beginning of the term at which the proceeding is to be heard has no effect because formal terms of court have been abolished. The timeliness requirement is strictly enforced to safeguard against the use of § 144 as a delaying tactic. A delayed challenge may be permitted under § 144, however, and if the movant establishes he or she just recently learned the facts underlying the motion, the motion is timely. *United States v. Simmons* (E.D. Cal. July 22, 1997) 1997 U.S.Dist.LEXIS 22658, at *1.)

F:\WP\Cases\1887\RESEARCH\Judicial Disqualification\Motion to Disqualify Judge Mueller-rev2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

(c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

(d) For the purposes of this section the following words or phrases shall have the meaning indicated:

(1) "proceeding" includes pretrial, trial, appellate review, or other stages of litigation;

(2) the degree of relationship is calculated according to the civil law system;

(3) "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

(4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:

(I) Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

(ii) An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

(iii) The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

(iv) Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

(e) No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

(f) Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

//

9

NOTICE OF MOTION AND MOTION OF INTERVENOR-DEFENDANT, COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS ("CERT"), TO DISQUALIFY THE HON. KIMBERLY J. MUELLER; MEMO OF P&A'[S; DECL OF R. METZGER

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

## 4. SUMMARY OF THE LAW OF JUDICIAL DISQUALIFICATION

"For centuries, impartiality has been a defining feature of the Anglo-American judge's role in the administration of justice. The reason is clear: in a constitutional order grounded in the rule of law, it is imperative that judges make decisions according to law, unclouded by personal bias or conflicts of interest. Accordingly, upon ascending the bench, every federal judge takes an oath to "faithfully and impartially discharge and perform all the duties" of judicial office." Charles G. Geyh, *Judicial Disqualification: An Analysis of Federal Law*, 3rd ed. (Federal Judicial Center, 2020) [hereafter FJC] at 1, citing 28 U.S.C. § 453. "Moreover, the Due Process Clause of the Fourteenth Amendment has been construed to guarantee litigants the right to a "neutral and detached," or impartial, judge." FJC at 1, citing *Ward v. Village of Monroeville,* 409 U.S. 57 (1972). "Lastly, in a democratic republic in which the legitimacy of government depends on the consent and approval of the governed, public confidence in the administration of justice is indispensable. It is not enough that judges *be* impartial; the public must *perceive* them to be so. The Code of Conduct for United States Judges therefore admonishes judges to 'act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary' and to 'avoid impropriety and the appearance of impropriety in all activities.'" FJC at 1, citing Code of Conduct for United States Judges, Canon 2A.

"When the impartiality of a judge is in doubt, the appropriate remedy is to disqualify that judge from hearing further proceedings in the matter. In *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 (2009), a case concerning disqualification of a state supreme court justice, the U.S. Supreme Court reaffirmed that litigants have a due process right to an impartial judge, and that under circumstances in which judicial bias is probable, due process requires disqualification. The Court noted, however, that disqualification rules may be and often are more rigorous than the Due Process Clause requires. FJC at 1. "Disqualification requirements for federal judges require disqualification not just when a judge is biased or probably biased, but also when a judge's impartiality "might reasonably be questioned." FJC at 1-2, citing 28 U.S.C. § 455(a).

//

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

"[R]ecusal is appropriate where 'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (quoting *In re Yagman*, 796 F.2d 1165, 1179 (9th Cir. 1986)). Under § 455(a), impartiality must be "evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994); see also *In re Murchison*, 349 U.S. 133, 136, 75 S. Ct. 623, 99 L. Ed. 942 (1955) ("Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way 'justice must satisfy the appearance of justice.'" (quoting *Offutt v. United States*, 348 U.S. 11, 14, 75 S. Ct. 11, 99 L. Ed. 11 (1954))). "Disqualification under § 455(a) is necessarily fact-driven and may turn on subtleties in the particular case." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008).

