POULSEN LAW P.C.
Aida Poulsen, Esq., SBN 333117
282 11th Avenue, Suite 2612
New York, NY 10001
Telephone: (646) 776-5999

ATTORNEYS FOR PROPOSED INTERVENOR-DEFENDANTS
THE CHEMICAL TOXIN WORKING GROUP INC.
DBA HEALTH LIVING FOUNDATION
AND PENNY NEWMAN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CHAMBER OF COMMERCE,<br><br>    Plaintiff,<br><br>v.<br><br>ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>    Defendant,<br><br>COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS,<br><br>    Intervenor-Defendant,<br><br>THE CHEMICAL TOXIN WORKING GROUP INC. DBA HEALTHY LIVING FOUNDATION INC.<br><br>    Proposed Intervenor-Defendant, and<br><br>PENNY NEWMAN<br><br>    Proposed Intervenor-Defendant. | Civil No. 2:19-cv-02019-KJM-JDP<br><br>**OBJECTION TO FURTHER PROCEEDINGS OF JUDGE MUELLER BY PROPOSED INTERVENORS-DEFENDANTS THE CHEMICAL TOXIN WORKING GROUP INC. DBA HEALTHY LIVING FOUNDATION INC. AND PENNY NEWMAN**<br><br>**REDACTS MATERIAL FROM SEALED RECORDS** |

OBJECTION BY HLF AND NEWMAN TO FURTHER PROCEEDINGS
Case No. 2:19-cv-02019-KJM-JDP

## OBJECTION TO FURTHER PROCEEDINGS
### The Disqualification Motion

On August 16, 2021, Intervenor-Defendant, Council for Education and Research on Toxics ("CERT"), filed a motion to disqualify Judge Kimberly J. Mueller and to stay the proceedings. Doc. 152. CERT's motion contends that Judge Mueller is disqualified from serving as the judge and the trier of fact in this case and should recuse herself pursuant to 28 USC §§ 144 and 455. CERT also requests, as authorized by section 144, that the proceedings in this matter be stayed until such ruling can be made. Proposed intervenors-defendants The Chemical Toxin Working Group Inc. dba Healthy Living Foundation Inc. ("Healthy Living Foundation") and Penny Newman hereby join all aspects of CERT's disqualification motion Doc. 152 that apply to non-party prospective intervenors pursuant to 28 USC § 455. Specifically, Healthy Living Foundation and Newman join CERT's points and authorities under 28 USC § 455(b)(1)(2)(4)(5)(i)(iii)(c)(e) demonstrating that Judge Mueller should recuse herself or be disqualified due to bias or the appearance of bias in favor of Plaintiff California Chamber of Commerce because they all apply to Healthy Living Foundation as a private enforcer of Proposition 65 and to Penny Newman as a victim of toxic chemical exposure and a legislative proponent of Proposition 65.

### The Minute Order

On August 24, 2021, the Court issued a minute order Doc. 153.  The order provided:

**On the court's own motion** and pursuant to Local Rule 230(g), the pending Motions to Intervene, ECF Nos. [136] and [137], are SUBMITTED without oral argument. Accordingly, the Motion Hearing set for 8/27/2021 is VACATED. If the court determines that oral argument is needed, it will be scheduled at a later date. The Scheduling Conference set for 8/27/2021 at 10:00 AM before Chief District Judge Kimberly J. Mueller will proceed by video conferencing through the Zoom application. The Courtroom Deputy will provide counsel with the hearing access information no less than 24 hours before the hearing. (Text Only Entry)(Schultz, C). [ECF No. 153](emphasis added).

### OBJECTIONS

Healthy Living Foundation and Newman make the following objections for the record:

OBJECTION BY HLF AND NEWMAN TO FURTHER PROCEEDINGS
Case No. 2:19-cv-02019-KJM-JDP                                                                                              2

1. Healthy Living Foundation and Newman object to Judge Mueller proceeding further in the case by making a court's motion in the Minute Order dated August 24, 2021 Doc. 153 after CERT filed its disqualification motion and a timely and legally sufficient affidavit.

2. Healthy Living Foundation and Newman object to Judge Mueller proceeding further in the case by holding the Scheduling Conference presently set for August 27, 2021, after CERT filed its disqualification motion and affidavit.

