F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
RAPHAEL METZGER, ESQ., SBN 116020
SCOTT P. BRUST, ESQ., SBN 215951
555 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA 90802
TELEPHONE: (562) 437-4499
TELECOPIER: (562) 436-1561
WEBSITE: www.toxictorts.com

Attorneys for Intervenor-Defendant,
COUNCIL FOR EDUCATION AND
RESEARCH ON TOXICS ("CERT")

UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CALIFORNIA CHAMBER OF COMMERCE, | Civil No. 2:19-cv-02019-DAD-JDP |
|---|---|
| Plaintiff, | *Assigned to the Hon. Dale A. Drozd* |
| vs. | **INTERVENOR-DEFENDANT CERT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY** |
| XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | |
| Defendant, | DATE: December 7, 2021 |
| COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS, | TIME: 9:30 a.m. |
| Intervenor-Defendant. | CTRM: 5 |

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**INTERVENOR-DEFENDANT CERT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

# TABLE OF CONTENTS

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**PAGE**

1.   PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.   CALCHAMBER'S ARGUMENT THAT IT HAS STANDING TO BRING THIS
     CASE ON BEHALF OF ITS MEMBERS DOES NOT ESTABLISH THAT
     CALCHAMBER IS A REAL PARTY IN INTEREST IN THIS CASE . . . . . . . . . . . . . 2

3.   THIS MOTION ISN'T AN IMPROPER MOTION FOR RECONSIDERATION . . . . . 2

4.   CALCHAMBER'S ARGUMENT THAT IT HAS STANDING TO BRING THIS
     CASE ON BEHALF OF ITS MEMBERS DOES NOT MAKE IT A REAL PARTY
     IN INTEREST TO CREATE A CASE OR CONTROVERSY . . . . . . . . . . . . . . . . . . . . 4

5.   CAL CHAMBER'S ASSERTION THAT THE ATTORNEY GENERAL CON-
     TINUES TO ENFORCE PROPOSITION 65 REGARDING ACRYLAMIDE IN
     FOOD IS FALSE, BECAUSE HE CANNOT LAWFULLY DO SO AT ALL . . . . . . . . 4

6.   THE ATTORNEY GENERAL HAS DISAVOWED ENFORCEMENT . . . . . . . . . . . . 5

7.   CALCHAMBER'S ARGUMENT THAT THERE IS A SUBSTANTIAL THREAT
     OF ENFORCEMENT BY "BOUNTY HUNTERS" IS CORRECT, BUT NEGATES
     THE EXISTENCE OF A CASE OR CONTROVERSY . . . . . . . . . . . . . . . . . . . . . . . . 5

8.   THE ATTORNEY GENERAL AGREES WITH CALCHAMBER THAT
     PROPOSITION 65 WARNINGS STATING ACRYLAMIDE IS KNOWN TO THE
     STATE TO CAUSE CANCER VIOLATE THE FIRST AMENDMENT . . . . . . . . . . . . 6

9.   THE RECORD IN THIS CASE SHOWS THAT THE ATTORNEY GENERAL IS
     UNWILLING TO VIGOROUSLY DEFEND THIS CASE AS IS HIS DUTY . . . . . . . 7

10.  CALCHAMBER'S ARGUMENT THAT FEDERAL COURTS ALLOW CASES
     TO PROCEED WHEN THE STATE DECLINES TO DEFEND THE
     CONSTITUTIONALITY OF A STATE STATUTE IS BESIDE THE POINT . . . . . . . . 8

11.  CALCHAMBER'S ARGUMENT THAT IT HAS ASSOCIATIONAL STANDING
     TO PURSUE FIRST AMENDMENT CLAIMS ON BEHALF OF ITS MEMBERS
     ESTABLISHES IT IS NOT A REAL PARTY IN INTEREST . . . . . . . . . . . . . . . . . . . 9

12.  CALCHAMBER HAS WHOLLY FAILED TO ADDRESS OR ATTEMPT TO
     DISTINGUISH THE CASES UPON WHICH CERT BASES ITS MOTION . . . . . . . 11

13.  CALCHAMBER'S ARGUMENT THAT THIS COURT SHOULD REVOKE
     CERT'S STATUS AS AN INTERVENOR-DEFENDANT IS FURTHER
     EVIDENCE THAT CALCHAMBER WANTS TO PURSUE THIS CASE AS A
     FRIENDLY SUIT AGAINST THE ATTORNEY GENERAL TO ENJOIN THE
     PRIVATE ENFORCERS BY DEPRIVING THEM OF ALL OPPORTUNITY TO
     DEFEND THIS CASE AS THE REAL PARTIES IN INTEREST . . . . . . . . . . . . . . . . 12

14.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

i

**INTERVENOR-DEFENDANT CERT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

# **TABLE OF AUTHORITIES**

**PAGE**

## **CASES**

*Alvarado v. J.C. Penney Co.*
    997 F.2d 803, 805 (10th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Benjamin v. Aroostook Medical Center, Inc.*
    57 F.3d 101, 104 (1st Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Bitterroot Ridge Runners Snow-mobile Club v. U.S. Forest Serv.*
    329 F. Supp. 3d 1191 (D. Montana 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Columbia Sportswear North America, Inc. v. Seirus Innovative Accessories, Inc.*
    454 F.Supp.3d 1040, 1045 (D. Oregon 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Data Disc, Inc. v. Systems Technology Associates, Inc.*
    557 F.2d 1280, 1285 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Elk Grove Unified School Dist. v. Newdow*
    542 U.S. 1, 11–12 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 9-11

