TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
RAPHAEL METZGER, ESQ., SBN 116020
SCOTT P. BRUST, ESQ., SBN 215951
555 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA 90802
TELEPHONE: (562) 437-4499
TELECOPIER: (562) 436-1561
WEBSITE: www.toxictorts.com

Attorneys for Intervenor-Defendant,
COUNCIL FOR EDUCATION AND
RESEARCH ON TOXICS ("CERT")

UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CHAMBER OF COMMERCE,<br><br>    Plaintiff,<br><br>vs.<br><br>XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA.<br><br>    Defendant.<br><br>COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS, a California public benefit corporation,<br><br>    Intervenor-Defendant. | Civil No. 2:19-cv-02019 DAD JDP<br><br>*Reassigned to Hon. Dale A. Drozd, Ctrm. 5*<br><br>**INTERVENOR-DEFENDANT CERT'S MOTION TO SUBMIT A VERY SHORT SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY, INFORMING THE COURT OF NEW U.S. SUPREME COURT CASE AUTHORITY**<br><br>**[Submitted Matter]** |

**INTERVENOR-DEFENDANT CERT'S MOTION TO SUBMIT A VERY SHORT SUPPLEMENTAL BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY,
INFORMING THE COURT OF NEW U.S. SUPREME COURT CASE AUTHORITY**

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802
TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

TO THE PARTIES HERETO AND TO THEIR ATTORNEYS OF RECORD:

Intervenor-Defendant, Council for Education and Research on Toxics ("CERT") hereby moves the court for permission to file a very short (2½ page) supplemental brief in support of CERT's motion to dismiss this case for lack of a case or controversy within the Court's Article III jurisdiction, informing the Court of relevant new U.S. Supreme Court case authority.

This motion is made pursuant to this court's Standard Procedures which provide that "no supplemental briefs may be filed without prior leave of court."

This motion is made on the ground that the decision of the United States Supreme Court in *Whole Woman's Health et al. v. Jackson*, ___ U.S. ___, 2021 WL 5855551 (December 10, 2021), provides new authority regarding federal courts' limited jurisdiction over cases and controversies under Article III of the U.S. Constitution, which new authority supports CERT's presently pending motion to dismiss this case for lack of a case or controversy within this Court's Article III jurisdiction.

CERT could not have briefed the import of this Supreme Court case in CERT's reply memorandum [Document 196] filed on November 30, 2021, because the Supreme Court issued its opinion ten days thereafter on December 10, 2021.

This motion is based on the inability of CERT to address this new Supreme Court decision in its reply memorandum and the Standard Procedure of this court which implicitly allows the filing of supplemental briefs with leave of the court.

DATED: December 13, 2021         METZGER LAW GROUP
                                 A Professional Law Corporation


                                 /s/ Raphael Metzger
                                 _____
                                 RAPHAEL METZGER, ESQ.
                                 Attorneys for Intervenor-Defendant
                                 COUNCIL FOR EDUCATION AND
                                 RESEARCH ON TOXICS ("CERT")

**1**

INTERVENOR-DEFENDANT CERT'S MOTION TO SUBMIT A VERY SHORT SUPPLEMENTAL BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY,
INFORMING THE COURT OF NEW U.S. SUPREME COURT CASE AUTHORITY

# PROPOSED SUPPLEMENTAL BRIEF

On December 10, 2021, the United States Supreme Court issued its decision in the case of *Whole Woman's Health et al. v. Jackson*, ___ U.S. ___, 2021 WL 5855551, regarding a Texas statute (S.B. 8) that authorized private citizens to sue abortion providers for violating the statute instead of state officials. The Supreme Court's decision is relevant to the issues before this court, because it bears on whether CalChamber's complaint presents a case and controversy within this Court's Article III jurisdiction.

In *Whole Woman's Health,* the Court noted that "Article III of the Constitution affords federal courts the power to resolve only "actual controversies arising between adverse litigants." *Id.*, 2021 WL 5855551 at *6, quoting *Muskrat v. United States*, 219 U. S. 346, 361 (1911). The decision of the Court is relevant to this case, because the Supreme Court clearly recognized that federal courts only have jurisdiction over *actual* controversies between litigants who are *adverse* to each other.

The Court observed that "[p]rivate parties who seek to bring . . . suits in state court may be litigants [who are] adverse." *Id.*, 2021 WL 5855551 at *6. However, in the present case, the private parties who bring Proposition 65 suits in state court are not before this court, because CalChamber intentionally chose not to sue them (and thereby afford them the opportunity to defend this case), but instead seeks to derivatively enjoin them from filing such cases as persons "in privity" with the California Attorney General, who has not filed a Proposition 65 case regarding acrylamide in food for more than a decade and has expressed no intention of filing such suits in the future.

In *Whole Woman's Health,* the Court noted that the petitioners sought to enjoin the Texas attorney general from enforcing S. B. 8, arguing that "[s]uch an injunction . . . would also automatically bind any private party who might try to bring an S. B. 8 suit against them," *id.,* 2021 WL 5855551 at *7, just as CalChamber seeks to "automatically bind any private party who might try to bring" a Proposition 65 case against CalChamber members in California superior courts. Addressing this argument, the Court wrote:

**2**

INTERVENOR-DEFENDANT CERT'S MOTION TO SUBMIT A VERY SHORT SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY, INFORMING THE COURT OF NEW U.S. SUPREME COURT CASE AUTHORITY

> Supposing the attorney general did have some enforcement authority under S. B. 8, the petitioners have identified nothing that might allow a federal court to parlay that authority, or any defendant's enforcement authority, into an injunction against any and all unnamed private persons who might seek to bring their own S. B. 8 suits. The equitable powers of federal courts are limited by historical practice. *Atlas Life Ins. Co. v. W. I. Southern, Inc.*, 306 U. S. 563, 568 (1939). "A court of equity is as much so limited as a court of law." *Alemite Mfg. Corp. v. Staff*, 42 F. 2d 832 (CA2 1930) (L. Hand, J.). Consistent with historical practice, a federal court exercising its equitable authority may enjoin named defendants from taking specified unlawful actions. But under traditional equitable principles, no court may "lawfully enjoin the world at large," *ibid.*, or purport to enjoin challenged "laws themselves" . . . .

