Trenton H. Norris (CA Bar No. 164781)
S. Zachary Fayne (CA Bar No. 307288)
David Barnes (CA Bar No. 318547)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone:     415.471.3100
Facsimile:     415.471.3400
trent.norris@arnoldporter.com

*Attorneys for California Chamber of Commerce*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CHAMBER OF COMMERCE,<br><br>          Plaintiff,<br><br>     v.<br><br>XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>          Defendant,<br><br>COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS,<br><br>          Intervenor-Defendant. | Case No. 2:19-cv-02019-DAD-JDP<br><br>**PLAINTIFF CALIFORNIA CHAMBER OF COMMERCE'S RESPONSE TO INTERVENOR-DEFENDANT COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS' MOTION TO RESTORE DOCUMENTS TO THE DOCKET AND COURT FILE**<br><br>Date:          January 18, 2022<br>Time:         9:30 a.m.<br>Location:   Courtroom 5<br>Judge:       Hon. Dale A. Drozd<br>Action Filed:  October 7, 2019 |

In the guise of a "Motion to Restore Documents to the Docket and Court File," Intervenor CERT has filed what is actually a preemptive strike on Chief Judge Mueller's order recusing herself, her finding that CERT sought reassignment of this case for improper purposes and without a legitimate reason, and her suggestion that

> it will be up to the newly assigned district judge to consider, at any juncture that judge deems appropriate, whether CERT, HLF, and their counsel have, in connection with the [disqualification] motion at ECF No. 152 and all documents filed in support of that motion, complied with Federal Rule of Civil Procedure 11; this District's Local Rules, including Local Rule 180(e); and the Rules of Professional Conduct of the State Bar of California.

ECF No. 174, at 2 & n.1.  CalChamber takes no position on whether the documents at issue in CERT's Motion should be restored to the Court's file.  Given their tangential relationship to the merits of this case, the Court has broad discretion to do so, or to decline to do so.  *See, e.g.*, *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016).  But CalChamber responds to CERT's Motion in order to object to a few of its many misstatements and logical inconsistencies.

To resolve this motion, the Court need not address the ancillary issues raised by CERT regarding Judge Mueller's jurisdiction, authority, or motives.  But it is clear that Judge Mueller had jurisdiction to issue any and all rulings prior to recusing herself.  As she noted at the scheduling conference while CERT's motion to disqualify was pending, Judge Mueller did not need to reassign the case unless she determined that the affidavit presented by CERT was sufficient under 28 U.S.C. § 144.  ECF No. 189-1 at 17 (E-4).  She cited the two leading cases in this circuit, *United States v. Scholl*, 166 F. 3d 964, 977 (9th Cir. 1999), and *Toth v. Transworld Airlines, Inc.*, 862 F.2d 1381 (9th Cir. 1988), the latter of which states clearly: "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case."  *Id.* at 1388.  These are part of a long line of cases dating back to a 100-year-old U.S. Supreme Court decision that permits and indeed directs the challenged judge to determine the sufficiency of the affidavit in the first instance.  *Berger v. United States*, 255 U.S. 22, 32-34 (1922).  Furthermore, the rule in the Ninth Circuit is that a district judge need not accept the truth of factual allegations of bias in the affidavit if

they "relate[] to facts that were peculiarly within the judge's knowledge." *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981), *rev'd on other grounds*, *Hoover v. Ronwin*, 466 U.S. 558 (1984). Judge Mueller therefore had all appropriate jurisdiction and authority to make the orders now challenged by CERT.

CERT presents a misleading summary of its disqualification motion and Judge Mueller's recusal order. CERT's motion is not the procedural vehicle to determine the truth or propriety of CERT's allegations, but the Court should treat them with skepticism. Most prominently, CERT cites Judge Mueller's financial disclosure statement from her 2010 nomination to the district court as evidence that she has a direct financial interest in North Sacramento Land Company and Spring Valley Ranch Partnership, which leased land for use as an almond orchard. ECF No. 189 at 7. But CERT's motion to disqualify Judge Mueller also cites a 2015 decision in which she states plainly that she has no financial interest in her husband's business. *AT & T Mobility LLC v. Yeager*, No. 2:13-cv-0007-KJM-DAD, 2015 WL 4460715, at *2 (E.D. Cal. July 21, 2015). In fact, CERT cites this decision for the proposition that "Judge Mueller is aware that her husband is currently the President" of North Sacramento Land Company. ECF Nos. 152 at 5, 182 at 5.

Furthermore, even assuming that Judge Mueller has a financial interest in land used for almond farming or in the sale of almonds, CERT has shown no logical connection—much less a substantial one—between rulings one way or the other in this lawsuit and any such financial interest. First, almonds produced in California are sold worldwide and incorporated into food products sold worldwide, whereas Proposition 65 only applies to exposures that occur in California. Second, almonds are used in many different ways. Roasted almonds, which contain acrylamide, are found in almond butter and some food products. Raw almonds, which do not contain acrylamide, are used to make almond milk, almond flour, and other food products. The companies targeted by private enforcers seeking warnings for acrylamide from roasted almonds are food manufacturers and retailers, not almond farmers, much less owners of almond orchards. The relationship between lawsuits against such food manufacturers and retailers, which CalChamber seeks to bar, and the price of raw almonds in the commodity market, much less the value of land used for almond farming, is tenuous at best.

There are many other aspects of CERT's disqualification motion that bear further inquiry separate from the pending Motion. CalChamber therefore reiterates its suggestion, made in its opposition to CERT's most recent motion to dismiss, that the Court examine these issues in the context of CERT's conduct throughout this litigation and consider revoking or limiting CERT's intervenor status under Rule 24. ECF No. 194 at 23-25.

Dated: January 4, 2022  Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/ Trenton H. Norris*
TRENTON H. NORRIS

*Attorneys for California Chamber of Commerce*