METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
RAPHAEL METZGER, ESQ., SBN 116020
SCOTT P. BRUST, ESQ., SBN 215951
555 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA 90802
TELEPHONE: (562) 437-4499
TELECOPIER: (562) 436-1561
WEBSITE: www.toxictorts.com

Attorneys for Intervenor-Defendant,
COUNCIL FOR EDUCATION AND
RESEARCH ON TOXICS ("CERT")

UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CHAMBER OF COMMERCE,<br><br>    Plaintiff,<br><br>vs.<br><br>XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA.<br><br>    Defendant.<br><br>COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS,<br><br>    Intervenor-Defendant. | Civil No. 2:19-cv-02019 DAD-JDP<br><br>*Reassigned to the Hon. Dale A. Drozd, Ctrm. 5*<br><br>**NOTICE OF MOTION AND MOTION FOR VACATUR OF ORDERS MADE BY THE HONORABLE KIMBERLY J. MUELLER DUE TO HER MANDATORY DISQUALIFICATION BASED ON UNWAIVABLE FINANCIAL CONFLICTS OF INTEREST AND RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RAPHAEL METZGER**<br><br>DATE: May 17, 2022<br>TIME: 9:30 a.m.<br>ROOM: 5 |

## TABLE OF CONTENTS

**PAGE**

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1.    PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

2.    SUMMARY OF FACTS REGARDING DISQUALIFICATION AND RECUSAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     A.    Judge Mueller's Financial Interest in an Almond Ranch and the Profits of the Almond Ranch from the Sales of Almonds . . . . . . . . . . . . . . . . . . . . . . 6

     B.    Judge Mueller's Financial Interest in the North Sacramento Land Company (NSLC), Her Husband's Commercial Real Estate Business . . . 8

     C.    Summary of Judge Mueller's Relationship With CalChamber and its Members, Local Sacramento Chambers of Commerce. . . . . . . . . . . . . . . . . 9

3.    VACATUR IS THE PROPER LEGAL ACTION TO BE TAKEN TO NULLIFY THE RULINGS OF A JUDGE WHO IS DISQUALIFIED . . . . . . . . . . . . . . . . . 10

4.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG DISEASE, CANCER, AND TOXIC INJURIES

i

**NOTICE OF MOTION AND MOTION FOR VACATUR OF ORDERS MADE BY THE HONORABLE KIMBERLY J. MUELLER DUE TO MANDATORY DISQUALIFICATION BASED ON UNWAIVABLE FINANCIAL CONFLICTS OF INTEREST AND RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*Degarmo v. State*
    (Tex.Ct.App. 1996) 922 S.W.2d 256 .................................... 11

*Liljeberg v. Health Services Acquisition Corp.*
    (1988) 486 U.S. 847 ........................................... 1, 10

*State v. Nossaman*
    (1983) 63 Ore. App. 789 ........................................ 11

**STATUTES**

28 U.S.C. § 455(b) ................................................... 5

§ 455(b)(4) ................................................... 10, 11

Local Rule 230(c) ................................................... 1

**ii**

**NOTICE OF MOTION AND MOTION FOR VACATUR OF ORDERS MADE BY THE HONORABLE KIMBERLY J. MUELLER DUE TO MANDATORY DISQUALIFICATION BASED ON UNWAIVABLE FINANCIAL CONFLICTS OF INTEREST AND RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

TO THE PARTIES HERETO AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 17, 2022, at 9:30 a.m. in Courtroom 5 of the Robert E. Coyle Courthouse, located at 2500 Tulare Street, Fresno, CA 93721, or at such other time as the court may hear the matter or rule on the matter without hearing,[1] Intervenor-Defendant, Council for Education and Research on Toxics (CERT), will move the court for vacatur of the orders made by the Honorable Kimberly J. Mueller on CalChamber's motion for a preliminary injunction and CERT's motion for summary judgment, which orders were entered by Judge Mueller on March 30, 2021. [ECF No. 114]

