F:\WP\Cases\1887\CASEMGMT\Motion for Vacatur\Reply Memorandum.wpd

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
RAPHAEL METZGER, ESQ., SBN 116020
SCOTT P. BRUST, ESQ., SBN 215951
555 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA 90802
TELEPHONE: (562) 437-4499
TELECOPIER: (562) 436-1561
WEBSITE: www.toxictorts.com

Attorneys for Intervenor-Defendant,
COUNCIL FOR EDUCATION AND
RESEARCH ON TOXICS ("CERT")

UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CHAMBER OF COMMERCE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA.<br><br>　　　　Defendant.<br><br>COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS,<br><br>　　　　Intervenor-Defendant | Civil No. 2:19-cv-02019 DAD-JDP<br><br>*Reassigned to the Hon. Dale A. Drozd, Ctrm. 5*<br><br>**INTERVENOR-DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR VACATUR OF ORDERS ENTERED BY THE HONORABLE KIMBERLY J. MUELLER**<br><br>DATE:　　May 17, 2022<br>TIME:　　9:30 a.m.<br>CTRM:　　5 |

**INTERVENOR-DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR VACATUR OF ORDERS ENTERED BY THE HONORABLE KIMBERLY J. MUELLER**

# **MEMORANDUM OF POINTS AND AUTHORITIES**

CalChamber does not want this Court to vacate the preliminary injunction issued by Judge Mueller for the simple reason that it fears this Court would deny the motion upon rehearing. However, Judge Mueller had unwaivable financial conflicts of interest at the time she granted the injunction, so she was disqualified at the time and her rulings are void or voidable. CalChamber argues that Judge Mueller was not disqualified because she determined she was not. But that is the point: Judge Mueller could not make that determination, precisely because she was disqualified!

The evidence that CERT submitted is overwhelming that Judge Mueller had major unwaivable financial conflicts of interest due to her ownership of an almond ranch, although almonds are the subject of this case, as alleged in CalChamber's complaint. CERT also submitted evidence that Judge Mueller is affiliated with CalChamber because her husband has been president of the North Sacramento Chamber of Commerce, which shares the same address as her husband's business (which is also listed in public databases as Judge Mueller's own address). Rather than acknowledging that she had these conflicts of interest, Judge Mueller personally attacked CERT's counsel for seeking to disqualify her on these grounds, which she never disclosed to counsel. Judge Mueller's orders of March 30, 2021 granting CalChamber's motion for preliminary injunction and denying CERT's motion for summary judgment should therefore be vacated and this court should hear those motions anew. No prejudice can result to CalChamber from vacatur and rehearing.

CalChamber's argument that the motion is brought too late lacks merit. Indeed, motions to vacate rulings of disqualified judges can even be brought post-judgment. Here, CERT promptly filed its disqualification motion upon discovering the relevant facts. Judge Mueller recused herself on September 24, 2021 - a mere 6 months before CERT filed its motion for vacatur. CERT did not delay filing for vacatur. First, CERT could not file its motion until this case was transferred to this court, following the recusal of all judges in Sacramento. Second, CERT determined that jurisdiction was lacking and therefore first filed a motion to dismiss for lack of a case or controversy on November 1, 2021. Third, CERT anticipated that the Ninth Circuit would reverse the preliminary injunction because a motions panel granted CERT's emergency motion to stay the preliminary

**1**

**INTERVENOR-DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
VACATUR OF ORDERS ENTERED BY THE HONORABLE KIMBERLY J. MUELLER**

injunction, finding that CERT would likely prevail on its appeal of the preliminary injunction. Surprisingly, the merits panel disagreed with the motions panel and affirmed Judge Mueller's ruling. Only then did it become necessary for CERT to prepare its motion for vacatur and burden this court with ruling on such an unsavory motion. In any event, the time that passed from Judge Mueller's recusal until the filing of CERT's motion for vacatur has resulted in no prejudice to CalChamber because nothing has happened in this case since its transfer to this court.

The preliminary injunction enjoins the California Attorney General and all private enforcers from exercising their speech and petition rights to file public interest lawsuits regarding acrylamide in food and is therefore an unconstitutional prior restraint of First Amendment rights. The Ninth Circuit affirmed issuance of the preliminary injunction, finding that Judge Mueller did not abuse her discretion in granting the preliminary injunction. However, the Ninth Circuit was unaware of Judge Mueller's financial conflicts of interest and her recusal, because CERT's motion to recuse Judge Mueller post-dated the filing of its appeal of the preliminary injunction, which appeal was based on the record in this court at the time Judge Mueller issued the preliminary injunction.

For all these reasons, CERT requests the following: First, this court should rule on CERT's pending motion to dismiss for lack of a case or controversy (ECF No. 192), because that motion addresses the court's jurisdiction over this case and if the court grants that motion, the preliminary injunction will terminate, so this court would not need to rule on CERT's motion for vacatur. Second, if the court denies CERT's motion to dismiss for lack of a case or controversy, the court should determine that Judge Mueller did, in fact, have unwaivable conflicts of interest which disqualified her from ruling on any matters in this case and that her rulings of March 30, 2021 are void or voidable. Third, this court vacate those rulings and hear those matters anew.

DATED:  April 20, 2022          METZGER LAW GROUP
                                A Professional Law Corporation

                                    /s/ Raphael Metzger

                                _____
                                RAPHAEL METZGER, ESQ.
                                Attorneys for Intervenor-Defendant,
                                COUNCIL FOR EDUCATION AND
                                RESEARCH ON TOXICS ("CERT")

**2**

**INTERVENOR-DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
VACATUR OF ORDERS ENTERED BY THE HONORABLE KIMBERLY J. MUELLER**

# CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2022, I caused the foregoing document, described as **INTERVENOR-DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR VACATUR OF ORDERS ENTERED BY THE HONORABLE KIMBERLY J. MUELLER**, to be electronically filed with the Court's CM/ECF filing system, which will send a *Notice of Electronic Filing* to all parties of record who are registered with CM/ECF:

Trenton H. Norris, Esq.
S. Zachary Fayne, Esq.
David M. Barnes, Esq.
Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center, 10th Flr.
San Francisco, CA 94111-4024
(Plaintiff)
Telephone: (415) 471-3100
email:  trent.norris@arnolderporter.com

Laura J. Zuckerman, Deputy Attorney General
Office of the Attorney General
1515 Clay St., 20th Flr.
Oakland, CA 94612
(Defendant)
Telephone: (510) 879-0098
email: laura.zuckerman@doj.ca.gov

Megan Hey, Deputy Attorney General
Office of the Attorney General
300 S. Spring St., Suit e1702
Los Angeles, CA 90013
Telephone: (213) 269-6344
email: megan.hey@doj.ca.gov

Rafael J. Hurtado, Deputy Attorney General
State of California Department of Justice
Office of the Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
(Defendant)
Telephone (619) 321-5780
email: rafael.hurtado@joj.ca.gov

Aida Poulsen, Esq.
Poulsen Law P.C.
282 11th Ave., Suite 2612
New York, NY 10001
(Intervenors-Defendants)
email: ap@poulsenlaw.org

I declare that I am employed in the offices of a member of this court, at whose direction service was made.

Executed on April 20, 2022, at Long Beach, California.

/s/ Nina S. Vidal
_____
Nina S. Vidal, Declarant

updated 02/07/22 nsv

**INTERVENOR-DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR VACATUR OF ORDERS ENTERED BY THE HONORABLE KIMBERLY J. MUELLER**