Trenton H. Norris (CA Bar No. 164781)
David Barnes (CA Bar No. 318547)
**HOGAN LOVELLS US LLP**
4 Embarcadero Center, Suite 3500
San Francisco, California 94111
Telephone:   (415) 374-2300
Facsimile:   (415) 374-2499
trent.norris@hoganlovells.com
david.barnes@hoganlovells.com

*Attorneys for California Chamber of Commerce*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALFORNIA CHAMBER OF COMMERCE,<br><br>Plaintiff,<br><br>v.<br><br>ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>Defendant,<br><br>COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS,<br><br>Intervenor-Defendant. | Case No. 2:19-cv-02019-DJC-JDP<br><br>**PLAINTIFF CALIFORNIA CHAMBER OF COMMERCE'S OPPOSITION TO NOTICE OF RELATED CASES**<br><br>**Judge:**  Hon. Daniel J. Calabretta<br>**Action Filed:**  October 7, 2019<br>**SAC Filed:**  April 19, 2023 |
| B&G FOODS NORTH AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California,<br><br>Defendants. | Case No. 2:20-cv-00526-KJM-DB<br><br>**NON-PARTY CALIFORNIA CHAMBER OF COMMERCE'S OPPOSITION TO NOTICE OF RELATED CASES**<br><br>**Judge:**  Hon. Kimberly J. Mueller<br>**Action Filed:**  March 6, 2020<br>**SAC Filed:**  November 23, 2022 |

Plaintiff California Chamber of Commerce ("CalChamber") opposes the Notice of Related Cases (ECF No. 236) filed by non-parties Kim Embry ("Embry") and Environmental Health Advocates ("EHA") (collectively, the "*Embry* Defendants"). The *Embry* Defendants are parties in *B&G Foods North America, Inc. v. Embry and Environmental Health Advocates, Inc.*, Case No. 2:20-cv-00526 ("*B&G Foods v. Embry*"). The *Embry* Defendants seek to relate *B&G Foods v. Embry* and the above-captioned action (the "*CalChamber* Action").

CalChamber opposes the Notice of Related Cases for the same reasons discussed in non-party B&G Foods North America, Inc.'s ("B&G Foods") Opposition (ECF No. 237).[1] CalChamber incorporates by reference the arguments in B&G Foods' Opposition. In particular, CalChamber believes that the below arguments weigh strongly against relating these cases:

***Different parties, different claims, and different requested relief (L.R. 123(a)(1))*:** CalChamber filed the *CalChamber* Action against the Attorney General of the State of California in his official capacity. CalChamber contends that Proposition 65's warning requirement for dietary acrylamide violates the First Amendment's prohibition on compelled commercial speech that is not "purely factual and uncontroversial." ECF No. 230, ¶ 86. CalChamber seeks declaratory relief and prospective preliminary and permanent injunctive relief. *Id.*, Prayer for Relief. CalChamber does not seek monetary damages. *Id.*

B&G Foods filed *B&G Foods v. Embry* against two private citizen enforcers of Proposition 65. B&G Foods seeks "to remedy sham litigation" filed by the *Embry* Defendants (*B&G Foods v. Embry*, ECF No. 57 ¶ 1), on the basis that they "intentionally destroyed evidence, failed to properly investigate claims before they brought them, and made false statements in their certificates of merit under Prop 65" (ECF No. 237 at 1:14-17). Unlike CalChamber, B&G Foods seeks monetary damages in addition to declaratory and injunctive relief.

***Different Events (L.R. 123(a)(2))*:** CalChamber filed the *CalChamber* Action against the Attorney General, in his official capacity, because the Attorney General is obligated to defend the

---

[1] CalChamber is concurrently submitting a substantively identical Opposition to the Notice of Related Case filed by the *Embry* Defendants in *B&G Foods v. Embry*.

constitutionality of state statutes like Proposition 65.  B&G Foods filed *B&G Foods v. Embry* against the *Embry* Defendants on the basis of the alleged sham litigation tactics discussed above.

***Different questions of fact and law (L.R. 123(a)(3))*:**  The legal question presented in the *CalChamber* Action is whether compelled Proposition 65 cancer warnings for exposures to dietary acrylamide violate the First Amendment.  By contrast, *B&G Foods v. Embry* involves several unique issues of fact (e.g., did the *Embry* Defendants fail to properly investigate their claims?) and law (e.g., does the *Embry* Defendants' alleged conduct, if true, constitute "sham litigation" under the *Noerr-Pennington* doctrine?).  Resolving these issues will require discovery.  This Court has already found that the *Noerr-Pennington* doctrine is not relevant in resolving the *CalChamber* Action (ECF No. 114 at 16:18-20) (denying motion for summary judgment on *Noerr-Pennington* grounds and distinguishing the *CalChamber* Action from *Embry v. B&G Foods*: "Here, by contrast, the Chamber is not litigating concurrently against CERT in state court, did not sue CERT or CERT's attorneys, and did not even name CERT in its complaint.").

***No substantial duplication of judicial resources (L.R. 123(a)(4))*:**  As discussed above, *B&G Foods v. Embry* involves different questions of fact and law pertaining to the *Noerr-Pennington* doctrine.  Resolving these questions will require unique discovery.  These issues are not relevant in the *CalChamber* Action.

***Timeliness:***  Both the *CalChamber* Action (Oct, 7, 2019) and *Embry v. B&G Foods* (Mar. 6, 2020) were filed more than three years ago.  The *Embry* Defendants waited more than three years to file the present Notice of Related Cases.  Tellingly, they did not do so until the *Embry v. B&G Foods* Court found that the case should advance beyond the pleadings stage.  This delay is inconsistent with the Local Rules.  L.R. 123(b) ("Counsel who has reason to believe that an action on file or about to be filed may be related to another action on file (whether or not dismissed or otherwise terminated) *shall promptly file* in each action and serve on all parties in each action a Notice of Related Cases.") (emphasis added).

Dated: July 6, 2023

Respectfully submitted,

HOGAN LOVELS US LLP

By: */s/ Trenton H. Norris*
Trenton H. Norris
David M. Barnes

*Attorneys for*
*California Chamber of Commerce*