**UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA CHAMBER OF COMMERCE,<br><br>    Plaintiff,<br><br>        v.<br><br>ROB BONTA,<br><br>    Defendant. | Case No.:  2:19-cv-2019 DJC JDP<br><br>**ORDER DENYING DEFENDANT-INTERVENOR'S MOTION TO DISMISS** |

   Defendant-Intervenor CERT has moved this Court to dismiss this matter for lack of subject matter jurisdiction.  (ECF No. 192.)  Having reviewed the Parties' briefings and evidence, the Court hereby DENIES this motion.

   CERT argues there is no "honest and antagonistic assertion of rights" as required to satisfy the case or controversy requirement of Article III because Defendant's interests are aligned with Plaintiff's.  While CERT may disagree with how Defendant has defended and enforced Proposition 65 ("Prop. 65"), they cannot in all seriousness contend that Defendant is colluding with Plaintiff to undermine Prop. 65.  First, former Attorney Generals Harris and Becerra filed several important, health-protective Prop. 65 lawsuits during their tenures, and Attorney General Bonta has

continued to take enforcement actions concerning acrylamide. Further, the regulation enacted by OEHHA in the wake of the *CERT v. Starbucks* decision concerning acrylamides in coffee, which CERT alleges demonstrates Defendant's "instrumental" part in undermining the results of that trial, was due to OEHHA's stated recognition of a scientific conclusion that coffee does not post a cancer risk, not collusion.

Second, Defendant has taken clear steps to defend Prop. 65 in this litigation thus far by filing two motions to dismiss and opposing Plaintiff's motion for a preliminary injunction, and has stated his intention to oppose Plaintiff's forthcoming motion for summary judgment including by pursuing expert discovery. CERT's critiques of Defendant's litigation strategy fall within the realm of prosecutorial discretion, and do not evidence Defendant's abdication of his duty to defend Prop. 65. Thus, the Court holds that there is an "honest and antagonistic assertion of rights" in this litigation.

CERT also alleges that neither Plaintiff nor Defendant are the real parties in interest, arguing Plaintiff sues only in a representational capacity and has suffered no injury itself, while Defendant has disavowed enforcement of Prop. 65 with regard to acrylamide in food. This matter, however, presents none of the prudential concerns at the root of the real party in interest rule. *See Pacific Coast Agricultural Export Assoc. v. Sunkist Growers, Inc.*, 526 F.2d 1196, 1208 (9th Cir. 1975). Most importantly, it is clear that Plaintiff's members are real parties in interest. (See Decl. Trenton H. Norris (ECF No. 26-2) ¶ 10; CERT's First Mot. Dismiss (ECF No. 8) at 12 (acknowledging that "CalChamber has standing to bring this case on behalf of its members" and that at least some Cal Chamber members are "real parties in interest in this case"); CERT's Second Mot. Dismiss (ECF No. 192) at 22 ("[T]here can be no doubt that CalChamber's members have commonly and notoriously sold a vast array of acrylamide containing products in the State of California without Proposition 65 warnings.").) Plaintiff is a bona fide representative of its members which has filed suit to protect their financial interests, and the equitable relief Plaintiff seeks will redound

to all its members impacted by Prop. 65 labeling requirements for acrylamide in food, making it unlikely that Plaintiff's members will sue subsequently. As such, this suit will prevent a multiplicity of suits being filed against Defendant in future, serving prudential concerns, and weighing against dismissal.

Defendant, on the other hand, is the principal enforcer of Prop. 65, making him the proper defendant in a suit for prospective injunctive relief. *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943–44 (9th Cir. 2013). This Court has previously held Defendant poses a credible threat of prosecution, and declines to revisit that finding now. Further, an official-capacity suit against a state officer is essentially a suit against the state itself, and a state clearly has an interest in defending its own laws. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991). Thus, Defendant is properly defending the state's interests in enforcing Prop. 65 and is a real party in interest.

Finally, CERT argues that any case or controversy, if it previously existed, is now moot because the State has amended the labelling requirements for acrylamide in food such that acrylamide is now identified as a "probable" rather than "known" human carcinogen. *See* 27 Cal. Code Regs. § 25607.2(b). However, as Plaintiff's Second Amended Complaint and the Parties recent Joint Status Report make clear, there is still hearty disagreement over whether the updated warning is purely factual and uncontroversial. Thus, this case is not moot.

For these reasons, the Court finds that it has subject matter jurisdiction over this matter and DENIES CERT's Motion to Dismiss.

Dated:  August 15, 2023             /s/ Daniel J. Calabretta
                                    THE HONORABLE DANIEL J. CALABRETTA
                                    UNITED STATES DISTRICT JUDGE