# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CHAMBER OF COMMERCE,<br><br>    Plaintiff,<br><br>    v.<br><br>ROB BONTA,<br><br>    Defendant. | Case No.:  2:19-cv-2019 DJC JDP<br><br>**ORDER DENYING DEFENDANT-INTERVENOR'S MOTION TO VACATE** |

Defendant-Intervenor CERT has moved this Court to vacate two orders previously issued by Judge Mueller (1) denying CERT's motion for summary judgment and (2) granting Plaintiff California Chamber of Commerce's motion for a preliminary injunction.  (ECF No. 205.)  As a basis for this motion, CERT cites Judge Mueller's alleged financial conflicts of interest at the time she issued the orders and her subsequent recusal from this matter pursuant to 28 U.S.C. section 455(b).

District courts may, at any time prior to entry of final judgment, vacate interlocutory orders when it is consonant with equity to do so, balancing the hardships of the parties and the public interests at stake.  *Am. Games v. Trade Prods.*, 142 F.3d 1164, 1166 (9th Cir. 1998).  However, vacatur of an order is an extraordinary remedy,

*id.* at 1169, and CERT has failed to provide any equitable reason for vacatur here.

Judge Mueller was and remains best positioned to evaluate CERT's allegations in their motion for her disqualification and the accompanying evidence. After reviewing CERT's disqualification motion, Judge Mueller explained in her recusal order that she did not believe "CERT's motion to recuse provide[s] a legitimate reason for [her] recusal," (ECF No. 174 at 6,) concluding that she did not have a financial interest in the outcome of the case and that a reasonable person would not perceive a significant risk that she would resolve the case on a basis other than its merits. Nevertheless, Judge Mueller recused herself because CERT's "uncommonly aggressive, scorched earth efforts" and invasion "of [her] personal life and that of [her] husband," (*id.* at 2, 4,) caused her to question whether she could continue to act fairly and impartially moving forward. As Judge Mueller's decision to recuse herself was based on CERT's Motion to Disqualify, any potential bias would have arisen *after* Judge Mueller issued the decisions CERT is seeking to vacate. Moreover, the Ninth Circuit has already affirmed the propriety of the preliminary injunction, which has now been in place for almost two and a half years.

Thus, the Court finds that the balance of equities weighs in favor of upholding these orders, and hereby DENIES CERT's Motion to Vacate.

Dated: August 15, 2023

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE