**HOGAN LOVELLS US LLP**
Trenton H. Norris (CA Bar No. 164781)
David M. Barnes (CA Bar No. 318547)
Alexander Tablan (CA Bar No. 346309)
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499
trent.norris@hoganlovells.com
david.barnes@hoganlovells.com
alexander.tablan@hoganlovells.com

Attorneys for Plaintiff
CALIFORNIA CHAMBER OF COMMERCE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CHAMBER OF COMMERCE,<br><br>Plaintiff,<br><br>v.<br><br>ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>Defendant;<br><br>and<br><br>COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS,<br><br>Defendant-Intervenor. | Case No. 2:19-cv-02019−DJC−JDP<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:       Hon. Daniel J. Calabretta<br>Hearing:   January 23, 2025<br>Time/Room: 1:30 pm in Courtroom 10<br>Action Filed: October 7, 2019 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, January 23, 2025, at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 10 of the above-titled Court, located in the United States Courthouse at 501 I Street, Sacramento, California 95814, before the Honorable Daniel J. Calabretta, Plaintiff California Chamber of Commerce ("CalChamber") will and hereby does move for summary judgment in Plaintiff's favor (the "Motion"); to declare that the Proposition 65 cancer warning requirement for acrylamide in food and beverage products violates the First Amendment; and to convert the Court's preliminary injunction to a permanent injunction, enjoining Defendant and his officers, employees, or agents, and all those in privity with those entities or individuals, from enforcing or threatening to enforce the warning requirement in Proposition 65 with regard to acrylamide, including the requirement that any "person in the course of doing business" provide a "clear and reasonable warning" before "expos[ing] any individual to" acrylamide. Cal Health & Safety Code § 25249.6.

This Motion is made on the grounds stated in the Memorandum of Points and Authorities filed herewith.  Proposition 65's warning requirement coerces Plaintiff's members to provide a cancer "warning" with which it vehemently disagrees and that ignores the robust debate on whether dietary acrylamide poses a risk of cancer in humans. As explained in detail in Plaintiff's Memorandum, the warning requirement violates the First Amendment to the United States Constitution's protections against compelled speech.

In support of this Motion, Plaintiff relies on the accompanying Memorandum of Points and Authorities; the Separate Statement of Undisputed Material Facts; the Joint Statement of Undisputed Material Facts; the Declarations of Dr. Stephen Nowlis, Dr. Andrew Maier, Dr. Loren Lipworth, and Trenton H. Norris, and the Exhibits attached thereto; such oral argument that may be properly presented at or before the time of the hearing; and upon any other matter the Court deems proper.

//

2
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT;
CASE NO. 2:19-CV-02019−DJC−JDP

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, January 23, 2025, at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 10 of the above-titled Court, located in the United States Courthouse at 501 I Street, Sacramento, California 95814, before the Honorable Daniel J. Calabretta, Plaintiff California Chamber of Commerce ("CalChamber") will and hereby does move for summary judgment in Plaintiff's favor (the "Motion"); to declare that the Proposition 65 cancer warning requirement for acrylamide in food and beverage products violates the First Amendment; and to convert the Court's preliminary injunction to a permanent injunction, enjoining Defendant and his officers, employees, or agents, and all those in privity with those entities or individuals, from enforcing or threatening to enforce the warning requirement in Proposition 65 with regard to acrylamide, including the requirement that any "person in the course of doing business" provide a "clear and reasonable warning" before "expos[ing] any individual to" acrylamide. Cal Health & Safety Code § 25249.6.

This Motion is made on the grounds stated in the Memorandum of Points and Authorities filed herewith.  Proposition 65's warning requirement coerces Plaintiff's members to provide a cancer "warning" with which it vehemently disagrees and that ignores the robust debate on whether dietary acrylamide poses a risk of cancer in humans. As explained in detail in Plaintiff's Memorandum, the warning requirement violates the First Amendment to the United States Constitution's protections against compelled speech.

In support of this Motion, Plaintiff relies on the accompanying Memorandum of Points and Authorities; the Separate Statement of Undisputed Material Facts; the Joint Statement of Undisputed Material Facts; the Declarations of Dr. Stephen Nowlis, Dr. Andrew Maier, Dr. Loren Lipworth, and Trenton H. Norris, and the Exhibits attached thereto; such oral argument that may be properly presented at or before the time of the hearing; and upon any other matter the Court deems proper.

//

**CERTIFICATION**

Pursuant to the Court's Civil Standing Order and Scheduling Order (ECF No. 246), counsel for CalChamber hereby certifies that, on Wednesday, October 9, 2024 at 4:30 p.m., counsel for CalChamber and Defendant Rob Bonta, in his official capacity as Attorney General of the State of California (the "AG") met and conferred to discuss the issues raised in the Motion and the relevant, material facts on which the parties could agree. CalChamber invited counsel for Defendant-Intervenor Council for Education and Research on Toxics ("CERT") to join, explaining the meet-and-confer requirement and sharing a Zoom link where the parties would meet and confer. Counsel for CERT did not join.

In this meet and confer, CalChamber explained its position with respect to the constitutional requirements for government-compelled commercial speech under *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626 (1985), and the application thereof to the science and message underlying California's Proposition 65 cancer warning requirement for dietary acrylamide. CalChamber and the AG fundamentally disagreed about these issues. Further, two weeks earlier, CalChamber had shared with counsel for both parties its proposed set of undisputed material facts. CalChamber's proposal identified more than 100 material and relevant facts. The AG proposed edits to fewer than ten. CalChamber and the AG ultimately agreed to stipulate to six facts, which CERT subsequently agreed to, which are contained in the Joint Statement.

Dated:  October 15, 2024                    Respectfully submitted,

By: */s/ Trenton H. Norris*
Trenton H. Norris (CA Bar No. 164781)
HOGAN LOVELLS US LLP
Four Embarcadero Center, 35th Floor
San Francisco, CA 94111
Tel:  (415) 374-2300
trent.norris@hoganlovells.com

*Attorneys for Plaintiff*
*California Chamber of Commerce*