ROB BONTA
Attorney General of California
LAURA J. ZUCKERMAN
Supervising Deputy Attorney General
MEGAN K. HEY, State Bar No. 232345
RAFAEL J. HURTADO, State Bar No. 292694
ELIZABETH SONG, State Bar No. 326616
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA 920013-1230
  Telephone: (213) 269-6221
  Fax: (916) 732-7920
  E-mail: Megan.Hey@doj.ca.gov
*Attorneys for Rob Bonta, in his official capacity as Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA CHAMBER OF COMMERCE,**<br><br>                Plaintiff,<br><br>v.<br><br>**ROB BONTA, in his Official Capacity as Attorney General of the State of California,**<br><br>                Defendant,<br><br>and<br><br>**COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS,**<br><br>                Defendant-Intervenor. | 2:19-cv-02019-DJC-JDP<br><br>**DEFENDANT ROB BONTA'S OBJECTIONS TO THE CALIFORNIA CHAMBER OF COMMERCE'S BILL OF COSTS**<br><br>Judge:      Hon. Daniel J. Calabretta<br>Courtroom:  7, 14th Floor<br>Trial Date:  None Set<br>Action Filed:  October 7, 2019 |

1  Pursuant to Rule 292 of the Local Rules of the United States District Court,
2  Eastern District of California, and Rule 54 of the Federal Rules of Civil Procedure,
3  Defendant Rob Bonta, Attorney General of the State of California (Attorney General)
4  submits the following objections to Plaintiff California Chamber of Commerce's
5  (CalChamber) Bill of Costs. Specifically, the Attorney General objects to approximately
6  $2,166.07 of CalChamber's printing costs.

## LEGAL BACKGROUND

8  Pursuant to Title 42 of the United States Code, section 1920, taxable costs
9  include printing fees as well as fees for making copies necessarily obtained for use in the
10 case. The prevailing party has the burden to establish entitlement to the costs sought.
11 *Eng. v. Colo. Dept. of Corrs.*, 248 F.3d 1002, 1013 (10th Cir. 2001). To do so, the
12 prevailing party must provide sufficient documentation to justify the expenditures. *Id.*
13 Documentation is insufficient when it lacks sufficient detail regarding the nature of the
14 costs, their necessity, and their purpose. *Id.*; *see also Fabi. Const. Co., Inc. v. Sec'y of
15 Lab.*, 541 F.3d 407, 414 (D.C. Cir. 2008) (finding list of costs and expenses inadequately
16 detailed); *Berryman v. Hofbauer*, 161 FRD 341, 344, n. 2 (E.D. MI 1995) (conclusory
17 statement that each item on the cost bill is correct and needed to be incurred was
18 insufficient to prove necessity and reasonableness of costs). Additionally, the costs of
19 printing appellate briefs may be taxed by the appellate court, but not a district court. *See*
20 Fed. R. App. P. 39; *Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, 38 F.3d
21 1429, 1440 (7th Cir. 1994).
22 A district court has discretion to deny an award of costs to a prevailing party when
23 "it would be inappropriate or inequitable to award costs." *Ass'n of Mexican-American
24 Educators v. State of Cal.*, 231 F.3d. 572, 593 (9th Cir. 2000).

## OBJECTIONS

26 The Attorney General objects to the costs listed on pages 4 through 15 of 56 of
27 CalChamber's Costs Index that total approximately $1,275.49, each of which item states
28 that no invoice is available and is described solely as "PRINT job," on the ground that

2

1  CalChamber provided insufficient documentation to establish its entitlement to these
2  costs. Indeed, CalChamber provided no descriptions of these items that specified the
3  nature of the documents, their necessity, or their purpose.
4        The Attorney General objects to the cost of $150.58 for "VENDOR: Norris Trenton
5  H INVOICE#: 4174752906081659 DATE: 6/5/2020 06/04/20; Document Reproduction;
6  Copies and binder materials to prepare for 6/5 hearing," Exhibit 13 to CalChamber's
7  Costs Index, on the ground that CalChamber has provided insufficient documentation to
8  demonstrate that this charge was reasonable (there is no information stating the per
9  page charge) or necessary for the case.
10       The Attorney General further objects to the cost of $421.00 for "VENDOR: Cockle
11 Printing Company INVOICE#: 51364 DATE: 3/15/2023 Client Charges, Charge for
12 printing 50 copies of brief in opposition, and serving, William Perdue, 03/15/23," Exhibit
13 15 to CalChamber's Costs Index, on the ground that CalChamber provided insufficient
14 documentation. The documentation does not adequately specify what the printing was
15 for or why printing was necessary when the parties were served through the court's ECF
16 system. To the extent that the cost is for printing an appellate brief, the cost may only be
17 taxed by the appellate court, not the district court. *See* Fed. R. App. P. 39(c) and (e).
18 Additionally, the Attorney General requests that the Court exercise its discretion to deny
19 this cost on the ground that it was Defendant-Intervenor Council for Education and
20 Research on Toxics that appealed the Court's preliminary injunction order, not the
21 Attorney General.
22       The Attorney General further objects to the cost of $315.00 for "VENDOR: Perdue,
23 William INVOICE#: 5786827703201700 DATE: 3/17/2023 03/15/23; Document
24 Reproduction; Downpayment for printing and serving our brief in opposition," Exhibit 14
25 to CalChamber's Costs Index, on the ground that CalChamber provided insufficient
26 documentation. The documentation does not adequately specify what the printing was
27 for or why printing was necessary when the parties were served through the court's ECF
28 system. Additionally, to the extent that the printing was related to CalChamber's

opposition to the Notice of Related Case filed by non-parties Kim Embry and Environmental Health Advocates regarding *B&G Foods North America, Inc. v. Embry and Environmental Health Advocates, Inc.*, Case No. 2:20-cv-00526 (*see* ECF Nos. 236 and 238), the Attorney General requests that the Court exercise its discretion to deny this cost on the ground that the Attorney General did not file the Notice of Related Case and did not cause CalChamber to file an opposition.

Finally, the Attorney General objects to the cost of $4.00 for "VENDOR: Barnes, David INVOICE#: 4599206606141712 DATE: 6/9/2021 06/09/21; Court Costs; Copy of court documents," Exhibit 16 to CalChamber's Costs Index, on the ground that CalChamber provided insufficient documentation. The documentation does not adequately specify either the nature of the copies or why they were necessary in this case.

Dated:  May 22, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
LAURA J. ZUCKERMAN
Supervising Deputy Attorney General

*/s/ Megan K. Hey*

MEGAN K. HEY
RAFAEL J. HURTADO
ELIZABETH SONG
Deputy Attorneys General
*Attorneys for Rob Bonta, in his Official Capacity as Attorney General of the State of California*

SD2019300528
67660520.docx

4

## CERTIFICATE OF SERVICE

Case Name:  **California Chamber of Commerce v. Rob Bonta, Attorney General of the State of California**

Case No.:  **2:19-CV-02019-DJC-JDP**

I hereby certify that on May 22, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### DEFENDANT ROB BONTA'S OBJECTIONS TO THE CALIFORNIA CHAMBER OF COMMERCE'S BILL OF COSTS

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on May 22, 2025, at Los Angeles, California.

| Beatriz Davalos | /s/ Beatriz Davalos |
|---|---|
| Declarant | Signature |

SD2019300528
64570365.docx