UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CHAMBER OF COMMERCE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ROB BONTA, in his Official Capacity as Attorney General of the State of California,<br><br>　　　　　Defendant,<br><br>　　And<br><br>COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS,<br><br>　　　　　Defendant-Intervenor. | No. 2:19-cv-02019-DJC-JDP<br><br>**ORDER** |

　　　　Plaintiff California Chamber of Commerce ("CalChamber") filed this action on October 7, 2019. (ECF No. 1.) The Court granted summary judgment in CalChamber's favor on May 2, 2025, and Judgment was entered on May 12, 2025. (ECF Nos. 301, 303.)

　　　　CalChamber filed a Bill of Costs on May 15, 2025, seeking costs totaling $19,846.72. (Bill of Costs (ECF No. 305).) Defendant Attorney General Rob Bonta ("Attorney General") filed Objections on May 22, 2025, asking that the Court deny $2,166.07 of CalChamber's requested printing costs. (Opp'n (ECF No. 307).)

1     As discussed below, the Court will GRANT in part and DENY in part
2 CalChamber's request.

3 **LEGAL STANDARD**

4     Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal
5 statute, these rules, or a court order provides otherwise, costs—other than attorney's
6 fees—should be allowed to the prevailing party."  "By its terms, the rule creates a
7 presumption in favor of awarding costs to a prevailing party, but vests in the district
8 court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v.*
9 *California*, 231 F.3d 572, 591 (9th Cir. 2000).  Given this presumption, "it is incumbent
10 upon the losing party to demonstrate why the costs should not be awarded." *Stanley*
11 *v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).  A district
12 court need not give affirmative reasons for awarding costs.  *Save Our Valley v. Sound*
13 *Transit*, 335 F.3d 932, 945 (9th Cir. 2003).  However, if a court declines to award costs,
14 it must explain "why, in the circumstances, it would be inappropriate or inequitable to
15 [do so]." *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593.

16 **DISCUSSION**

17     Pursuant to 28 U.S.C. § 1920, taxable costs include printing fees as well as fees
18 for making copies necessarily obtained for use in the case.  Here, the Attorney
19 General objects to several printing costs incurred by CalChamber, which the Court will
20 address in turn below.

21     *First*, the Attorney General objects to costs listed on pages 4 through 15 of the
22 Bill of Costs totaling approximately $1,275.49, each of which lacks an invoice and is
23 described solely as "PRINT job," on the ground that CalChamber has provided no
24 documentation establishing "the nature of the documents, their necessity, or their
25 purpose."  (Opp'n at 2–3.)

26     The Court has reviewed these records, and finds that the print jobs reflect
27 dates, users, and page counts that sufficiently demonstrate the costs were not
28 excessive and were likely incurred in the ordinary course of litigation.  Thus, the Court

overrules this objection.

*Second*, the Attorney General objects to the cost of $150.58 for "VENDOR: Norris Trenton H INVOICE#: 4174752906081659 DATE: 6/5/2020 06/04/20; Document Reproduction; Copies and binder materials to prepare for 6/5 hearing" on the ground that CalChamber has provided insufficient documentation to demonstrate that this charge was reasonable or necessary for the case.  (Opp'n at 3.)

The information provided is sufficient to conclude the cost was reasonably incurred in preparation for the June 5, 2020, hearing before this Court.  (*See* ECF No. 80 (hearing minutes).)  Thus, the Court will overrule this objection.

*Third*, the Attorney General objects to the cost of $421.00 for "VENDOR: Cockle Printing Company INVOICE#: 51364 DATE: 3/15/2023 Client Charges, Charge for printing 50 copies of brief in opposition, and serving, William Perdue, 03/15/23" on the ground that the cost was for printing an appellate brief, which is a cost properly taxed by the appellate court, not the district court.  (Opp'n at 3.)

The Court agrees.  The invoice for this charge notes that $421.00 was billed on March 15, 2023, for 50 copies of CalChamber's brief in opposition for "COUNCIL FOR EDU AND RESEARCH ON TOXICS v CALIF CHAMBER OF COMMERCE," which is the case caption for the appeal taken in this matter on April 21, 2021.  (*See* Bill of Costs, Ex. 15 (ECF No. 305); *see also* ECF No. 119 (notice of appeal filed by Intervenor Defendant Council for Education and Research on Toxics).)  Appellate printing costs are generally not taxable by district courts; rather, they are recoverable in appellate proceedings under Federal Rule of Appellate Procedure 39(c) and (e).  Thus, the Court sustains this objection and reduces the award by $421.00.

*Fourth*, The Attorney General objects to the cost of $315.00 for "VENDOR: Perdue, William INVOICE#: 5786827703201700 DATE: 3/17/2023 03/15/23; Document Reproduction; Down payment for printing and serving our brief in opposition" on the ground that CalChamber provided insufficient documentation specifying what the printing was for or why it was necessary.  (Opp'n at 3).

This cost appears to be the down payment for printing the appellate briefs discussed above. (*See* Bill of Costs, Ex. 14 (ECF No. 305) (down payment of $315.00 on March 15, 2023, to Cockle Legal Briefs); *id.*, Ex. 15 (invoice from Cockle Legal Briefs on March 15, 2023, for $736.00 less $315.00 down payment for 50 copies of brief in opposition in "COUNCIL FOR EDU AND RESEARCH ON TOXICS v CALIF CHAMBER OF COMMERCE"). As this cost is properly taxed by the appellate, not district, court, the Court sustains this objection and reduces the award by $315.00.

*Finally*, the Attorney General objects to the cost of $4.00 for "VENDOR: Barnes, David INVOICE#: 4599206606141712 DATE: 6/9/2021 06/09/21; Court Costs; Copy of court documents" on the ground that CalChamber provided insufficient documentation specifying either the nature of the copies or why they were necessary in this case. (Opp'n at 4.) This charge is minimal and appears reasonably related to obtaining court documents concerning the Notice of Related Cases filed by non-parties Kim Embry and Environmental Health Advocates on June 30, 2023, regarding *B&G Foods North America, Inc. v. Embry and Environmental Health Advocates, Inc.*, Case No. 2:20-cv-00526. (*See* ECF No. 236 (Notice of Related Cases); *see also* Bill of Costs, Ex. 16 (ECF No. 305) (bill for $4.00 for court documents in *Embry v. B&G Food North America, Inc.*).) Therefore, this objection is overruled.

## CONCLUSION

Accordingly, IT IS HEREBY ordered that Plaintiff California Chamber of Commerce's request for $19,846.72 in costs (ECF No. 305) is GRANTED IN PART and DENIED IN PART. The Court SUSTAINS the Attorney General's objections to $736.00 in printing costs likely related to appellate filings, and AWARDS Plaintiff $19,110.72 in costs.

Dated:  July 28, 2025

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE