UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CHAMBER OF COMMERCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROB BONTA, in his Official Capacity as Attorney General of the State of California,<br><br>　　　　　Defendant;<br><br>　　And<br><br>COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS,<br><br>　　　　　Defendant-Intervenor. | Case No.  2:19-cv-2019-DJC-JDP<br><br>ORDER |

　　　This case was previously before the court for hearing on plaintiff's motion to exclude intervening-defendant Council for Education and Research Toxics's ("CERT") expert testimony and monetary sanctions pursuant to Federal Rule of Civil Procedure 37(c).  ECF Nos. 259 & 260. At the hearing, the court granted plaintiff's motion to exclude CERT's experts but deferred ruling on the request for monetary sanctions.  ECF No. 261.  The court now denies that request.

## I. Background

Under the court's scheduling order, the parties had to make initial expert disclosures by December 15, 2023. ECF Nos. 246, 250. On that date, CERT served expert disclosures, including reports from seven experts. ECF No. 259-2. Plaintiff moved to exclude testimony from these experts, arguing that their reports failed to comply with Rule 26(a)(2)(b)'s requirements.[1] ECF Nos. 259 & 260. Plaintiff also sought an order requiring CERT to reimburse the reasonable expenses plaintiff incurred in bringing its motion to exclude. ECF No. 259 at 11-14.

At the hearing on plaintiff's motion, the court observed that each of the reports included outdated and incomplete information, and that the reports were all prepared by experts whom CERT had retained in other, prior cases. Consequently, the court found that CERT's disclosures did not comply Rule 26(a)(2)(b)'s requirements and granted plaintiff's motion to exclude testimony from these experts. ECF No. 261; *see Eno v. Forest River Inc.*, No. 2:20-CV-706-DWC, 2021 WL 6428636, *3-4 (W.D. Wash. July 1, 2021) (granting motion to exclude where the expert's report was prepared for a separate, unrelated lawsuit); *Hardin v. Wal-Mart Stores, Inc.*, No. 1:08-cv-00617 AWI GSA, 2010 WL 3341897, at *6 (E.D. Cal. Aug. 25, 2010) ("The plain language of Rule 26(a)(2)(B) includes the following: "a written report—prepared and signed by the witness . . . to provide expert testimony *in the case* . . . .' The rule does not state "in a case" or "in any case."). The court, however, deferred ruling on plaintiff's request for reimbursement of its attorney's fees.

---

[1] That rule requires a party's disclosure of an expert to be accompanied by a written report containing: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

2

## II. Discussion

Rule 37(c)(1) provides a sanction for failure to make a disclosure required under Rule 26(a)—"the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This exclusion sanction, which the Federal Rules advisory committee describes as "self-executing" and "automatic," is designed to provide a strong inducement to make required disclosures of expert evidence and fact evidence. *Yeti by Molly Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). In addition to, or instead of, the "automatic" exclusion sanction, the court may award attorney fees and reasonable expenses, inform the jury of the party's untimely disclosure, or fashion other appropriate sanctions, including the evidentiary sanctions listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(c)(1)(A)-(C).

Plaintiff asks that the court order CERT to pay it $64,653.60 for the attorney fees it incurred as a result of CERT's improper disclosures. ECF No. 259 at 11-14; ECF No. 259-7 at 2. The court declines to impose an additional sanction.

As an initial matter, plaintiff has failed to demonstrate that the amount sought is reasonable. In determining an appropriate attorney fee award, courts use the lodestar method. *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003). Under this method, "a district court must start by determining how many hours were reasonably expended . . . , and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Plaintiff provides a one-page billing summary showing that from December 15, 2023, through February 15, 2024, three attorneys performed work related to this dispute. ECF No. 259-7. Specifically, it shows that Alex Tablan, a junior associate, performed 64.9 hours of work; David Barnes, a senior associate, worked 8.4 hours; and Trenton Norris, a partner, worked 19 hours. *Id.* Plaintiff, however, did not submit counsel's actual billing records; instead, it proffered only a summary of the tasks that these attorneys performed over a two-month period, listing the total time spent on these tasks. As plaintiff does not specify how much time was spent on each task, the court is

unable to ascertain whether the number of hours expended was reasonable.

Moreover, plaintiff makes no attempt to show that the hourly rate sought for each attorney is consistent with the prevailing rate for this district. Plaintiff's request for fees is based on hourly rates of $513 for Mr. Tablan, $792 for Mr. Barnes, and $1,300 for Mr. Norris. The requested rates exceed those typically charged in this district. *See Pompeian, Inc. v. Mill at King River, LLC*, No. 1:24-cv-0766-JDT-EPG, 2025 WL 2467612, at *5 (E.D. Cal. Aug. 27, 2025) ("[O]ther courts in this district have found that hourly rates for attorney fees awarded in the Eastern District of California range from $200 to $750, with hourly rates exceeding $600 reserved for attorneys who have been practicing approximately 30 years.").

More fundamentally, the court finds that, given the case's posture, plaintiff's fee request is more appropriately addressed in a motion for an award of attorney's fees under Local Rule 293. After succeeding on its motion to exclude CERT's experts, plaintiff ultimately prevailed at summary judgment. ECF No. 303. And more recently, the court approved the parties' stipulation to vacate the deadline for plaintiff to file its motion for attorney's fees pending completion of mediation before the Ninth Circuit. ECF No. 318. If mediation proves unsuccessful, plaintiff may file a motion for attorney's fees seeking compensation for the time spent litigating its motion to exclude CERT's experts.

Accordingly, it is hereby ORDERED that plaintiff's request for sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1)(A), ECF No. 259 at 11-14, is DENIED.

IT IS SO ORDERED.

Dated:    October 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4