"Supreme Court precedent reveals only three circumstances in which an appearance of bias—as opposed to evidence of actual bias—necessitates recusal." *Crater v. Galaza*, 491 F.3d 1119, 1131 (9th Cir. 2007). The first arises where a judge "has a direct, personal, substantial pecuniary interest in reaching a conclusion against [one of the litigants]," *id.* (quoting *Tumey v. Ohio*, 273 U.S. 510, 523 (1927)) (internal quotation marks omitted); or where a financial connection to a litigant (such as a massive campaign donation from one party to the judge) creates a constitutionally intolerable risk of bias (*Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 , 884 (2009).

The second occurs when a judge "becomes embroiled in a running, bitter controversy" with one of the litigants. *Crater*, supra, 491 F.3d at 1131 (quoting *Mayberry v. Pennsylvania*, 400 U.S. 455, 465 (1971)) (internal quotation marks omitted).

Third, due process might require recusal when a judge "acts as 'part of the accusatory process." *Id.* (quoting *In re Murchison*, 349 U.S. at 137).

//

//

//

F:\WP\Cases\1887\RESEARCH\Judicial Disqualification\Motion to Disqualify Judge Mueller-rev2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

## 5. WHY JUDGE MUELLER IS DISQUALIFIED IN THIS CASE

Intervenor-Defendant believes that the Honorable Kimberly J. Mueller is disqualified from hearing this case on several grounds, the clearest of which is that her husband is either a party or a real party in interest in this case. Pursuant to 28 U.S.C. § 455(b)(5), a judge is disqualified in a case where her spouse "is a party to the proceeding, or an officer, director, or trustee of a party."

In the present case, Judge Mueller's husband appears to be both an officer of a party and a real party in interest. He is an officer of Plaintiff CalChamber, because he has long been the President of the North Sacramento Chamber of Commerce (Exhibits "B" and "C"), a Member of the North Sacramento Chamber of Commerce Board (Exhibit "D"), and a Board Member of the Sacramento Metro Chamber of Commerce (Exhibit "E"). Although Slobe does not appear to currently be the President of the North Sacramento Chamber of Commerce, he does have a leadership role in that organization, whose principal office address and the address for service of process of that organization is, in fact, the business address of Slobe and his company (Exhibits "G" and "H"). Slobe is also clearly involved in the current affairs of that organization, because a recent photograph of Slobe and Judge Mueller appears on that organization's website (Exhibit "F").

Additionally, Slobe's business, the North Sacramento Land Company (NSLC), of which he has long been President (Exhibit "J"), has long been affiliated with the North Sacramento Chamber of Commerce, whose website bears NSLC's logo and identifies NSLC as one of its "Leadership Circle Sponsor Members" - one of its few "Platinum Members" (Exhibit "K"). Additionally, Slobe is a member of the Sacramento Host Committee (Exhibit "L"), whose membership list identifies him and NSLC as being a member of the Sacramento Host Committee from 2009 to the present and Chairman in 2016 (Exhibit "L"), which Committee sponsors the Sacramento Host Breakfast, which "features [an] address[] from . . . the Chair of the California Chamber of Commerce Board of Directors," whose members "receive special recognition" from the Sacramento Host Committee, which "has provided staff support for the event, and . . . shares in planning with the Sacramento Host Committee." (Exhibit "M"), and whose email address is a CalChamber email address! (Exhibit "O")

//

12

NOTICE OF MOTION AND MOTION OF INTERVENOR-DEFENDANT, COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS ("CERT"), TO DISQUALIFY THE HON. KIMBERLY J. MUELLER; MEMO OF P&A'[S; DECL OF R. METZGER

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

Further, on its website, CalChamber states that "[t]he Sacramento Host Committee, made up of Sacramento business leaders, shares the planning and expenses for the [Sacramento Host] breakfast and a reception for out-of-town breakfast guests the evening before the breakfast with the California Chamber of Commerce. For many years, the breakfast has been held in conjunction with the CalChamber update on top legislative issues" (Exhibit "P") , and a recent article says the "annual Sacramento Host Breakfast ... has always been organized by the California Chamber of Commerce." (Exhibit "Q"). Thus, Slobe has been a longstanding board member and officer of the North Sacramento Chamber of Commerce, his business is one of its "Leadership Circle Sponsor Members" and one of its few "Platinum Members" (Exhibit "K"), and the North Sacramento Chamber of Commerce has its principal office at the same address as Slobe's business address.