**Legal Sufficiency of Affidavit: Extra-Judicial Grounds for Disqualification**

The grounds for disqualification in this case come exclusively from sources outside of the judge's participation in the case at hand. *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (alleged bias "must usually stem from an extrajudicial source"). The affidavit "must state facts as opposed to conclusions, and while the information and belief of the affiant as to the truth of the allegations are sufficient, mere rumors and gossip are not enough." *United States v. Hanrahan*, 248 F. Supp. 471, 474 (D.D.C. 1965). "The identifying facts of time, place, persons, occasion and circumstances must be set forth, with at least that degree of particularity one would expect to find in a bill of particulars." *Id*. (citations omitted).

All facts brought by CERT are strictly material, stated with particularity, and supported by publicly available sources of information and public record; the facts are such that they would convince a reasonable person that bias exists; and the facts show the bias is personal, as opposed to judicial in nature. None of the facts asserted is conclusory or is a belief or an opinion. The motion and the affidavit contain facts of times, places, persons, occasions and circumstances, stated with an extremely high degree of particularity, more than the standard requires. *See id.*; Doc. 152, 155, 155-1, 155-2. The so-called "extrajudicial source" rule is fully satisfied by CERT's motion and affidavits.

**Timeliness**

A recusal motion must be made "in a timely fashion." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992). "While there is no per se rule that recusal motions must be made at a fixed point in order to be timely, such motions should be filed with reasonable promptness after the

OBJECTION BY HLF AND NEWMAN TO FURTHER PROCEEDINGS
Case No. 2:19-cv-02019-KJM-JDP                                                  3

ground for such a motion is ascertained." *Id.* (citation omitted) (quotation marks omitted). Here, the request that Judge Mueller be recused is timely.

As established in CERT's motion and affidavit, Judge Mueller's appearance of bias in favor of California Chamber of Commerce only recently transpired in this case, through the research by the proposed intervenor-defendant Healthy Living Foundation, who accidentally learned one of the facts suggesting bias while researching almond growers for its notices of violation of Proposition 65 for high levels of acrylamide in almond products.

Healthy Living Foundation sues Justin's[1] for high levels of acrylamide in their almond butters and routinely researches almond growers, their supply and distribution chains, manufacturing processes, and sourcing practices. *See* Declaration of Aida Poulsen, ¶6. Almond products rank among the highest for acrylamide contamination. Judge Mueller's husband, Robert (Bob) J. Slobe, appears to own a large almond ranch, but because of his different last name, Healthy Living Foundation did not make a connection between Mr. Slobe and Judge Mueller in the past. When Healthy Living Foundation accidentally learned of the fact connecting a possible supplier of almonds in violation of Proposition 65, the North Sacramento Land Company owned by Mr. Slobe,[2] to Judge Mueller, it alerted its counsel, which triggered further inquiry that returned the voluminous and overwhelming evidence of possible bias and/or appearance of such, which should have been disclosed by the Judge at the onset of this litigation. Those facts include, among others, Judge sharing a publicly registered home address with the Plaintiff's organization at ▮▮▮▮▮▮▮▮▮▮▮▮▮, which may involve questions about landlord-tenant relationship, among others; Judge's past work as an attorney at Orrick, Herrington & Sutcliffe LLP,[3] a US Chamber of Commerce's litigation counsel;[4] see *AT&T Mobility LLC v. Yeager* (E.D.Cal. July 21, 2015, No. 2:13-cv-0007-KJM-DAD) 2015 U.S.Dist.LEXIS 94898, at 8-9; her husband's long-term engagement

---

[1] *Chemical Toxin Working Inc. v. Justin's LLC*, Superior Court of the State of California County of Alameda, No. RG20082547
[2] https://www.yelp.com/biz/north-sacramento-land-company-sacramento, last visited August 26, 2021.
[3] https://drive.google.com/file/d/1d-3uvkOBr1GAWyDj-8MUaDi_C3h50ULp/view, last visited August 26, 2021.
[4] https://www.chamberlitigation.com/cases/lyft-inc-v-wright, last visited August 26, 2021.

OBJECTION BY HLF AND NEWMAN TO FURTHER PROCEEDINGS
Case No. 2:19-cv-02019-KJM-JDP                                                                                                    4

with the Plaintiff's organization and his apparent managerial and sponsoring roles in it over the years; an awarding of what is called "Slobe Advocate Award" to the executive director and the President of the North Sacramento Chamber of Commerce Franklin Burris.[5] *See* Doc. 152, 155-156.