*Haile v. Superior Court*
    387 F.Supp. 865, 867 (D. Del. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Correia*
    452 B.R. 319, 324 (B.A.P. 1st Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Fry*
    2015 WL 572315 at 12 (USBC E.D. Cal. 2015). . . . . . . . . . . . . . . . . . . . . 1, 4, 9-11

*Levy-Tatum v. Navient Solutions, Inc.*
    183 F.Supp.3d 701, 710 (E.D. Pa. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Moore v. Charlotte-Mecklenburg Bd. of Ed.*
    402 U.S. 47 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Perry v. Schwarzenegger*
    704 F.Supp.2d at 927 (N.D. Cal. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Prasco, LLC v. Medicis Pharmaceutical Corp.*
    537 F.3d 1329, 1339 (Fed. Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Protectmarriage.com-Yes on 8 v. Bowen*
    752 F.3d 827, 834 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Schneider v. Dumbarton Developers, Inc.*
    767 F.2d 1007, 1017 (D.C. Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Steel Co. v. Citizens for a Better Environment*
    523 U.S. 83, 101–02, 118 S. Ct. 1003, 1016, 140 L. Ed. 2d 210 (1998) . . . . . . . . . . . . 3

**INTERVENOR-DEFENDANT CERT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

*Thornhill Publishing Company, Inc. v. General Telephone & Electronics Corp.*
   594 F.2d 730, 733 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*U.S. v. Gila Valley Irrigation Dist.*
   859 F.3d 789, 797 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Desert Gold Mining Co.*
   433 F.2d 713, 715 (9th Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Johnson*
   319 U.S. 302 (1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9-11

*United States v. State of Oregon*
   657 F.2d 1009, 1014 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Sterling Centrecorp Inc.*
   208 F. Supp. 3d 1126 (E.D. Cal. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## REGULATIONS

27 C.C.R. § 25505 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

27 C.C.R. § 25704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

iii

**INTERVENOR-DEFENDANT CERT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    PRELIMINARY STATEMENT

In its opposition to CERT's motion to dismiss this case for lack of a case and controversy, CalChamber fails to address CERT's two principal contentions - that the real parties in interest to this case are not before the court, and that the interests of CalChamber and the California Attorney General are not sufficiently adverse to each other to present an "honest and actual antagonistic assertion of rights," as is required to satisfy the case or controversy requirement of Article III.

In its motion to dismiss for lack of a case and controversy, CERT relied on three cases which it cited in the Preliminary Statement to its Memorandum of Points and Authorities: *United States v. Johnson* 319 U.S. 302 (1943), *In re Fry*, 2015 WL 572315 at 12 (USBC E.D. Cal. 2015), and *Elk Grove Unified School Dist. v. Newdow,* 542 U.S. 1, 11–12 (2004).

CalChamber does not dispute that these cases hold that where the plaintiff and defendant are not the real parties in interest, where the real parties in interest are not before the court, and where the parties before the court are not sufficiently adverse to each other to present an "honest and actual antagonistic assertion of rights," the purported dispute does not give risk to a case or controversy. Nor does CalChamber argue that these cases were wrongly decided or are otherwise not persuasive. Nor does CalChamber cite any cases overruling, disagreeing with, or distinguishing these cases. Rather than doing so, CalChamber simply ignores all three of these critical cases cited by CERT. Instead of addressing the issues raised by CERT's motion, CalChamber argues irrelevancies.

Lacking any facts or legal authority to oppose CERT's motion, CalChamber attacks CERT and its counsel, bringing to mind the adage that if you don't have the facts or the law on your side, attack the opposing party and its counsel, hoping that doing so distracts and confuses the judge.

In its motion, CERT accused the Attorney General of failing to enforce Proposition 65, of failing to adequately defend this case, and of secretly supporting CalChamber in its effort to prevent enforcement of Proposition 65 regarding acrylamide in food.  In its response, the Attorney General proves CERT's point, by failing to take a position whether this case should be dismissed, although dismissal would fulfill his duty of successfully defending CalChamber's challenge to this law.

For all these reasons, CERT's motion should be granted and this case should be dismissed.

**1**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**2.   CALCHAMBER'S ARGUMENT THAT IT HAS STANDING TO BRING THIS CASE ON BEHALF OF ITS MEMBERS DOES NOT ESTABLISH THAT CALCHAMBER IS A REAL PARTY IN INTEREST IN THIS CASE**

CalChamber argues that "[i]t has been well established for more than a century that state officials authorized to enforce an allegedly unconstitutional statute are the proper defendants in a suit for prospective injunctive relief against the statute's enforcement" and that "this case is [therefore] justiciable under Article III."  (CalChamber's memorandum at 7:22-24 and 8:6).  CERT does not dispute that the Attorney General is a proper defendant in a suit seeking to declare a state law unconstitutional and to enjoin enforcement thereof.  But that does <u>not</u> mean that the Attorney General is the real party in interest.

It is undisputed that the Attorney General has not sought to enforce Proposition 65 for more than a decade and that he has no present intention of filing any actions to enforce Proposition 65 regarding acrylamide in food.  It is also undisputed that the several hundred actions that have been brought in the past decade to enforce Proposition 65 regarding acrylamide in food have all been brought by private enforcers.  Although CalChamber's beef is thus with the private enforcers rather than the Attorney General, CalChamber has not actually sued any private enforcers, but instead seeks to derivatively enjoin them from enforcing Proposition 65 as persons "in privity" with the Attorney General.  Thus, the real parties in interest are the absent private enforcers, and although the Attorney General is a proper defendant for standing purposes, he is not a real party in interest in this case.