*Id.*, 2021 WL 5855551 at *7, citing *California v. Texas*, 593 U. S. ___, ___ (2021) (slip op., at 8)).

This recent decision of our Supreme Court establishes (1) that federal courts only have jurisdiction over cases that present "***actual*** controversies arising between ***adverse*** litigants," (2) that litigants in federal cases must truly be ***adverse*** to one another, (3) that those who are actually adverse to the plaintiff ***must be sued*** in the case, (4) that an injunction enjoining a state attorney general from undertaking specific acts ***cannot enjoin members of the public*** (e.g. Proposition 65 private enforcers); (5) that an injunction may not enjoin ***challenged laws themselves***; and (6) that federal courts ***may not issue declaratory judgments*** declaring state statutes unconstitutional ***in the absence of a case or controversy*** that is within the Court's Article III jurisdiction.

F:\WP\Cases\1887\PLEADMOT\DISMISS\Motion to Dismiss - Lack of Jurisdiction\Motion to file Supplemental Brief.wpd

As Justice Thomas noted in his concurrence, "the 'chilling effect' associated with a potentially unconstitutional law being 'on the books' is insufficient to 'justify federal intervention' in a pre-enforcement suit." *Id.*, 2021 WL 5855551 at *11 (Thomas, J., concurring), citing *Younger v. Harris*, 401 U. S. 37, 42, 50–51 (1971). Pointedly, Justice Thomas wrote: "Instead, this Court has always required proof of a more concrete injury and compliance with traditional rules of equitable practice. *See Muskrat*, 219 U. S., at 361; *Ex parte Young*, 209 U. S., at 159–160. The Court has consistently applied these requirements whether the challenged law in question is said to chill the free exercise of religion, the freedom of speech, the right to bear arms, or any other right." *Id.*

Based on the Supreme Court's recent decision in *Whole Woman's Health,* as well as the authorities and arguments previously submitted to this Court, CERT respectfully requests this Court to dismiss the present action for lack of a case or controversy within this Court's Article III jurisdiction, as most recently explained by the Supreme Court in its important new decision.

DATED: December 13, 2021  METZGER LAW GROUP
A Professional Law Corporation


/s/ Raphael Metzger
_____
RAPHAEL METZGER, ESQ.
Attorneys for Intervenor-Defendant
COUNCIL FOR EDUCATION AND
RESEARCH ON TOXICS ("CERT")

INTERVENOR-DEFENDANT CERT'S MOTION TO SUBMIT A VERY SHORT SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY, INFORMING THE COURT OF NEW U.S. SUPREME COURT CASE AUTHORITY

# CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2021, I caused the foregoing document, described as **INTERVENOR-DEFENDANT CERT'S MOTION TO SUBMIT A VERY SHORT SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY, INFORMING THE COURT OF NEW U.S. SUPREME COURT CASE AUTHORITY**, to be electronically filed with the Court's CM/ECF filing system, which will send a *Notice of Electronic Filing* to all parties of record who are registered with CM/ECF:

Trenton H. Norris, Esq.
Sarah Esmaili, Esq.
S. Zachary Fayne, Esq.
David M. Barnes, Esq.
Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center, 10th Flr.
San Francisco, CA 94111-4024
(Plaintiff)
Telephone: (415) 471-3100
email: trent.norris@arnolderporter.com

Laura J. Zuckerman, Deputy Attorney General
Office of the Attorney General
1515 Clay St., 20th Flr.
Oakland, CA 94612
(Defendant)
Telephone: (510) 879-0098
email: laura.zuckerman@doj.ca.gov

Megan Hey, Deputy Attorney General
Office of the Attorney General
300 S. Spring St., Suit e1702
Los Angeles, CA 90013
Telephone: (213) 269-6344
email: megan.hey@doj.ca.gov

Rafael J. Hurtado, Deputy Attorney General
State of California Department of Justice
Office of the Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
(Defendant)
Telephone (619) 321-5780
email: rafael.hurtado@joj.ca.gov

Aida Poulsen, Esq.
Poulsen Law P.C.
282 11th Ave., Suite 2612
New York, NY 10001
(Intervenors-Defendants)
email: ap@poulsenlaw.org

I declare that I am employed in the offices of a member of this court, at whose direction service was made.

Executed on December 13, 2021, at Long Beach, California.

/s/ Nina S. Vidal
Nina S. Vidal, Declarant

updated 10/25/21 nsv

5

INTERVENOR-DEFENDANT CERT'S MOTION TO SUBMIT A VERY SHORT SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF A CASE OR CONTROVERSY, INFORMING THE COURT OF NEW U.S. SUPREME COURT CASE AUTHORITY

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802
TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

PRACTICE CONCENTRATED IN TOXIC TORT & ENVIRONMENTAL LITIGATION OCCUPATIONAL & ENVIRONMENTAL LUNG DISEASE, CANCER, AND TOXIC INJURIES