This motion is made on the following grounds:

1.   At the time Judge Mueller made those orders, Judge Mueller had unwaivable financial conflicts of interest in the subject matter and parties to this case that required her recusal;

2.   Upon learning of Judge Mueller's financial conflicts of interest, CERT promptly filed a motion to disqualify Judge Mueller on those grounds; and,

3.   Judge Mueller thereafter recused herself from all proceedings in this case. [ECF No. 174]

This motion is made pursuant to well-established case law providing that significant rulings and orders made by a disqualified judge may be vacated upon the filing of a proper motion therefor by any party adversely affected by the disqualified judge's rulings. See, *Liljeberg v. Health Services Acquisition Corp.* (1988) 486 U.S. 847, 850, 108 S.Ct. 2194, 2197, 100 L.Ed.2d 855, 866.

This motion is based on this Notice, the following Memorandum of Points and Authorities, the Declaration of Raphael Metzger attached hereto, upon all the papers previously filed in this action regarding the disqualification of Judge Mueller, all other relevant pleadings and papers on file herein, and all matters of which the Court may properly take judicial notice. Specifically, this motion is based on the evidence of disqualification that appears in the following submissions:

---

[1] The Court's Minute Order dated October 22, 2021 [ECF No. 190] states that all civil motions set for hearing in this Department will be decided on the papers, unless the Court determines that a hearing is necessary, in which case the Court will issue an order to specially set the motion for hearing. Please take note that the indicated hearing date will govern the deadlines for opposition and reply briefs pursuant to Local Rule 230(c).

**1**

**NOTICE OF MOTION AND MOTION FOR VACATUR OF ORDERS MADE BY THE HONORABLE KIMBERLY J. MUELLER DUE TO MANDATORY DISQUALIFICATION BASED ON UNWAIVABLE FINANCIAL CONFLICTS OF INTEREST AND RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
555 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802
TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM
PRACTICE CONCENTRATED IN TOXIC TORT & ENVIRONMENTAL LITIGATION OCCUPATIONAL & ENVIRONMENTAL LUNG DISEASE, CANCER, AND TOXIC INJURIES

| | | |
|---|---|---|
| 08-16-2021 | 152 | MOTION for Disqualification of the Hon. Judge Kimberly J. Mueller by Council For Education and Research On Toxics. Motion Hearing set for 9/17/2021 at 10:00 AM in Courtroom 3 before Chief District Judge Kimberly J. Mueller. (Attachments: # 1 Exhibits A thru Z, # 2 Exhibits AA thru DD) |
| 08-25-2021 | 155 | DECLARATION of Raphael Metzger in support of 152 Motion. (Attachments: # 1 Declaration of Nancy Quam-Wickham, # 2 Exhibits) |
| 08-25-2021 | 156 | EXHIBIT AA through DD to Decl of Nancy-Quam Wickham filed by Intervenor Defendant Council For Education and Research On Toxics re 152 Motion for Miscellaneous Relief. |
| 08-25-2021 | 157 | EXHIBITS to 155 Declaration of Nancy Quam-Wickham filed by Intervenor Defendant Council For Education and Research On Toxics. |
| 09-03-2021 | 163 | DECLARATION of Heather Wallace and RESPONSE to 152 Motion for Disqualification. |
| 09-09-2021 | 166 | TRANSCRIPT of Proceedings Scheduling conference held on 08/27/2021, before Chief District Judge Kimberly J. Mueller, filed by Jennifer Coulthard |
| 09-10-2021 | 167 | REPLY by Council For Education and Research On Toxics in support of 152 Motion to Disqualify Judge. (Attachments: # 1 Exhibits EE - UU, # 2 Declaration of David W. Steinman, # 3 Exhibits A - K) |
| 09-13-2021 | 168 | MINUTE ORDER issued by Courtroom Deputy C. Schultz for Chief District Judge Kimberly J. Mueller on 9/13/2021. |