In addition to 400 Slobe Avenue being the address of the North Sacramento Chamber of Commerce (Exhibits "G" and "H"), the address of North Sacramento Land Company (Exhibit "L") and the address of Robert Slobe (Exhibit "M"), this address also appears to be Judge Mueller's current address. A FastPeople search for Kimberly Mueller reveals a Kimberly Mueller, age 63, and identifies her "current address" as 400 Slobe Avenue, Sacramento, CA 95815 (Exhibit "BB"). A search of the online database Public Data USA reveals a Ms. Kimberly Jo Mueller, age 63, and identifies her current address as 400 Slobe Avenue, Sacramento, CA 95815-4211 (Exhibit "CC"). A search of the SearchPeopleFree database reveals a Kimberly J Mueller, age 63, married to Robert Johnston Slobe, whose address as 400 Slobe Ave., Sacramento, CA 95815-4211 (Exhibit "DD").

Judge Mueller is disqualified pursuant to 28 U.S.C. § 455(b)(5), because her spouse "is a party to the proceeding, or an officer, director, or trustee of a party." Slobe is a party to this case, as is his business, because CalChamber brings this case not on its own behalf, but rather in a representational capacity on behalf of its members, i.e., the North Sacramento Land Company and its owner, Robert Slobe. Slobe also functions as an officer or director of CalChamber because he is a Board Member of the Northern Sacramento Chamber of Commerce, which is a member of CalChamber that "works with" CalChamber on policy and advocacy (Exhs. "I" and "K") Lastly, Judge Mueller has the same address as the local chamber of commerce.

//

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

At the very least, the relationship between Judge Muller's husband and the California Chamber of Commerce, as a result of his long affiliation and leadership role with the North Sacramento Chamber of Commerce, the Metro Chamber of Commerce, and the Sacramento Host Committee (which has a web address of the California Chamber of Commerce and is run by the California Chamber of Commerce), is such that Judge Mueller's impartiality "might reasonably be questioned." FJC at 1-2, citing 28 U.S.C. § 455(a).

Judicial disqualification is especially appropriate and necessary in this equitable action in which Judge Mueller would be called upon to decide the facts of this case. As stated by the Third Circuit: "We cannot overlook the fact that this is a non-jury case . . . . When the judge is the actual trier of fact, the need to preserve the appearance of impartiality is especially pronounced." *Alexander v. Primerica Holdings, Inc.,* 10 F.3d 155, 163, 166 (3d Cir. 1993).

**6. THIS MOTION IS TIMELY FILED**

Whereas section 144 requires that a motion for disqualification "be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time," Section 455 "has no explicit requirement for a 'timely' affidavit." FJC at 74; *Preston v. United States,* 923 F.2d 731, 732 (9th Cir. 1991) [This section contains no explicit requirement of timeless."] Despite Section 455(e)'s prohibition of waiver of disqualification, "it is well established that a motion to disqualify or recuse a judge under 28 U.S.C. § 144 as well as . . . § 455 must be made in a timely fashion." *Preston, supra,* at 732-733 (9th Cir. 1991), citing *Molina v. Rison*, 866 F.2d 1124, 1131 (9th Cir. 1989) (recusal motion untimely when made eight years after conviction despite awareness of grounds for recusal at the pretrial stage); *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981) (per curiam) (recusal motion under 28 U.S.C. § 144 untimely where made sixteen months after grounds for disqualification arose).