Under *Liteky v. United States*, 510 U.S. 540, 548 (1994), the obligation to identify the grounds for recusal is on the judge. The Court in *Fowler v. Butts*, 829 F.3d 788, 794 (7th Cir. 2016) further explains: 28 U.S.C. § 455(e) "does not permit an otherwise-disqualified judge to serve just because the litigant fails to make the appropriate motion. Instead the judge must take the initiative and make a 'full disclosure on the record.'"

Under 28 U.S.C. § 455(a), any judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. *United States v. Simmons,* 1997 U.S.Dist.LEXIS 22658, at *7 (E.D.Cal. July 22, 1997, CV-F-96-5948 OWW DLB). "Because the judge knows both the facts and the law about disqualification better than any litigant, even a litigant with a lawyer, it is well to stick with the statutory language: the judge must disqualify herself when the statute so provides whether or not the litigant files a motion." *Fowler,* 829 F.3d at 794. The participation of a disqualified judge is a form of structural error, which may be noticed at any time. *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1909 (2016).

CERT only learned of the first initial facts from the email of the undersigned counsel on August 1, 2021, within  days of its motion.

**Recusal is Non-Waivable Under § 455(b)(4)**

Importantly, one basis for CERT's disqualification motion, § 455(b)(4), requires disqualification no matter how insubstantial the financial interest and regardless of whether or not the interest actually creates an appearance of impropriety. *See* § 455(d)(4); *Liljeberg v. Health Servs. Acquisition Corp*., 486 U.S. 847, 859 n.8 (1988); *Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015). In addition, § 455(e) specifies that a judge may not accept a waiver of any ground for disqualification under § 455(b). *Liljeberg*, 486 U.S. at 859 n.8. Recusal is mandatory if the judge, his or her spouse, or minor child residing in his or

---

OBJECTION BY HLF AND NEWMAN TO FURTHER PROCEEDINGS
Case No. 2:19-cv-02019-KJM-JDP                                                                                       5

[5] http://www.jppsl.org/JewedBship.html, last visited August 26, 2021.

her household has "a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). "Financial Interest" is defined in 28 U.S.C. § 455(d)(4) as "ownership of a legal or equitable interest . . . . or a relationship as director, advisor or other active participant in the affairs of a party." *See also In re Specht*, 622 F.3d 697, 699–700 (7th Cir. 2010) (judge's denial of motion to amend complaint to add defendant creates appearance of partiality if judge or spouse has financial interest in, or is member of board of directors of, potential new defendant); *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003) (actual bias is of no consequence because statute is concerned not only with fairness to litigants, but equally with public's confidence in judiciary); *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995) (avoiding appearance of impropriety is as important in developing public confidence in judicial system as avoiding impropriety itself). The facts in the CERT's motion and affidavits sufficiently plead both—bias and an appearance of bias. *See* Doc. 152, 155-156.

### § 144 Motion

28 USC § 144 provides, in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge **shall proceed no further therein**, but another judge shall be assigned to hear such proceeding. [emphasis added]

Where the affidavit is legally insufficient, the judge at whom the motion is directed may resolve the matter. *United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999). The significance of section 144 is that it bars any inquiry into the facts beyond the face of the affidavit. *Berger v. United States*, 255 U.S. 22, 32-34 (1922). The judge must assume the facts alleged in a section 144 affidavit are true, even if he or she knows them to be false. *Id.* at 35-36; *see also Hanrahan*, 248 F. Supp. at 474.

### Due Process

The right to a tribunal free from bias or prejudice is based not on section 144, but on the Due Process Clause. *See In re Murchison*, 349 U.S. 133, 136-37 (1955). The Court asks not whether the judge is actually, subjectively biased, but whether the average judge in his position is 'likely' to be neutral, or

whether there is an unconstitutional 'potential for bias.'" *Tumey v. Ohio*, 273 U.S. 510, 523, (1927) (violation of due process to subject person's liberty or property to judgment of judge that has direct, personal, substantial, and pecuniary interest in resolving case); *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813 (1986).

## Objection to Court's Motion

Once CERT filed its disqualification Motion and affidavit, Judge Mueller should only be assessing the timeliness and sufficiency questions. Once those are determined as satisfying the formal requirements, it is the judge's duty to proceed no further. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). However, Judge Mueller has proceeded and seemingly intends to proceed further in this matter on issues unrelated to the timeliness and sufficiency of CERT's affidavit.