CalChamber argues that pursuant to *Ex parte Young*, the Attorney General is the state official who should be sued in this case.  Again, CERT does not dispute that the Attorney General is a proper defendant in this case.  But that does not mean that the Attorney General is a real party in interest.

**3.   THIS MOTION ISN'T AN IMPROPER MOTION FOR RECONSIDERATION**

CalChamber argues that Judge Mueller concluded that "CalChamber's Amended Complaint sufficiently alleged a credible threat of enforcement" and that CERT's motion is therefore an improper motion for reconsideration of her ruling that CalChamber's complaint sufficiently alleged a claim.  However, CERT did not file any motion to dismiss CalChamber's amended complaint, and CERT's current motion to dismiss is not based on the sufficiency of CalChamber's allegations, but is rather based on facts established by declarations.  See *Thornhill Publishing Company, Inc. v.*

**2**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

*General Telehpone & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) ["No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist."].  See, also, *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977) ["[I]f a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss.  If a plaintiff make such a showing, however, it does not necessarily mean that he may then go to trial on the merits.  If the pleadings and other submitted materials raise issues of credibility or disputed questions of fact with regard to jurisdiction, the district court has the discretion to take evidence at a preliminary hearing in order to resolve the contested issues.  In this situation, where plaintiff is put to his full proof, plaintiff must establish the jurisdictional facts by a preponderance of the evidence, just as he would have to do at trial." (Internal citations omitted)]; see also, *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101–02, 118 S. Ct. 1003, 1016, 140 L. Ed. 2d 210 (1998) [holding that the threshold requirement of a case or controversy applies even in cases where a plaintiff asserts a claim that is clearly within the court's subject matter jurisdiction.  "For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires."].

Moreover, even if CERT's motion to dismiss were a motion for reconsideration of Judge Mueller's ruling (although CERT never brought a motion to dismiss CalChamber's amended complaint), such a motion can be considered by a successor judge for "cogent reasons," *Columbia Sportswear North America, Inc. v. Seirus Innovative Accessories, Inc.*, 454 F.Supp.3d 1040, 1045 (D. Oregon 2020), citing *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970), "if the court is presented with new evidence," *id.,* or "to prevent 'manifest injustice.'"  *Id.,* 454 F.Supp.3d at 1045 ["Here, the 'manifest injustice' that . . . Defendants seek to avoid is the possibility of litigating a case – and likely proceeding to trial – with the result of yielding a void judgment if this court does not actually have ... jurisdiction over the parties....  This is a sufficiently 'cogent reason' for me to depart from the law of the case and reconsider [prior judge's] ruling on ... jurisdiction."]

**3**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**4.   CALCHAMBER'S ARGUMENT THAT IT HAS STANDING TO BRING THIS CASE ON BEHALF OF ITS MEMBERS DOES NOT MAKE IT A REAL PARTY IN INTEREST TO CREATE A CASE OR CONTROVERSY**

CalChamber argues that it "satisfies the injury-in-fact requirement" because it alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder," so it has standing to bring this action. (CalChamber's memorandum at 11:11-13 and 12:2-3). But even assuming that "a credible threat of prosecution" somehow exists that the Attorney General would file a Proposition 65 lawsuit regarding acrylamide in food (which CERT disputes), the mere fact that CalChamber may have *standing* to bring such a claim in a representational capacity on behalf of its members, does not mean that CalChamber is the *real party in interest* to litigate such a claim as a case or controversy. CalChamber does not dispute that it has itself suffered no organizational injury, and only brings this case in a representative capacity on behalf of some of its members who allegedly have been harmed by Proposition 65. Thus, by definition, it is some unidentified members of CalChamber who are alleged to have been harmed by the application of Proposition 65 to acrylamide in food that would be the real parties in interest in this case, rather than CalChamber itself. While CalChamber may therefore have representational standing to bring this case, it is not a real party in interest in this case, because it has suffered no organizational injury. Thus, even though CalChamber may have standing to file this case, since it is not a case between real parties in interest, it is not a case or controversy within this Court's Article III jurisdiction. *In re Fry*, 2015 WL 572315 at 12 (USBC E.D. Cal. 2015); *Elk Grove Unified School Dist. v. Newdow,* 542 U.S. 1, 11–12 (2004).

**5.   CAL CHAMBER'S ASSERTION THAT THE ATTORNEY GENERAL CON-TINUES TO ENFORCE PROPOSITION 65 REGARDING ACRYLAMIDE IN FOOD IS FALSE, BECAUSE HE CANNOT LAWFULLY DO SO AT ALL**

CalChamber asserts that the Attorney General "continues to engage in . . . enforcement-related activities" regarding acrylamide in food. (CalChamber's memorandum at 13:17). However, this assertion is false, because the Attorney General has been enjoined from enforcing Proposition 65 regarding acrylamide by this Court and thus cannot "engage in . . . enforcement-related activities." Indeed, because the Attorney General failed to appeal the preliminary injunction issued by Judge Mueller, the Ninth Circuit stayed the injunction as to private enforcers - not the Attorney General.

**4**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

### 6.   THE ATTORNEY GENERAL HAS DISAVOWED ENFORCEMENT

CalChamber asserts that "the Attorney General has not disavowed enforcement" of Proposition 65 with respect to acrylamide in food (CalChamber's memorandum at 14:1).  However, this assertion is also incorrect, for two reasons.

First, by failing to appeal the preliminary injunction issued by Judge Mueller in derogation of his duty to defend Proposition 65, the Attorney General disavowed enforcement of Proposition 65, and Proposition 65 can now only be enforced regarding acrylamide in food by private enforcers.