**2**

**NOTICE OF MOTION AND MOTION FOR VACATUR OF ORDERS MADE BY THE HONORABLE KIMBERLY J. MUELLER DUE TO MANDATORY DISQUALIFICATION BASED ON UNWAIVABLE FINANCIAL CONFLICTS OF INTEREST AND RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

| | | | |
|---|---|---|---|
| 1 | 09-21-2021 | 171 | SUPPLEMENTAL MEMORANDUM and DECLARATION by Council For Education and Research On Toxics in support of 152 Motion to Disqualify the Hon. Kimberly J. Mueller. (Attachments: # 1 Exhibit A) |
| 5 | 09-21-2021 | 172 | MEMORANDUM by Council For Education and Research On Toxics in SUPPORT of 152 Motion . (Attachments: # 1 Exhibit A - E) |
| 8 | 09-24-2021 | 173 | MINUTE ORDER issued by Courtroom Deputy C. Schultz for Chief District Judge Kimberly J. Mueller on 9/24/2021. |
| 11 | 09-24-2021 | 174 | ORDER signed by Chief District Judge Kimberly J. Mueller on 9/24/2021 ORDERING the undersigned RECUSES herself from this action under 28 U.S.C. 455(a); DENYING as moot the motion at ECF No. 152 . SEALING the filings at ECF Nos. 152, [152-1],[152-2], 158, 155, [155-1], [155-2], 156 157, 158, 167, [167-1], [167-2], [167-3], 171, [171-1] and 172. |
| 17 | 10-20-2021 | 182 | MOTION for DISQUALIFICATION Chief Judge Kimberly J. Mueller by Council For Education and Research On Toxics. (Attachments: # 1 Exhibits A through Z, # 2 Exhibits AA through DD) |
| 21 | 10-20-2021 | 183 | SUPPLEMENTAL DECLARATION of Raphael Metzger by Council For Education and Research On Toxics. (Attachments: # 1 Declaration of Nancy Quam-Wickham, # 2 Exhibit A through Z, # 3 Exhibit AA through DD, # 4 Exhibit AA through DD) |
| 26 | 10-20-2021 | 184 | OBJECTIONS by Intervenor Defendant Council For Education and Research On Toxics to 174 Order. |

**3**

**NOTICE OF MOTION AND MOTION FOR VACATUR OF ORDERS MADE BY THE HONORABLE KIMBERLY J. MUELLER DUE TO MANDATORY DISQUALIFICATION BASED ON UNWAIVABLE FINANCIAL CONFLICTS OF INTEREST AND RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

| | Date | Doc # | Description |
|---|---|---|---|
| 1-4 | 10-20-2021 | 185 | REPLY in Support of Motion to Disqualify 182 re 174 Order by Council For Education and Research On Toxics. (Attachments: # 1 Exhibit EE through UU, # 2 Declaration of David W. Steinman, # 3 Exhibit A-K) |
| 5-8 | 10-20-2021 | 186 | SUPPLEMENTAL MEMORANDUM and Declaration of Raphael Metzger 182, in Support of Motion to Disqualify, re 174 Order by Council For Education and Research On Toxics. (Attachments: # 1 Exhibit A and B) |
| 9-12 | 10-20-2021 | 187 | FURTHER SUPPLEMENTAL Memorandum and Declaration of Raphael Metzger 182 in Support of Motion to Disqualify, re 174 Order by Council For Education and Research On Toxics. (Attachments: # 1 Exhibit EE - UU) |
| 13-17 | 10-21-2021 | 189 | MOTION to Restore Documents to Docket and Court File by Council For Education and Research On Toxics. Motion Hearing set for 1/18/2022 at 09:30 AM in Courtroom 5 (DAD) before District Judge Dale A. Drozd. (Attachments: # 1 Exhibit A through G) |
| 18-20 | 01-04-2022 | 198 | RESPONSE by California Chamber of Commerce to 189 Motion to Restore Documents to Docket and Court File. |
| 21-23 | 01-11-2022 | 2000 | REPLY by Council For Education and Research On Toxics re 189 Motion to Restore Documents to Docket and Court File, 198 Response. (Attachments: # 1 Exhibit A) |