"While no per se rule exists regarding the time frame in which recusal motions should be filed after a case is assigned to a particular judge, if the timeliness requirement is to be equitably applied, recusal motions should be filed with reasonable promptness after the ground for such a

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

motion is ascertained." *Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991), citing *United States v. Furst*, 886 F.2d 558, 582-82 n. 30 (3d Cir. 1989) (motion to recuse judge from sentencing timely where ovant "did not unreasonably delay in filing . . . motion").

In *Preston*, a district court judge denied a motion for disqualification which plaintiff heirs filed approximately 18 months after their case was assigned to the judge and shortly after the judge denied their request to extend the cutoff date for discovery. On appeal the Ninth Circuit observed that "[o]rdinarily these circumstances would indicate that the motion was not timely." However, the Ninth Circuit noted that "the ground for the motion was [the judge's] association with the Latham & Watkins law firm prior to the time he became a federal judge" and that "[t]he heirs' counsel asserts that he did not learn of this association until ten days" earlier. *Id.* Since this allegation was uncontroverted, the Ninth Circuit concluded the motion was timely and reversed:

> The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455 is an objective one and involves ascertaining "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir.1983). See also *Herrington,* 834 F.2d at 1502; *Studley*, 783 F.2d at 939. We need not explore whether an appearance of partiality existed in this case. The drafters of section 455 have accomplished this task for us. Section 455(b) requires a judge's recusal if "a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter" then before the judge. 28 U.S.C. § 455(b). Under section 455(b), as we interpreted it in Herrington, the recusal of Judge Letts was required. Judge Letts was of counsel to Latham & Watkins from early 1982 through January 1986 when he was appointed to the federal bench. Since March 1983, Latham & Watkins has represented Hughes in a state court action

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

> involving Preston's death. Further, in the present action which was filed in December 1985, Latham & Watkins represented Hughes by (1) filing Hughes' objections to a subpoena and its designation of witnesses for a deposition, (2) representing Hughes during deposition proceedings, and (3) submitting an affidavit of a Latham & Watkins partner for the government's use in opposing the heirs' motion for an order extending discovery cutoff and rescheduling a pretrial conference.
>
> It is irrelevant that Latham & Watkins' client, Hughes, was not a named party to the suit before Judge Letts. The Supreme Court has never limited recusal requirements to cases in which the judge's conflict was with the parties named in the suit. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). Rather, the focus has consistently been on the question whether the relationship between the judge and an interested party was such as to present a risk that the judge's impartiality in the case at bar might reasonably be questioned by the public. *See id.* at 858–62, 108 S.Ct. at 2201–03. We believe that the present case generates such a risk.

*Preston v. United States,* 923 F.2d 731, 734–735 (9th Cir. 1991).

The present case is analogous to *Preston* for several reasons. First, the grounds for disqualification asserted arise primarily from relationships of Judge Mueller's husband with the California Chambers of Commerce and related entities, e.g., the Sacramento Host Committee, which were unknown to CERT and its counsel, whose offices are located in Southern California and who had no knowledge prior to this case of Judge Mueller, her husband, the North Sacramento Land Company, the North Sacramento Chamber of Commerce, the Metro Chamber of Commerce, Judge husband's ownership of an almond ranch, or the common address of the North Sacramento Land

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

Company, the North Sacramento Chamber of Commerce, Judge Mueller's husband and Judge Mueller herself. Indeed, CERT's counsel was unaware of any facts that might give rise to a conflict of interest on the part of Judge Mueller at the time CERT sought to intervene in this case and at all times thereafter until counsel was informed of some such facts by Aida Poulsen, counsel for proposed Intervenor-Defendants Healthy Living Foundation and Penny Newman on August 1, 2021. Upon receiving that information, Plaintiffs' counsel undertook further investigation of facts and commenced researching federal standards for disqualification of federal judges, as counsel had never in his 37 years of practice sought to disqualify or even considered disqualifying a federal judge. Upon completing the factual investigation and research to make sure that a disqualification motion could be brought in good faith, as is required by Section 144, counsel prepared the present motion.