Specifically, on August 24, 2021, Judge Mueller made her own motion to submit two substantive motions to intervene, previously scheduled for a hearing, after CERT invoked section 144 by filing a timely and sufficient affidavit Doc. 153. Judge Mueller vacated two hearings for two interventions three days prior to the oral argument, ordering that two pending contested Motions to Intervene filed by two distinct intervenors, Healthy Living Foundation and Penny Newman, with vastly different standing, different interests and arguments, are both submitted without oral argument; and ordered that the highly contested Scheduling Conference in the case would proceed.

It appears Judge Mueller assumes she can continue to "proceed further" on certain purportedly procedural issues (Scheduling Conference), while deferring the purely substantive issues (such as the two pending motions to intervene). However, there is no such division in the law, allowing the judge, where the disqualification is pending, to rule on such important and highly contested issues as those raised by parties in the Joint Status Report. Doc. 144. Every issue pertaining to discovery, disclosures, experts, depositions, and especially timing, has been challenged by CERT who asserts Judge's bias, and will be necessarily decided in favor of one of the contestants.

OBJECTION BY HLF AND NEWMAN TO FURTHER PROCEEDINGS
Case No. 2:19-cv-02019-KJM-JDP                                                                                              7

Therefore, Healthy Living Foundation and Penny Newman object to Judge Mueller proceeding further in the case on any matters not relating to first assessing the facial sufficiency and timeliness of the affidavit supporting CERT's disqualification motion.

Dated: August 26, 2021                    Respectfully submitted,

                                                */s/ Aida Poulsen*

POULSEN LAW P.C.
Aida Poulsen, Esq., SBN 333117
282 11th Avenue, Suite 2612
New York, NY 10001
Telephone: (646) 776-5999
*Attorneys for Proposed Intervenor-Defendants:*
*The Chemical Toxin Working Group Inc. dba*
*Healthy Living Foundation Inc. and Penny Newman*

OBJECTION BY HLF AND NEWMAN TO FURTHER PROCEEDINGS
Case No. 2:19-cv-02019-KJM-JDP                                                                                              8

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2021, I caused the foregoing document, described as **OBJECTION TO FURTHER PROCEEDINGS OF JUDGE MUELLER BY PROPOSED INTERVENORS-DEFENDANTS THE CHEMICAL TOXIN WORKING GROUP INC. DBA HEALTHY LIVING FOUNDATION INC. AND PENNY NEWMAN** to be electronically filed with the Court's CM/ECF filing system, which will send a Notice of Electronic Filing to all parties of record who are registered with CM/ECF:

Trenton H. Norris, Esq.
Sarah Esmaili, Esq.
Samuel Zachary Fayne, Esq.
David M. Barnes, Esq.
Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center, 10th Flr.
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
trent.norris@arnolderporter.com
sarah.esmaili@arnoldporter.com
zachary.fayne@arnoldporter.com
david.barnes@arnoldporter.com
(Plaintiff)

Harrison Pollak
Joshua Purtle
Megan Hey
Laura J. Zuckerman
Office of the Attorney General
1515 Clay St., 20th Flr.
Oakland, CA 94612
Telephone: (510) 879-0187
harrison.pollak@doj.ca.gov
joshua.purtle@doj.ca.gov
megan.hey@doj.ca.gov
laura.zuckerman@doj.ca.gov

(Defendant)

Raphael Metzger, Esq.
Scott P. Brust, Esq.

CERTIFICATE OF SERVICE    Case No. 2:19-cv-02019-KJM-JDP

Metzger Law Group, APLC
555 E. Ocean Blvd., Suite 800
Long Beach, CA 90802
Telephone: (562) 437-4499
rmetzger@toxictorts.com
sbrust@toxictorts.com
(Intervenor-Defendant)
(Proposed Intervenor-Defendant)


Richard Drury
Lozeau Drury LLP
1939 Harrison Street, Suite 150
Oakland, CA 94612
(510) 836-4200
richard@lozeaudrury.com
(Intervenor-Defendant)

I declare that I am employed in the offices of a member of this court, at whose direction service was made.

Executed on August 26, 2021.

                                              */s/ Kelley Genne*
                                              Kelley Genne, Declarant