Second, by representing OEHHA in its regulatory endeavors to exempt coffee and other foods from Proposition 65 in derogation of the statute, the Attorney General has disavowed enforcement of Proposition 65.  Indeed, the Attorney General has defended OEHHA in litigation by CERT challenging OEHHA's adoption of 27 C.C.R. § 25704 (exempting acrylamide in coffee from Proposition 65) and the Attorney General will be defending OEHHA's adoption of proposed 27 C.C.R. § 25505 (exempting acrylamide in cooked or heat processed foods, including nuts, bread, cookies, crackers, french fries, hash browns, potato puffs, potato chips, prune juice, and waffles, by declaring that exposure to acrylamide in such foods does not constitute an exposure at all).  Indeed, by enforcing these regulations, the Attorney General is not merely failing to enforce Proposition 65 regarding acrylamide in food; he is preventing enforcement of Proposition 65 regarding acrylamide.

### 7.   CALCHAMBER'S ARGUMENT THAT THERE IS A SUBSTANTIAL THREAT OF ENFORCEMENT BY "BOUNTY HUNTERS" IS CORRECT, BUT NEGATES THE EXISTENCE OF A CASE OR CONTROVERSY

CalChamber argues "there is no dispute that CalChamber's members face a real and credible threat of enforcement by private bounty hunters" and that this "'credible threat of enforcement' ... supports [CalChamber's] standing to sue *state officials* to challenge the statute."  (CalChamber's memorandum at 14:23-24 and 15:5-6)   CERT agrees that "CalChamber's members face a real and credible threat of enforcement by private [enforcers]," but CalChamber has refused to sue the private enforcers in this case and has prevented them from becoming parties to this case by successfully opposing their motions to intervene.  Since the private enforcers have filed all of the lawsuits regarding acrylamide in food during the past decade, they are the defendant real parties in interest, but their absence from this case negates this case being a case or controversy within Article III.

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

8.    **THE ATTORNEY GENERAL AGREES WITH CALCHAMBER THAT PROPOSITION 65 WARNINGS STATING ACRYLAMIDE IS KNOWN TO THE STATE TO CAUSE CANCER VIOLATE THE FIRST AMENDMENT**

In its opposition, CalChamber's counsel writes:  "Notably, CERT does not contend that the AG agrees with CalChamber that mandating Proposition 65 cancer warnings for acrylamide in food violates the First Amendment." (CalChamber's memorandum at 16:11-13).  At the time CERT filed its motion, CERT had no basis to contend that the Attorney General agrees with CalChamber that mandating Proposition 65 cancer warnings for acrylamide in food violates the First Amendment.  However, on November 18, 2021 the Attorney General filed a "Proposed Amicus Curiae Brief of Attorney General Rob Bonta" in *Council for Education and Research on Toxics v. California Chamber of Commerce* (Docket Entry 68) Ninth Circuit Appeal No. 21-15745 (CERT's appeal of the preliminary injunction issued by Judge Mueller in this case).

In his proposed Amicus Curiae Brief, the Attorney General informed the Ninth Circuit of a new proposed regulation which, "[i]f adopted . . . , would provide a new safe harbor warning specifically for exposures to acrylamide from the consumption of food and beverages."  The Attorney General informed the Ninth Circuit that the language of the proposed warning is as follows: "Consuming this product can expose you to acrylamide, a probable human carcinogen formed in some foods during cooking or processing at high temperatures. . . ."  The Attorney General noted that this court granted the preliminary injunction sought by CalChamber, "because it held that the generic safe harbor warning, which states that acrylamide is 'known to the State of California to cause cancer,' was misleading and not factual.  The Attorney General wrote that "[t]he court indicated that an alternative warning – such as a warning stating that acrylamide 'probably' causes cancer, and is formed in certain foods during the cooking process – would not raise such concerns."

The Amicus Curiae Brief of the Attorney General indicates that the Attorney General has concluded that the "generic" Proposition 65 warning, which states that acrylamide is "known to the State of California to cause cancer," is misleading and not factual and therefore violates the First Amendment, but that a warning that states that acrylamide is "a probable human carcinogen" would be accurate and factual and therefore not violate the First Amendment.  Hence, CERT now contends that the AG does agree with CalChamber that the generic warning violates the First Amendment.

**INTERVENOR-DEFENDANT CERT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS  MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
www.toxictorts.com

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

9.      **THE RECORD IN THIS CASE SHOWS THAT THE ATTORNEY GENERAL IS UNWILLING TO VIGOROUSLY DEFEND THIS CASE AS IS HIS DUTY**

CalChamber disputes CERT's contention that the Attorney General has failed to vigorously defend this case and trivializes and dismisses CERT's contention as a mere "disagreement with the AG's litigation strategy and staffing decisions" in this case. (CalChamber's memorandum at 17:4-6) However, the record in this case speaks for itself and establishes the following:

The Attorney General staffed this case with low-level deputies attorney general in the Proposition 65 unit, Harrison Pollak, John Everett, and Joshua Purtle, none of whom has ever tried a case, let alone a case involving complex scientific issues, or any case in federal court under the *Daubert* standard.[1]  Although this case involves complex issues regarding the First Amendment, the Anti-Injunction Act, the All Writs Act, federal abstention doctrines, and federal civil procedure, the Attorney General did not staff this case with attorneys with experience or expertise in these areas.