DATED: March 30, 2022

METZGER LAW GROUP
A Professional Law Corporation

_____
RAPHAEL METZGER, ESQ.
Attorneys for Intervenor-Defendant
COUNCIL FOR EDUCATION AND
RESEARCH ON TOXICS ("CERT")

4

**NOTICE OF MOTION AND MOTION FOR VACATUR OF ORDERS MADE BY THE HONORABLE KIMBERLY J. MUELLER DUE TO MANDATORY DISQUALIFICATION BASED ON UNWAIVABLE FINANCIAL CONFLICTS OF INTEREST AND RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.     PRELIMINARY STATEMENT**

This motion seeks vacatur of two critical orders made by Judge Mueller due to an unwaivable financial conflict of interest that she had in this case, to wit, her orders granting CalChamber's motion for a preliminary injunction and denying CERT's motion for summary judgment based on the Noerr-Pennington doctrine.

This motion is based on substantial undisclosed financial conflicts of interest of Judge Mueller both in the subject matter of this case and in CalChamber and its members who are the real parties in interest in this case.  Judge Mueller's financial conflicts of interest were unwaivable conflicts of interest pursuant to 28 U.S.C. § 455(b), such that she was required to recused herself, and all rulings that she made were either void or voidable.

In the present case, Judge Mueller made two critical rulings on March 30, 2021, at the time she was disqualified from all proceedings in this case: (1) she granted CalChamber's motion for a preliminary injunction enjoining CERT and all other private enforcers from filing new Proposition 65 cases regarding acrylamide in food; and (2) she denied CERT's motion for summary judgment. [ECF No. 114]  Judge Mueller's ruling granting CalChamber's motion for preliminary injunction is, by far, the most troublesome of the orders that Judge Mueller made while she was disqualified, because that ruling was based on Judge Mueller's assessment of disputed evidence and was reviewable for abuse of discretion.

Clearly, all parties have the right to decisions on critical motions by a fair, impartial, and unbiased judge, and any judge who has significant financial conflicts of interest in a party or the subject matter of a case can be neither fair, impartial nor unbiased.  That is why 28 U.S.C. § 455(b) mandates the recusal of judges when they have unwaivable financial conflicts of interest.

For all these reasons, this Court should grant CERT's motion for vacatur of the two orders entered by Judge Mueller on March 30, 2021, and hear those motions anew.

**5**

**2. SUMMARY OF FACTS REGARDING DISQUALIFICATION AND RECUSAL**

Unbeknownst to CERT and its counsel, Judge Mueller had major financial conflicts of interest in this matter since its inception, none of which Judge Mueller disclosed to the parties. CERT and its counsel remained ignorant of Judge Mueller's conflicts of interest through the time of her ruling on CalChamber's motion for preliminary injunction and CERT's summary judgment motion. Below is a summary of the conflicts of interest that led Judge Mueller to recuse herself [ECF No. 174] only after CERT set forth its evidence in its motion for disqualification.

**A. Judge Mueller's Financial Interest in an Almond Ranch and the Profits of the Almond Ranch from the Sales of Almonds**

This case is about the carcinogen acrylamide in food. One of the foods that has high levels of acrylamide is roasted almonds. Indeed, in paragraph 57 of its First Amended Complaint, CalChamber alleges that more than 40 notices of violations have issued regarding nut butters (peanut and almond butter) and that more than 40 notices of violations have issued regarding almonds. [ECF No. 57] In fact, a total of 212 notices of violations of Proposition 65 have been served regarding acrylamide in almond products. Thus, almonds are very much a subject matter of this case, and any financial interest by Judge Mueller in almonds would constitute an unwaivable financial interest in this case.