## 7. CONCLUSION

Based on the foregoing facts and the applicable law, Intervenor-Defendant Council for Education and Research on Toxics (CERT) hereby requests Judge Mueller to recuse herself under § 455(b)(1)(2)(4)(5)(i)(iii)(c)(e), or assign the case to another judge for ruling on this motion under § 144, and to stay the proceedings until such ruling is made. For the above reasons, this motion to recuse should be granted, and the proceedings stayed until another judge can decide this motion.

DATED: August 16, 2021

METZGER LAW GROUP
A Professional Law Corporation

/s/ Raphael Metzger

RAPHAEL METZGER, ESQ.
Attorneys for Intervenor-Defendant
COUNCIL FOR EDUCATION AND
RESEARCH ON TOXICS ("CERT")

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**DECLARATION OF RAPHAEL METZGER**

I, Raphael Metzger, declare as follows:

1. I am an attorney at law, duly licensed and authorized to practice law in the State of California.

2. I am a member of the bar of all federal district courts in the State of California, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court.

3. Unless the context indicates otherwise, I have personal knowledge of the matters set forth hereinafter and, if called as a witness, I would competently testify thereto.

4. My firm represents the Intervenor-Defendant in this case, the Council for Education and Research on Toxics (CERT) .

5. This declaration is submitted in support of CERT's motion to disqualify the Honorable Kimberly J. Mueller as the trier of fact and the judge in this case. Pursuant to 28 U.S.C. § 144, I hereby certify to the court under penalty of perjury that this motion is made in good faith.

**Exhibits**

6. Attached hereto as Exhibit "A" is a true and correct copy of an article titled "Bob Slobe, prominent North Sacramento businessman and firebrand," published in *Yahoo! News* on November 11, 2012.

7. Attached hereto as Exhibit "B" is a true and correct copy of an article titled "North Sac project attacked," published in the *Sacramento Business Journal* on January 18, 2004.

8. Attached hereto as Exhibit "C" is a true and correct copy of an article titled "The phantom of the arts," published in *Sacramento News & Review* on January 13, 2005.

9. Attached hereto as Exhibit "D" is a true and correct copy of the American River Parkway Preservation Society Board of Directors webpage.

10. Attached hereto as Exhibit "E" is a true and correct copy of Robert Slobe's Linked-In page.

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

11. Attached hereto as Exhibit "F" is a true and correct copy of a photograph from the North Sacramento Chamber of Commerce website.

12. Attached hereto as Exhibit "G" is a true and correct copy of the Statement of Information of North Sacramento Chamber of Commerce, filed with the California Secretary of State on April 4, 2019.

13. Attached hereto as Exhibit "H" is a true and correct copy of the Statement of Information, North Sacramento Chamber of Commerce, filed with the California Secretary of State on September 27, 2017.

14. Attached hereto as Exhibit "I" is a true and correct copy of a webpage of the North Sacramento Chamber of Commerce titled "Advocacy" which contains a section headed "Stronger Together."

15. Attached hereto as Exhibit "J" is a true and correct copy of an excerpt from the Local Chambers Lookup webpage of the California Chamber of Commerce which identifies the Sacramento Metro Chamber of Commerce as a member of the California Chamber of Commerce.

16. Attached hereto as Exhibit "K" is a true and correct copy of a webpage of the Chamber of Commerce titled "THE CALCHAMBER and LOCAL CHAMBERS: A Profitable Partnership."

17. Attached hereto as Exhibit "L" is a true and correct copy of the North Sacramento Land Company Statement of Information filed with the Secretary of State on March 17, 2021.

18. Attached hereto as Exhibit "M" is a true and correct copy of a North Sacramento Land Company Statement of Information filed with the Secretary of State on December 12, 2005.