The Attorney General opposed the preliminary injunction motion with a declaration of just one expert [ECF 47-1], who correctly opined that dietary epidemiology studies are unreliable to determine human carcinogenicity of acrylamide, but contradicted herself by saying the same studies were somehow reliable to conclude that acrylamide does not cause human cancer in coffee drinkers. Thus, the Attorney General sought to split the baby rather than defend Proposition 65. Judge Mueller recognized that inconsistency and used it as a basis for her preliminary injunction. [ECF 114 p23].

The Attorney General refused to appeal the preliminary injunction even though the injunction prevented the Attorney General from discharging his primary duty to enforce California law.

When CERT determined that it would appeal the preliminary injunction and would seek a stay of the preliminary injunction pending appeal, the Attorney General took no position whether the injunction should be stayed, even though the Court had enjoined the Attorney General from enforcing the law.  In the Joint Status report filed on July 14, 2021 [ECF 144], the Attorney General

---

[1]   In footnote 4 of its memorandum, CalChamber cites *Bitterroot Ridge Runners Snow-mobile Club v. U.S. Forest Serv.*, 329 F. Supp. 3d 1191 (D. Montana 2018) as a case litigated by Joshua Purtle of the Attorney General's office, and *United States v. Sterling Centrecorp Inc.*, 208 F. Supp. 3d 1126 (E.D. Cal. 2016) as a case litigated by John Everett of the Attorney General's office.  However, these decisions do not list them as attorneys of record and these junior deputies attorney general who appeared in this case have recently departed the Attorney General's office.

**7**

F:\WP\Cases\1887\PLEAD\MOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

1   represented to the Court that "[t]he Attorney General believes that no further discovery will be

2   necessary," even though no discovery had taken place in this case, and all parties had been foreclosed

3   from initiating any discovery pursuant to the court's order at the outset of this case staying all

4   discovery.  In the same Joint Status report, the Attorney General "propose[d] that the parties waive

5   the exchange of initial disclosures," although no disclosures had been made by any party and no

6   party had produced any documents or identified fact witnesses that support its claims or defenses in

7   this case.  Worse yet, in the same Joint Status Report the Attorney General informed the Court that

8   he "has not yet decided whether he believes depositions of experts will be necessary, or whether he

9   will be disclosing any additional expert witnesses . . . ."  CERT's lead counsel, who has been

10  designated one of the Top 100 attorneys in California by the Daily Journal, believes that these facts

11  reflect a failure on the part of the Attorney General to vigorously defend this case.  However, this

12  court can judge for itself whether the Attorney General's failure to appeal the preliminary injunction,

13  his assertion that he needs no discovery in this case, that he needs no expert other than the one expert

14  whose opinion Judge Mueller rejected, and that experts need not be deposed in this case constitutes

15  a vigorous defense of this case or rather reflects a willingness to let CalChamber win this case so that

16  the Attorney General will not have to deal with the politically unsavory issue of acrylamide in food.

17      **10.  CALCHAMBER'S ARGUMENT THAT FEDERAL COURTS ALLOW CASES TO PROCEED WHEN THE STATE DECLINES TO DEFEND THE CONSTITUTIONALITY OF A STATE STATUTE IS BESIDE THE POINT**

18

19  CalChamber argues that "federal courts have allowed challenges to state statutes to proceed

20  even where the State declined *entirely* to defend the constitutionality of the statute," citing *Perry v.*

21  *Schwarzenegger,* 704 F.Supp.2d at 927.  That is true, but in *Perry,* the district court allowed the

22  proponents of Proposition 8 to defend the initiative in the Attorney General's stead and the Attorney

23  General did not oppose intervention by them.  In the present case, Penny Newman, one of the

24  original proponents of Proposition 65 in the mid-1980s sought to intervene to defend the initiative,

25  but both CalChamber and the Attorney General opposed her intervention, and this court denied her

26  motion to intervene, so she cannot defend Proposition 65 as a proponent of the initiative.  Likewise,

27  CalChamber and the Attorney General opposed intervention by the Healthy Living Foundation, a

28  private enforcer of Proposition 65 regarding acrylamide, who was also denied leave to intervene.

**8**

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

11. **CALCHAMBER'S ARGUMENT THAT IT HAS ASSOCIATIONAL STANDING TO PURSUE FIRST AMENDMENT CLAIMS ON BEHALF OF ITS MEMBERS ESTABLISHES IT IS NOT A REAL PARTY IN INTEREST**

CalChamber next argues that it "has associational standing to pursue First Amendment claims on behalf of its members" (CalChamber's memorandum at 19:4-5), and reasons that it is therefore a "real party in interest." Not so! CERT agrees that under established case law, an organization has standing to bring suit on behalf of its members if certain requirements are met. However, standing and real party in interest status are different legal concepts and the mere fact that an organization may have standing to bring a lawsuit on behalf of its members does not mean that the lawsuit it files presents an "honest and actual antagonistic assertion of rights" between real parties in interest so as to satisfy the case or controversy requirement of Article III. *United States v. Johnson* 319 U.S. 302 (1943); *In re Fry*, 2015 WL 572315 at 12 (USBC E.D. Cal. 2015); *Elk Grove Unified School District v. Newdow,* 542 U.S. 1, 11–12 (2004).