In fact, Judge Mueller has long had such a financial interest in almonds, as she and her husband own a large ranch in Colusa County. The ranch is called the "Spring Valley Ranch" and the business which leases land to an almond farmer is called the Spring Valley Ranch Partnership. An Agricultural Lease dated May 20, 2009 between Spring Valley Ranch Partnership and Vann-Peterson Farms Partnership, concerns the almond ranch which Judge Mueller and her husband own in Colusa County. In her disclosure to the Senate at the time of her nomination to the District Court,

**6**

1  Judge Mueller disclosed investments in North Sacramento Land Company and Spring Valley Ranch
2  Partnership. The lease is between Spring Valley Ranch Partnership and is signed by Robert J. Slobe,
3  President of North Sacramento Land Co., as General Partner of Spring Valley Ranch Partnership.
4      The lease provides evidence of a direct financial of Judge Mueller in the lease as well as in
5  all the almonds grown by Vann-Peterson Farms Partnership on the ranch for several reasons.
6  First, the lease is a 25-year lease that commenced in January 2009 and will expire on December 31,
7  2033. Thus, Judge Mueller's financial interest is past, present, and future. Second, the lease
8  concerns a substantial property comprising 155 net farmable acres. Third, the lease states that "the
9  Premises shall be used by Tenant only for the purposes fo planting and thereafter caring for an
10 almond orchard and activities reasonably related thereto." Lastly, the lease provides that in addition
11 to base rent, "Tenant shall pay as annual percentage rent to Landlord ("Percentage Rent"), the sum
12 equal to eight percent (8%) of the "Gross Value," which is defined as "the sum equal to (I) the total
13 amount of all proceeds Tenant may receive from the almond crop grown on the Premises, including
14 but not limited to, any payments received from crop insurance, the government, Farm Service
15 Agency ("FSA") and any other revenues received by Tenant that relate to the Premises or the crops
16 grown thereon ...." Thus, Judge Mueller has a financial interest not only in the almond ranch, but
17 in every almond that is grown on the ranch – a direct financial interest in the subject of this litigation.
18      Additional evidence regarding Judge Mueller's financial interest in almonds was revealed
19 when, at a hearing on August 27, 2021 (after CERT filed its motion for disqualification), Judge
20 Mueller mentioned the "Vann Family." As a result of an internet search, CERT's counsel became
21 aware of the Vann Family Orchards, Vann Brothers, and Yolo Hulling and Shelling. Counsel also
22 found a web page for Vann Brothers Farming which stated: "Vann Brothers is a large farming
23 operation located in Williams, California. In 1973, Garnett and Bill started farming forty acres of
24 wheat. Since then, Vann Brothers has grown to farm more than 13,000 acres of almonds and
25 walnuts. In recent years, Garnett and Bill Vann have added an Almond Processing Facility and
26 Huller Sheller to make Vann Brothers a true 'farm to table' organization. The Vann Family takes
27 pride in the fact that they, and their more than 200 employees, are known for growing and processing
28

7

**NOTICE OF MOTION AND MOTION FOR VACATUR OF ORDERS MADE BY THE HONORABLE KIMBERLY J. MUELLER DUE TO MANDATORY DISQUALIFICATION BASED ON UNWAIVABLE FINANCIAL CONFLICTS OF INTEREST AND RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

top quality commodities that are shipped globally."  An obituary for Bill Vann, who died in a helicopter crash on August 1, 2021, noted:  "Today, the company is one of the largest almond processors in northern California and farms more than 170,000 acres in the Sacramento Valley" and that "[t]he farm's almonds are sold across the nation and world."  (Exhibit "HH").