19. Attached hereto as Exhibit "N" is a true and correct copy of the North Sacramento Land Company Secretary of State Entity Detail.

20. Attached hereto as Exhibit "O" is a true and correct copy of a screenshot of a banner on the North Sacramento Chamber of Commerce website.

//

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

21. Attached hereto as Exhibit "P" is a true and correct copy of the List of Current Members of the Sacramento Host Committee.

22. Attached hereto as Exhibit "Q" is a true and correct copy of the Sacramento Host Committee homepage.

23. Attached hereto as Exhibit "R" is a true and correct copy of Sacramento Host Committee webpage titled "About Us".

24. Attached hereto as Exhibit "S" is a true and correct copy of the Sacramento Host Committee Contact webpage.

25. Attached hereto as Exhibit "T" is a true and correct copy of CalChamber's webpage titled "Ongoing CalChamber Events".

26. Attached hereto as Exhibit "U" is a true and correct copy of an article titled "Sacramento Host Breakfast canceled for first time in 95 years," by Mark Anderson, Staff Writer, Sacramento Business Journal, published on April 6, 2020.

27. Attached hereto as Exhibit "V" is a true and correct copy of a Yelp webpage for the North Sacramento Land Company.

28. Attached hereto as Exhibit "W" is a true and correct copy of the FDA Survey Data on Acrylamide in Food: Total Diet Study Results: Acrylamide Values in Individual Food Product Samples, Data from 2015, in the form of an Excel spreadsheet regarding Nuts and Fruits.

29. Attached hereto as Exhibit "X" is a true and correct copy of the Office of Environmental Health Hazard Assessment, Proposition 65 No Significant Risk Levels (NSRLs) for Carcinogens and Maximum Allowable Dose Levels (MADLs) for Chemicals Causing Reproductive Toxicity.

30. Attached hereto as Exhibit "Y" is a true and correct copy of the California Almonds: Almond Board of California, "Acrylamide in Roasted Almonds," Technical Summary, published in July 2014.

31. Attached hereto as Exhibit "Z" is a true and correct copy of a press release by Adam Regele, titled "CalChamber Wins landmark Prop 65 Ruling," published on April 6, 2021.

//

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

32. Attached hereto as Exhibit "AA" is a true and correct copy of a spreadsheet of Proposition 65 notices of violations regarding almond products.

33. Attached hereto as Exhibit "BB" is a true and correct copy of a screenshot of a FastPeopleSearch for Kimberly Mueller in Sacramento, CA (California), which states that the "Current Address" of Kimberly Mueller is 400 Slobe Ave., Sacramento CA 95815.

34. Attached hereto as Exhibit "CC" is a true and correct copy of a screenshot of a Public Data USA search which reveals a Ms Kimberly Jo Mueller, age 63, and identifies her current address as 400 Slobe Avenue, Sacramento, CA 95815-4211.

35. Attached hereto as Exhibit "DD" is a true and correct copy of a printout of the first page of a search of the SearchPeopleFree database which reveals a Kimberly J Mueller, age 63, married to Robert Johnston Slobe, whose address as 400 Slobe Ave., Sacramento, CA 95815-4211.

**Timeliness**

36. Although I have been a member of the bar of all federal district courts in California since 1985, I have never before filed a motion to disqualify any federal judge.

37. My firm is located in Southern California and most of the cases filed by my firm are filed in Los Angeles Superior Court. My firm has never filed any case in the Eastern District of California. My firm currently has only one other case in the Eastern District, which case was filed in state court but was removed by defense counsel to the Eastern District. Accordingly, I am generally unfamiliar with the judges of the Eastern District of California and do not recall ever meeting any of them.

38. At the time I learned of this case and promptly filed a motion on behalf of CERT to intervene in this case as an intervenor-defendant, I was unaware of Judge Mueller, her husband, her husband's business, and their relationships with any California Chambers of Commerce. At the time I had no reason to suspect that any conflict of interest might exist on the part of Judge Mueller.