In the present case, CalChamber has not alleged that it has suffered any organizational injury, but instead acknowledges that it has not suffered any injury and merely sues on behalf of some of its members whom CalChamber alleges have been harmed by being sued by private enforcers in Proposition 65 cases regarding acrylamide in food. CalChamber alleges that private enforcers have filed several hundred Proposition lawsuits regarding acrylamide in food, some of which have allegedly harmed CalChamber members. However, CalChamber has intentionally not sued any of the private enforcers whom it claims have filed the lawsuits that have harmed its members, hoping to derivatively enjoin them as persons "in privity" with the Attorney General, without suing them in this case and without affording them an opportunity to defend against CalChamber's claims. Instead, CalChamber has only sued the Attorney General, who has not filed any lawsuits regarding acrylamide in food in the last decade and who has not filed any of the numerous lawsuits which CalChamber alleges have harmed its members. Indeed, the Attorney General only filed a few lawsuits regarding acrylamide in food many years ago and CalChamber has not alleged that any of those few lawsuits filed by the Attorney General were filed against any CalChamber members. Thus, in the present case the plaintiff has not itself been harmed by any Proposition 65 cases and the defendant has not harmed any CalChamber members by filing any such lawsuits. Therefore, neither

9

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

the plaintiff nor the defendant in this case are real parties in interest.  The real parties in interest are any CalChamber members that have actually been sued by private enforcers and the private enforcers who have sued them, all of whom CalChamber has intentionally not named as either plaintiffs or defendants in this case.  Since none of the parties in this case are real parties in interest, this case does not present an "honest and actual antagonistic assertion of rights" between real parties in interest so as to satisfy the case or controversy requirement of Article III.  *United States v. Johnson* 319 U.S. 302 (1943); *In re Fry*, 2015 WL 572315 at 12 (USBC E.D. Cal. 2015); *Elk Grove Unified School District v. Newdow,* 542 U.S. 1, 11–12 (2004).

Worse yet, neither the CalChamber members who have allegedly been harmed by being sued in Proposition 65 cases regarding acrylamide in food, nor the private enforcers who have allegedly harmed them can be joined in this case, because both CalChamber and the Attorney General have opposed intervention by the private enforcers and this court has already denied them leave to intervene.  Additionally, CalChamber has steadfastly refused to join any of its allegedly harmed members as plaintiffs in this case and refuses to identify a single one of its members that has been harmed by the lawsuits filed by private enforcers, claiming that the identity of every one of its members who has allegedly been harmed is protected from disclosure by their associational rights of privacy, and threatening a motion for protective order to prevent disclosure. [ECF 144; 7:27 – 8:8]

Therefore, the jurisdictional defect that this case is devoid of any real parties in interest cannot be remedied by substituting or joining either CalChamber members who have allegedly been harmed, or the private enforcers who have allegedly harmed them.  Accordingly, the absence of all real parties in interest in this case cannot be remedied pursuant to Rule 17 of the Federal Rules of Civil Procedure, and the lack of a genuine dispute between absent real parties in this case cannot be remedied so as to present an "honest and actual antagonistic assertion of rights" between real parties in interest so as to satisfy the case or controversy requirement of Article III.  *United States v. Johnson* 319 U.S. 302 (1943); *In re Fry*, 2015 WL 572315 at 12 (USBC E.D. Cal. 2015); *Elk Grove Unified School District v. Newdow,* 542 U.S. 1, 11–12 (2004).

//
//

**INTERVENOR-DEFENDANT CERT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS  MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

**12.   CALCHAMBER HAS WHOLLY FAILED TO ADDRESS OR ATTEMPT TO DISTINGUISH THE CASES UPON WHICH CERT BASES ITS MOTION**

In its motion, CERT relied on three cases which it cited in the Preliminary Statement to its Memorandum:  *United States v. Johnson* 319 U.S. 302 (1943), *In re Fry*, 2015 WL 572315 at 12 (USBC E.D. Cal. 2015), and *Elk Grove Unified School Dist. v. Newdow,* 542 U.S. 1, 11–12 (2004). CalChamber does not dispute these cases hold that where the plaintiff and defendant are not the real parties in interest, where the real parties in interest are not before the court, and where those before the court are not sufficiently adverse to each other to present an "honest and actual antagonistic assertion of rights," the purported dispute does not give risk to a case or controversy.  Nor does CalChamber argue that these cases were wrongly decided or are otherwise not persuasive.  Nor does CalChamber cite any cases overruling, disagreeing with, or distinguishing these cases.  By failing to address the cases on which CERT bases its motion, CalChamber concedes their applicability.

"Article III's 'case-or-controversy' requirement precludes federal courts from deciding 'questions that cannot affect the rights of litigants in the case before them.'" *U.S.  v. Gila Valley Irrigation Dist.* 859 F.3d 789, 797 (9th Cir. 2017), quoting *Protectmarriage.com-Yes on 8 v. Bowen* 752 F.3d 827, 834 (9th Cir. 2014).  "[A] case or controversy must arise between the parties themselves. The court is restrained from hearing cases in which 'the litigant asserts the rights and interests of a third party and not his or her own.'" *In re Correia* 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011), quoting *Benjamin v. Aroostook Medical Center, Inc.*, 57 F.3d 101, 104 (1st Cir. 1995).

"[F]ederal courts lack jurisdiction in the absence of a defendant having an interest adverse to that of the plaintiff." *Haile v. Superior Court,* 387 F.Supp. 865, 867 (D. Del. 1975), citing *Moore v. Charlotte-Mecklenburg Bd. of Ed.* 402 U.S. 47 (1971).  "[A] case or controversy must be based on a real and immediate injury or threat of future injury that is *caused by the defendants*." *Prasco, LLC v. Medicis Pharmaceutical Corp.* 537 F.3d 1329, 1339 (Fed. Cir. 2008) (emphasis in original). "There is insufficient adversity . . . where the chance of a defendant acting against a plaintiff is a mere contingency." *Levy-Tatum v. Navient Solutions, Inc.* 183 F.Supp.3d 701, 710 (E.D. Pa. 2016).