The Vann Family is the family that operates the almond ranch in Colusa County on land owned by the North Sacramento Land Company (NSLC), which is an entity owned by Judge Mueller and her husband.  An online report by the American Farmland Trust regarding Spring Valley Ranch in Williams, California states that the NSLC, which was founded in 1910, "still exists today as an owner of warehouse and office lessor and owns a 7500 acre cattle and almond ranch in Colusa County.  It is currently run by Robert Johnston Slobe, great grandson of D.W. Johnston."

A UCC Financing Statement identifies the Grantors as Spring Valley Ranch Partnership and Vann-Peterson Farms Partnership, the Grantee as Metropolitan Life Insurance Company, and the collateral as the property described in Exhibits A and B thereto, Exhibit B of which includes "All trees and other permanent plantings . . . on the Real Property" and "All rents, issues, profits and royalties arising out of the Real Property".  Thus, Spring Valley Ranch Partnership has a financial interest in the crops growing on the land, including the almond trees.

### B. Judge Mueller's Financial Interest in the North Sacramento Land Company (NSLC), Her Husband's Commercial Real Estate Business

Judge Mueller's financial interest in North Sacramento Land Company and Spring Valley Ranch is the subject of a Senate report prepared for a hearing before the Committee on the Judiciary of the United States Senate on April 16, 2010 regarding Nominations of U.S. Circuit and U.S. District Judges.  The report contains a Financial Disclosure Report of Kimberly J. Mueller in which Judge Mueller disclosed income of her husband from the North Sacramento Land Company in the form of employee salary and a director's fee; and investments of Judge Mueller in "Common Stock, North Sacramento Land Company," "Partner in Spring Valley Ranch," and "Real estate, North

8

**NOTICE OF MOTION AND MOTION FOR VACATUR OF ORDERS MADE BY THE HONORABLE KIMBERLY J. MUELLER DUE TO MANDATORY DISQUALIFICATION BASED ON UNWAIVABLE FINANCIAL CONFLICTS OF INTEREST AND RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

1  Sacramento, CA." Included in the Financial Disclosure Report is a Financial Statement of Judge
2  Mueller, stating the net worth of her investments in Common stock in the North Sacramento Land
3  Company was $719,950, and the net worth of her Partnership interest in Spring Valley Ranch was
4  $234,325; and that she owned three commercial properties whose net worth totaled $3,776,000.

### C.   Summary of Judge Mueller's Relationship With CalChamber and its Members, Local Sacramento Chambers of Commerce.

Judge Mueller is married to Robert Johnston Slobe, great-grandson of D.W. Johnston, "the man who launched development north of the American River a century ago." (article titled "Bob Slobe, prominent North Sacramento businessman and firebrand," *Yahoo! News,* Nov. 11, 2012).

Robert Slobe has long been affiliated with California Chambers of Commerce. Prior to 2004, and apparently as early as 1995, Robert Slobe was President of the North Sacramento Chamber of Commerce. (article titled "North Sac project attacked," *Sacramento Business Journal,* January 18, 2004; article titled "The phantom of the arts," *Sacramento News & Review,* January 13, 2005). In 2004, Slobe was a Member of the Board of the North Sacramento Chamber of Commerce. From 2005 to 2007 he was a Board Member of the Sacramento Metro Chamber of Commerce.

The North Sacramento Chamber of Commerce website currently has a web page titled "Connecting Business" which has 7 photographs of members, one of which is a photograph of Robert Slobe and Judge Mueller. At the present time and since at least April 2019, the North Sacramento Chamber of Commerce's principal office address has been 400 Slobe Avenue, Sacramento, CA 95815 - the very same business address of Robert Slobe and the North Sacramento Land Company. (Statement of Information of North Sacramento Chamber of Commerce, filed with the California Secretary of State April 4, 2019). Prior to 2019 and at least as early as September 2017, the address of North Sacramento Chamber of Commerce's Secretary and Agent for Service of Process was also 400 Slobe Avenue – Slobe's property and business address.