39. Throughout the pendency of this case through the end of July 2021, I remained unaware of any facts that could possibly give rise to a conflict of interest on the part of Judge

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

Mueller. It was not until August 1, 2021, that I received any information about any potential conflict of interest on the part of Judge Mueller. On that date I received an email from Aida Poulsen, counsel for proposed Intervenor-Defendants Healthy Living Foundation and Penny Newman, which provided some factual information which suggested such a potential conflict of interest. Upon receiving that information, I undertook further investigation of facts and commenced researching federal standards for disqualification of federal judges, as I had never in my 37 years of practice ever sought to disqualify or even considered disqualifying a federal judge. Upon completing the factual investigation and research to be certain that the facts warranted disqualification and that this motion could be brought in good faith, as is required by Section 144, I prepared this motion.

40. Although this case was filed in October 2019 and has been pending for about 22 months, this case is still in its early stages, because CERT has not yet filed an answer to the complaint, the parties have not yet made initial disclosures pursuant to Rule 26, the parties have not yet made their initial disclosures, all discovery in this case has been stayed, and the Rule 26(f) conference has not yet taken place. Indeed, most of the litigation in this case to date has concerned motions to dismiss and to abstain, and recently, motions for intervention. Most critically, the Court has not made any factual determinations regarding the merits of this case. Although the Court did grant CalChamber's motion for a preliminary injunction, the Ninth Circuit has stayed that order pending the hearing on CERT's appeal of that order as an unlawful prior restraint of CERT's expressive rights under the First Amendment. Therefore, this case is still in its "infancy" and this motion is being brought promptly upon ascertaining those facts which support disqualification, none of which were disclosed by Judge Mueller at any time during the past 22 months.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed August 16, 2021, at Long Beach, California.

/s/ Raphael Metzger

Raphael Metzger

F:\WP\Cases\1887\RESEARCH\Judicial Disqualification\Motion to Disqualify Judge Mueller-rev2.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2021, I caused the foregoing document, described as **NOTICE OF MOTION AND MOTION OF INTERVENOR-DEFENDANT, COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS ("CERT"), TO DISQUALIFY THE HON. KIMBERLY J. MUELLER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RAPHAEL METZGER,** to be electronically filed with the Court's CM/ECF filing system, which will send a *Notice of Electronic Filing* to all parties of record who are registered with CM/ECF:

Trenton H. Norris, Esq.
Sarah Esmaili, Esq.
S. Zachary Fayne, Esq.
David M. Barnes, Esq.
Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center, 10th Flr.
San Francisco, CA 94111-4024
(Plaintiff)
Telephone: (415) 471-3100
email: trent.norris@arnolderporter.com

Harrison Pollak, Deputy Attorney General
Joshua Purtle, Deputy Attorney General
Laura J. Zuckerman, Deputy Attorney General
Office of the Attorney General
1515 Clay St., 20th Flr.
Oakland, CA 94612
(Defendant)
Telephone: (510) 879-0098
email: harrison.pollak@doj.ca.gov
joshua.purtle@doj.ca.gov
laura.zuckerman@doj.ca.gov

Aida Poulsen, Esq.
Poulsen Law P.C.
282 11th Ave., Suite 2612
New York, NY 10001
(Intervenors-Defendants)
email: ap@poulsenlaw.org

I declare that I am employed in the offices of a member of this court, at whose direction service was made.

Executed on August 16, 2021, at Long Beach, California.

/s/ Nina S. Vidal

Nina S. Vidal, Declarant

23

NOTICE OF MOTION AND MOTION OF INTERVENOR-DEFENDANT, COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS ("CERT"), TO DISQUALIFY THE HON. KIMBERLY J. MUELLER; MEMO OF P&A'[S; DECL OF R. METZGER