Since CalChamber fails to acknowledge the rule of law established in the cases on which CERT relies and fails to address the critical issues, this court should grant CERT's motion.

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**INTERVENOR-DEFENDANT CERT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS  MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**13.  CALCHAMBER'S ARGUMENT THAT THIS COURT SHOULD REVOKE CERT'S STATUS AS AN INTERVENOR-DEFENDANT IS FURTHER EVIDENCE THAT CALCHAMBER WANTS TO PURSUE THIS CASE AS A FRIENDLY SUIT AGAINST THE ATTORNEY GENERAL TO ENJOIN THE PRIVATE ENFORCERS BY DEPRIVING THEM OF ALL OPPORTUNITY TO DEFEND THIS CASE AS THE REAL PARTIES IN INTEREST**

Lacking any facts or case authority to oppose CERT's motion, CalChamber instead attacks CERT and its counsel, bringing to mind the adage that if you don't have the facts or the law on your side, attack the opposing party and its counsel, hoping that doing so distracts and confuses the judge. But CalChamber goes even further.  CalChamber has the audacity to ask this court to revoke CERT's status as an Intervenor-Defendant even though CERT is the only private enforcer that successfully intervened in this case and is the only party that has vigorously and successfully defended this case.

CalChamber's argument that this Court should revoke CERT's status as an Intervenor-Defendant is, of course, further evidence that CalChamber desires to pursue this case as a friendly suit against the Attorney General to permanently enjoin all private enforcers from enforcing Proposition 65 with respect to acrylamide in food by depriving CERT and all other private enforcers all opportunity to defend this case, as CERT has zealously done since the inception of this case.

CERT is the only private enforcer that has successfully litigated at trial the false compelled speech issue that CalChamber asserts in this case.  Indeed, in the *CERT v. Starbucks* case, CERT defeated that defense against the 85 defendants in that case in 2015 following a three-month trial. CERT has also successfully defended this case to date.  Upon intervening, CERT filed a motion to dismiss this case based on the federal Anti-Injunction Act, because CalChamber's complaint in this case sought to nullify CERT's trial victory on the First Amendment defense by collateral attack. Judge Mueller determined that CalChamber's original complaint did violate the Anti-Injunction Act and granted CERT's motion to dismiss on this ground, which the Attorney General did not assert. After CalChamber amended its complaint and filed its motion for preliminary injunction, CERT opposed the motion arguing that this court could not issue the preliminary injunction sought against CERT and other private enforcers, because the preliminary injunction itself would constitute an unconstitutional prior restraint on CERT's speech and petition rights under the First Amendment - another argument that the Attorney General failed to assert on behalf of the private enforcers.  When

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

Judge Mueller nevertheless issued the preliminary injunction, CERT appealed that order and filed a motion seeking an emergency stay from the Ninth Circuit, which granted CERT's motion, staying the injunction as to all private enforcers upon finding that CERT was likely to prevail on the merits. The Attorney General did not appeal the preliminary injunction, so all private enforcers would have been enjoined from filing Proposition 65 cases regarding acrylamide in food, in violation of their speech and petition rights, had CERT not appealed the preliminary injunction for their benefit.  Thus, CERT has demonstrated that it, unlike the Attorney General, is willing to vigorously defend this case to preserve the First Amendment rights of all private enforcers and protect Californians from cancer.

Finally, upon conducting an exhaustive investigation, CERT determined that Judge Mueller had major financial and associational conflicts of interest in this case and filed a motion to disqualify her which prompted Judge Mueller to recuse herself.  The evidence that CERT presented in support of its disqualification motion was massive and included evidence that Judge Mueller and her husband have a direct financial interest in the subject and outcome of this case because they own an almond ranch and receive a percentage of profits from the sale of almonds harvested on the ranch. Judge Mueller's failure to recuse herself is shocking because in its complaint CalChamber alleged that multiple Proposition 65 lawsuits regarding acrylamide hade been filed regarding acrylamide in almonds, so Judge Mueller's financial interest in almonds is the subject of this case.  CERT also discovered that Judge Mueller's husband is a past president of the North Sacramento Chamber of Commerce, that they share a business address with the North Sacramento Chamber of Commerce, and the website of the North Sacramento Chamber of Commerce identifies her husband's business as one of its ""Leadership Circle Sponsor Members" and one of its few "Platinum Members" - the highest level of corporate sponsorship.  Based on this shocking evidence of financial and associational interests, as well as other evidence of judicial conflicts, CERT filed its motion to disqualify Judge Mueller, which prompted her recusal and much vitriol from this disqualified judge. CERT took the initiative to disqualify a biased judge from this case, while the Attorney General, who should have done so, failed to do so and failed to join in CERT's motion even upon being presented with the facts and evidence.  Thus, CalChamber wants CERT out of this case because CERT has vigorously and successfully defended this case, and successfully litigated the First Amended issue.

**INTERVENOR-DEFENDANT CERT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS  MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

After Judge Mueller recused herself in this case, every other judge of the Eastern District of California located in Sacramento recused themselves even though their conflicts of interest were much less notable than the massive conflicts of interest that Judge Mueller had and failed to disclose.

In sum, had CERT not intervened in this case, all private enforcers would have been unlawfully enjoined from filing Proposition 65 cases regarding acrylamide in food in violation of their speech and petition rights under the First Amendment and this case would be litigated before a judge who is disqualified due to direct and unwaivable financial conflicts of interest, as well as associational conflicts of interest.  And Californians would currently be denied their statutory right to receive cancer hazard warnings regarding acrylamide in the food that they eat, so that they could make informed choices and avoid eating foods that contain high levels of acrylamide, like the almonds that are grown on Judge Mueller's ranch and other high-acrylamide containing foods.