Thus, Judge Mueller also has significant relationships with local Sacramento Chambers of

**9**

**NOTICE OF MOTION AND MOTION FOR VACATUR OF ORDERS MADE BY THE HONORABLE KIMBERLY J. MUELLER DUE TO MANDATORY DISQUALIFICATION BASED ON UNWAIVABLE FINANCIAL CONFLICTS OF INTEREST AND RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

Commerce. Throughout this litigation CalChamber has disclaimed any organizational injury to itself and has repeatedly advised that it brings this action in its representational capacity on behalf of its members. Thus, the local Chambers of Commerce in which she, her husband, and the Sacramento Land Company have financial interests (including a shared address and rents), are among the real parties in interest in this case.

After CERT's motion to disqualify was fully briefed, Judge Mueeler recognized that she was disqualified from presiding over this case, and recused herself from all proceedings. [ECF No. 114]

### 3. VACATUR IS THE PROPER LEGAL ACTION TO BE TAKEN TO NULLIFY THE RULINGS OF A JUDGE WHO IS DISQUALIFIED

When a disqualified judge has issued rulings, the appropriate remedy to undo those rulings is vacatur. *Liljeberg v. Health Services Acquisition Corp.* (1988) 486 U.S. 847, 850 [108 S.Ct. 2194, 2197, 100 L.Ed.2d 855, 866. In *Liljeberg* the Court wrote:

> [I]t is remarkable -- and quite inexcusable -- that Judge Collins failed to recuse himself on March 24, 1982. A full disclosure at that time would have completely removed any basis for questioning the judge's impartiality and would have made it possible for a different judge to decide whether the interests -- and appearance -- of justice would have been served by a retrial. Another 2-day evidentiary hearing would surely have been less burdensome and less embarrassing than the protracted proceedings that resulted from Judge Collins' nonrecusal and nondisclosure. Moreover, as the Court of Appeals correctly noted, Judge Collins' failure to disqualify himself on March 24, 1982, also constituted a violation of § 455(b)(4), which disqualifies a judge if he "knows that he, individually or as a

**10**
**NOTICE OF MOTION AND MOTION FOR VACATUR OF ORDERS MADE BY THE HONORABLE KIMBERLY J. MUELLER DUE TO MANDATORY DISQUALIFICATION BASED ON UNWAIVABLE FINANCIAL CONFLICTS OF INTEREST AND RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

fiduciary, . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." This separate violation of § 455 further compels the conclusion that vacatur was an appropriate remedy; by his silence, Judge Collins deprived respondent of a basis for making a timely motion for a new trial and also deprived it of an issue on direct appeal.

*Id.*

Courts from other jurisdictions also hold that a disqualified judge is without power to render any decision, and any rulings made when a judge is disqualified are void and must be vacated, without regard to the merits of the decision. See, e.g., *State v. Nossaman* (1983) 63 Ore. App. 789 [666 P.2d 1351, 1355] ["A judgment entered by a judge who has been disqualified in the manner prescribed in the statute is void"]; *Degarmo v. State* (Tex.Ct.App. 1996) 922 S.W.2d 256, 267 ["If a judge is disqualified under the constitution, he is absolutely without jurisdiction in the case, and any judgment rendered by him is void and subject to collateral attack"].

### 4. CONCLUSION

For all the foregoing reasons, this Court should vacate the orders made by Judge Mueller on March 30, 2021 and should schedule CalChamber's motion for preliminary injunction and CERT's motion for summary judgment for hearing anew.

DATED: March 30, 2022        METZGER LAW GROUP
                             A Professional Law Corporation

                             _____
                             RAPHAEL METZGER, ESQ.
                             Attorneys for Intervenor-Defendant
                             COUNCIL FOR EDUCATION AND
                             RESEARCH ON TOXICS ("CERT")

**11**

**NOTICE OF MOTION AND MOTION FOR VACATUR OF ORDERS MADE BY THE HONORABLE KIMBERLY J. MUELLER DUE TO MANDATORY DISQUALIFICATION BASED ON UNWAIVABLE FINANCIAL CONFLICTS OF INTEREST AND RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

# DECLARATION OF RAPHAEL METZGER

I, Raphael Metzger, declare as follows:

1. I am an attorney at law, duly licensed and authorized to practice law in the State of California. I am a member of all federal district courts in the State of California, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court.

2. Unless the context indicates otherwise, I have personal knowledge of the matters set forth hereinafter and, if called as a witness, I would competently testify thereto.

3. My firm represents the Council for Education and Research on Toxics (CERT), the Intervenor-Defendant in this case.

4. The present motion is brought on behalf of CERT seeking vacatur of the orders entered by the Honorable Kimberly J. Mueller in this case on March 30, 2021, on CalChamber's motion for preliminary injunction and CERT's motion for summary judgment. [ECF No. 114]

5. The present motion is brought because, at the time Judge Mueller entered those orders, unbeknownst to CERT and me, Judge Mueller had multiple unwaivable financial conflicts of interest and was therefore disqualified from ruling on those motions.

6. On behalf of CERT, I therefore respectfully request the Court to vacate Judge Mueller's orders of March 30, 2021, and to schedule CalChamber's motion for preliminary injunction and CERT's motion for summary judgment for hearing anew.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed March 30, 2022, at Long Beach, California.

_____
Raphael Metzger

**12**

**NOTICE OF MOTION AND MOTION FOR VACATUR OF ORDERS MADE BY THE HONORABLE KIMBERLY J. MUELLER DUE TO MANDATORY DISQUALIFICATION BASED ON UNWAIVABLE FINANCIAL CONFLICTS OF INTEREST AND RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**

# CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2022, I caused the foregoing document, described as **NOTICE OF MOTION AND MOTION FOR VACATUR OF ORDERS MADE BY THE HONORABLE KIMBERLY J. MUELLER DUE TO HER MANDATORY DISQUALIFICATION BASED ON UNWAIVABLE FINANCIAL CONFLICTS OF INTEREST AND RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECL OF RAPHAEL METZGER,** to be electronically filed with the Court's CM/ECF filing system, which will send a *Notice of Electronic Filing* to all parties of record who are registered with CM/ECF:

Trenton H. Norris, Esq.
S. Zachary Fayne, Esq.
David M. Barnes, Esq.
Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center, 10th Flr.
San Francisco, CA 94111-4024
(Plaintiff)
Telephone: (415) 471-3100
email: trent.norris@arnolderporter.com

Laura J. Zuckerman, Deputy Attorney General
Office of the Attorney General
1515 Clay St., 20th Flr.
Oakland, CA 94612
(Defendant)
Telephone: (510) 879-0098
email: laura.zuckerman@doj.ca.gov

Megan Hey, Deputy Attorney General
Office of the Attorney General
300 S. Spring St., Suit e1702
Los Angeles, CA 90013
Telephone: (213) 269-6344
email: megan.hey@doj.ca.gov

Rafael J. Hurtado, Deputy Attorney General
State of California Department of Justice
Office of the Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
(Defendant)
Telephone (619) 321-5780
email: rafael.hurtado@joj.ca.gov

Aida Poulsen, Esq.
Poulsen Law P.C.
282 11th Ave., Suite 2612
New York, NY 10001
(Intervenors-Defendants)
email: ap@poulsenlaw.org

I declare that I am employed in the offices of a member of this court, at whose direction service was made.

Executed on March 30, 2022, at Long Beach, California.

_____
Laureen Torres, Declarant

updated 02/07/22 nsv

**13**

**NOTICE OF MOTION AND MOTION FOR VACATUR OF ORDERS MADE BY THE HONORABLE KIMBERLY J. MUELLER DUE TO MANDATORY DISQUALIFICATION BASED ON UNWAIVABLE FINANCIAL CONFLICTS OF INTEREST AND RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF R. METZGER**