As an intervenor, CERT has all of the rights of a named defendant.  *United States v. State of Oregon*, 657 F.2d 1009, 1014 (9th Cir. 1981).  Indeed, intervenors "enter the suit with the status of original parties and are fully bound by all future court orders."  *Id.*  See also *Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985) ("When a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party."); *Alvarado v. J.C. Penney Co.*, 997 F.2d 803, 805 (10th Cir. 1993) ("We agree that when a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party.").

Merely because CalChamber would like to have a cozy friendly suit with the Attorney General who views Proposition 65 lawsuits regarding acrylamide as a political hot potato and a nuisance, is no ground for this Court to revoke CERT's status as an intervenor-defendant, especially because the Attorney General has not vigorously defended this case, has not made critical arguments that CERT has made on behalf of the absent private enforcers, failed to assert the First Amendment rights of private enforcers in opposition to Cal Chamber's motion for a preliminary injunction, and failed to appeal the preliminary injunction after it was unlawfully issued by a judge with egregious conflicts of interest, which CERT discovered and presented to this court, prompting that judge to recuse herself as the trier of fact and the judge in this case.  For all these reasons, CalChamber's request to revoke CERT's status as an intervenor-defendant is outrageous.  It is also rife with irony.

**14**

**INTERVENOR-DEFENDANT CERT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY**

CalChamber's claim in this case is that some unknown number of its members whom CalChamber refuses to identify or join as parties plaintiff have suffered a deprivation of their rights under the First Amendment by having to comply with Proposition 65 by providing consumers warnings that their food products contain acrylamide, a chemical known to the state to cause cancer. CalChamber contends that the statutorily required warning constitutes false compelled speech in violation of the First Amendment, even though CalChamber's attorney unsuccessfully litigated that issue against CERT in a 3-month trial and now mounts this improper collateral attack against CERT.

Although CalChamber's First Amendment claim is extremely tenuous and was previously unsuccessfully litigated by its attorney in state court, CalChamber refuses to acknowledge that CERT has First Amendment rights that it seeks to vindicate once again on behalf of Californians, as it did in the *CERT v. Starbucks* trial.  Even though CERT's counsel informed CalChamber's attorney that Judge Mueller could not issue the preliminary injunction that CalChamber sought, because the preliminary injunction would itself constitute an unlawful prior restraint of CERT's speech and petition rights under the First Amendment, CalChamber brazenly proceeded with the motion, which Judge Mueller granted when she should have recused herself due to massive conflicts of interest, requiring CERT to appeal the injunction and obtain an emergency stay from the Ninth Circuit.

Now CalChamber seeks to deprive CERT of its First Amendment right of access to this court and the right to defend itself against the injunction that issued against it.  This Court should not succumb to CalChamber's haughty attempts to deprive CERT of its First Amendment right to defend this case by exercising judicial "discretion" to revoke CERT's status as intervenor-defendant.

**14.   CONCLUSION**

This action does not present a case or controversy within this court's Article III jurisdiction. Hence, this court should grant CERT's motion and dismiss this case on this fundamental ground.

DATED:   November 30, 2021          METZGER LAW GROUP
                                     A Professional Law Corporation

                                         /s/ Raphael Metzger

                                     _____
                                     RAPHAEL METZGER, ESQ.
                                     Attorneys for Plaintiff
                                     COUNCIL FOR EDUCATION AND
                                     RESEARCH ON TOXICS ("CERT")

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

**15**

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Reply Memorandum-rev4.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
www.toxictorts.com

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

Practice concentrated in toxic
tort & environmental litigation
occupational & environmental lung
disease, cancer, and toxic injuries

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2021. I caused the foregoing document, described as **INTERVENOR-DEFENDANT CERT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY** to be electronically filed with the Court's CM/ECF filing system, which will send a *Notice of Electronic Filing* to all parties of record who are registered with CM/ECF:

Trenton H. Norris, Esq.
Sarah Esmaili, Esq.
S. Zachary Fayne, Esq.
David M. Barnes, Esq.
Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center, 10ᵗʰ Flr.
San Francisco, CA 94111-4024
(Plaintiff)
Telephone: (415) 471-3100
email:  trent.norris@arnolderporter.com

Laura J. Zuckerman, Deputy Attorney General
Office of the Attorney General
1515 Clay St., 20ᵗʰ Flr.
Oakland, CA 94612
(Defendant)
Telephone: (510) 879-0098
email: laura.zuckerman@doj.ca.gov

Megan Hey, Deputy Attorney General
Office of the Attorney General
300 S. Spring St., Suit e1702
Los Angeles, CA 90013
Telephone: (213) 269-6344
email: megan.hey@doj.ca.gov

Rafael J. Hurtado, Deputy Attorney General
State of California Department of Justice
Office of the Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
(Defendant)
Telephone (619) 321-5780
email: rafael.hurtado@joj.ca.gov

Aida Poulsen, Esq.
Poulsen Law P.C.
282 11ᵗʰ Ave., Suite 2612
New York, NY 10001
(Intervenors-Defendants)
email: ap@poulsenlaw.org

I declare that I am employed in the offices of a member of this court, at whose direction service was made.

Executed on November 30, 2021, at Long Beach, California.

/s/ Nina S. Vidal
_____
Nina S. Vidal, Declarant

**INTERVENOR-DEFENDANT CERT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY**